UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VIRAL BHAGAT,

                Plaintiff,        Case No.

       –against–

ANUJA SHARAD SHAH a/k/a ANU SHAH,

                Defendant.
-----------------------------------------------------------x

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446, Defendant Anuja Sharad Shah hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, Defendant states as follows, pursuant to 28 U.S.C. §1446 and Rule 11:

1. On February 23, 2024, Plaintiff Viral Bhagat commenced an action in the Supreme Court of the State of New York, County of New York, by filing in that Court a summons and a 21-page verified complaint against Defendant Anuja Sharad Shah. A true and complete copy thereof is attached hereto as Exhibit A. That summons and verified complaint constitute all process, pleadings and orders in the action of which Defendant is aware.

2. Defendant has not been served with a copy of the summons and verified complaint, and thus this case is removable pursuant to the so-called "snap removal" procedure, as established in *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

3. Pursuant to 28 U.S.C. § 1446(b) and *Gibbons, supra*, this Notice of Removal is timely filed within 30 days after the commencement of this action, and prior to the service upon Defendant of a copy of the summons and verified complaint.

4. No Notice of Removal has been previously filed in this action with this or any U.S. District Court.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6. In the complaint, Plaintiff asserts that he is a citizen of the State of California, and that Defendant is a citizen of the State of New York (Exh. A, ¶¶ 2 and 3). There are no other parties. Plaintiff demands damages in excess of $3.5 million, and asserts seven causes of action against defendant under various provisions of New York common law, including fraud, tortious interference, infliction of emotional distress, and prima facie tort.

7. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and removal is proper and authorized by law.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to Plaintiff of removal of this action, and will promptly file a copy of this Notice of Removal with the New York County Clerk in the Supreme Court of the State of New York.

9. The Southern District of New York is the District and Division within which this action has been brought, namely New York County, and thus this Court is the proper District Court to which this case should be removed, pursuant to 28 U.S.C. §§ 1441(a) & 1446(a).

10. Based upon the foregoing, this Court has original jurisdiction over this action, and it is properly removable to this Court. Defendant does not waive, and specifically reserves, all defenses, objections, denials, exceptions, rights, and motions available. No statement or omission herein shall be deemed to constitute an admission by Defendant of any of the allegations of, or damages demanded in, Plaintiff's complaint.

WHEREFORE, Defendant hereby removes this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
February 25, 2024

*Richard A. Altman*

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Defendant
150 East 56th Street, Suite 12B
New York, New York 10022
212.633.0123
altmanlaw@earthlink.net