USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
VIRAL BHAGAT,

                              Plaintiff,

                    -against-

ANUJA SHARAD SHAH a/k/a ANU SHAH,

                             Defendant.
------------------------------------------------------------X

24-CV-01424 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on October 17, 2024, the parties raised a discovery dispute with the Court regarding Defendant's failure to comply with discovery requests, *see* Order, Dkt. 26;

      WHEREAS on October 21, 2024, Defense counsel filed a motion seeking leave to withdraw as counsel for Defendant and requesting a stay to allow Defendant time to find new counsel, *see* Dkt. 28;[1]

      WHEREAS Plaintiff did not object to Defense counsel's request, *see* Dkt. 29;

      WHEREAS Defendant did not consent to her attorney's motion to be relieved and filed a complaint against her attorney with the New York State Second Judicial Department Attorney Grievance Committee, *see* Dkts. 28, 30;

      WHEREAS on October 28, 2024, proceedings were held before the Court to address Defendant's non-compliance with discovery and Defense counsel's request to withdraw;

---

[1] On October 28, 2024, Defense counsel stated at a conference before the Court that she was withdrawing her request for a charging lien.

WHEREAS an attorney can withdraw from representing a client if the "client renders it unreasonably difficult for the lawyer to carry out employment effectively," *Joseph Brenner Assocs., Inc. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996) (citing N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 1.16(c)(7)), and courts consider "both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding," *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014) (citation and internal quotation marks omitted); and

WHEREAS the Court finds that an "acrimonious relationship" has developed between Defendant and her lawyer in light of the complaint she filed with the Grievance Committees, *Munoz v. City of New York*, No. 04 CIV. 1105 JGK, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008), and withdrawal would not disrupt the prosecution of this suit as discovery is ongoing, *see Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

IT IS HEREBY ORDERED that Defense counsel's motion seeking leave to withdraw as counsel is GRANTED. Defense counsel must email to Defendant all of Plaintiff's discovery requests and file proof that she has done so on ECF by not later than **Wednesday, October 30, 2024**.

IT IS FURTHER ORDERED that this action and all pending deadlines are STAYED until **Monday, November 25, 2024**, to allow Defendant time to find a new lawyer or proceed *pro se* without the assistance of counsel.

IT IS FURTHER ORDERED that the parties must appear for an in-person conference in this matter on **Monday, November 25, 2024, at 10:00 A.M**. If Defendant has obtained new counsel and the new attorney has filed a notice of appearance by that date, Defendant need not personally appear on November 25. If, however, no attorney has appeared by that date,

Defendant must personally appear on November 25. The Court will set discovery deadlines in this matter at the November 25, 2024 conference.

The Court has emailed a copy of this Order to Defendant's personal email address. The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant's residence at 235 W 48th, Apartment 17R, New York, New York 10036.

**SO ORDERED.**

**Date: October 28, 2024**
**New York, New York**

                                          **VALERIE CAPRONI**
                                          **United States District Judge**