# MELISSA YANG PLLC

136 MADISON AVE., 6TH FL.,
NEW YORK, N.Y. 10016
(646) 516-9529
WWW.MELISSAYANGPLLC.COM

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

> Shah's deadline to respond to the relevant discovery requests is stayed pending resolution of the discovery disputes the parties are bringing to my attention in a letter due later today. The Clerk of Court is respectfully requested to terminate ECF 61.
>
> DATED: December 30, 2024
> New York, New York
>
> SO ORDERED
> /s/ Robyn Tarnofsky
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Re:   *Viral Bhagat v. Anuja Sharad Shah a/k/a Anu Shah*, No. 24-CV-01424(VEC)

Dear Magistrate Judge Tarnofsky:

    On behalf of defendant Anuja Sharad Shah ("Shah"), we write to request that the Court enter an interim order requiring plaintiff Viral Bhagat ("Bhagat") to treat Shah's discovery responses to Bhagat's First Set of Interrogatories, Requests for Admissions, and Requests for Production as confidential pending the Court's resolution of the parties' dispute over whether a Confidentiality Order should be entered to govern the exchange of discovery in this action.

    The parties argued certain discovery disputes before Judge Caproni's clerk on December 23 and Shah requested, among other things, that the Court impose this interim relief in recognition that her deadline to serve her discovery responses was coming up on December 31. Judge Caproni did not rule on Shah's request and issued an Order of Reference to Your Honor on December 27. (*See* ECF No. 59.) On December 27, Your Honor asked the parties to identify their discovery disputes in a joint letter today (which will include Shah's request for entry of a Confidentiality Order) and set oral argument for January 3 (ECF No. 60), which is *after* Shah's December 31 deadline to serve her discovery responses.

    Shah initially requested that Bhagat agree to treat her discovery responses as confidential at the parties' meet and confer held on December 10. Bhagat refused on the grounds that the parties were negotiating the entry of a Confidentiality Order. Given that the issue pertaining to the Confidentiality Order will not be resolved before Shah's deadline to serve discovery responses (*see id.*), we reached out to Bhagat on Friday again to see if he would agree to treat her responses as confidential in the interim. He responded earlier today that he will not agree.

    We expect that any order requiring Bhagat to treat Shah's discovery responses as confidential will only be in place for a few days until the Court issues a ruling on the parties' dispute over the Confidentiality Order. Bhagat will suffer no prejudice because he remains free to confer with his counsel over those responses. We presume Bhagat will disagree.

    The parties' joint letter due later today will highlight Shah's belief that Bhagat has been seeking not relevant and overly broad discovery about third parties such as Rushad Dordi because

Magistrate Judge Tarnofsky
December 30, 2024
Page **2** of **2**

Bhagat wishes to: (a) aid Rushad Dordi who is a litigant in a separate action involving Shah, where discovery is stayed; and (b) make false and inflammatory public posts about Shah hoping to inflict shame and embarrassment upon her. As to the latter, we believe Bhagat and/or Dordi or a combination of both have authored or contributed to an article posted a few weeks ago on www.medium.com, a copy of which is annexed hereto as **Exhibit A**.[1] This article included a link to Bhagat's complaint against Shah. (*See id.*)

      At bottom, Shah's request for interim confidential treatment is fueled by a serious concern that Bhagat is using discovery for improper purposes. Given that Shah's deadline to serve discovery responses is *tomorrow*, we ask that the Court respectfully enter this interim relief so that Shah is not prejudiced by Bhagat's intention to release her discovery responses to third parties or his efforts to make false, public postings about the same.

                                            Respectfully submitted,

                                            Melissa Yang

Enclosures (1)
cc:    All counsel of record (via ECF w/enclosure)

---

[1] We note that Shah complained about the article, which has since been taken down.