UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                Plaintiff,<br><br>-against-<br><br>ANUJA SHARAD SHAH,<br><br>                Defendant. | 23-CV-01424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On January 9, 2025, Defendant emailed Chambers and Plaintiff, with an application for an immediate conference, which application Defendant requested be sealed. The purpose of the requested conference was to ask the Court to direct Plaintiff, among other things, to take down certain posts about Defendant. I held the requested conference on January 10, 2025, at which time Plaintiff orally opposed the request that he be directed to take down the posts. I denied Defendant's request that Plaintiff be directed to take the posts down, on the ground, among others discussed at the conference, that Defendant has not brought a counterclaim against Plaintiff for defamation. I asked Plaintiff whether he consented to the filing under seal of Defendant's application to hold the conference. Plaintiff indicated that he wished to oppose the request to seal, but he has not yet done so.

It is ORDERED that, by **January 22, 2025,** Defendant shall file her January 9 application for a conference and her motion to seal in accordance with my Individual Practices, which provide in section III(E): Letter-Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's

standing order, 19-mc-00583, and ECF Rules & Instructions, section 6. The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information to be filed under seal. The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal. Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

It is further ORDERED that Plaintiff shall file his opposition to the request that the application for a conference be sealed and any other materials related to Defendant's request for a conference in accordance with my Individual Practices by **January 23, 2025.**

As discussed at the conference today, it is ORDERED that Plaintiff shall promptly inform LinkedIn and Meta of my rulings today – specifically, that Plaintiff's subpoenas are not quashed with respect to the requests for back-end data or employment information, but that I am preserving decision as to whether the subpoenas should be quashed to the extent they seek communications between Defendant and other individuals. It is further ORDERED that, by **January 23, 2025,** the parties shall file supplemental letter briefs addressing the question

whether, under the SCA, the consent of one party to a communication is sufficient to allow production of the communication by the service provider hosting the communication. Defendant's request for costs is DENIED without prejudice to refiling under the conditions discussed at the conference today.

It is further ORDERED that going forward, no party shall file a letter motion for a discovery conference or a discovery motion without having first met and conferred for at least 30 minutes by telephone, video conference, or in person, unless the party seeking discovery has requested to meet and confer and the other party has not responded, or has refused to schedule a meet and confer session to be held within one week of the request to meet and confer, or the other party failed to show up for a scheduled meet and confer session.

DATED: January 21, 2025
New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge