UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT

                  Plaintiff,

— against —

ANUJA SHARAD SHAH a/k/a ANU SHAH

                  Defendant.

Case No.: 1:24-cv-01424-VEC

**DECLARATION OF COUNSEL**

      M. Salman Ravala, Esq. declares, subject to the penalties of perjury, that the following is true and correct to her knowledge:

      1.     I am an attorney duly admitted to practice in the U.S. District Court for the Southern District of New York.

      2.     I am a Partner at Criscione Ravala, LLP, which represents Plaintiff, Viral Bhagat ("Plaintiff") in the above captioned action. I am the attorney of record and am fully familiar with the facts and circumstances of this action.

      3.     I submit this Declaration in support of the Motion to Withdraw as Counsel of Record for Plaintiff, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

      4.     Plaintiff signed a retainer agreement with Criscione Ravala, LLP on January 23, 2024, and thereafter made an initial retainer payment, supplemental retainer payment(s), and payments on invoices issued by the Firm.

      5.     However, due to Defendant's ongoing misconduct in this action, including delayed discovery, the filing of two motions by Defendant, the exorbitant discovery costs associated with Plaintiff's discovery production, and expected ongoing costs of this litigation,

1

Plaintiff has advised the Firm that it is unable to afford counsel at this time, and wishes to proceed *pro se.*

6. This is, despite the Firm making reasonable efforts to work with Plaintiff and to offer flexibility on payment terms. Plaintiff nevertheless wishes to proceed *pro se.* The parting is amicable, and the Plaintiff simply lacks resources to continue to retain the Firm.

7. The Firm does not assert a retaining or charging lien, although requiring Plaintiff to proceed with counsel may place the Firm in financial risk.

8. While extensive discovery has been produced by Plaintiff himself, Defendant has produced a mere 232 pages. I have prepared a detailed deficiency letter on behalf of Plaintiff which deficiency letter has been transmitted to Defendant's counsel. Defendant's deposition has also been noticed, however, although it remains to be confirmed by Defendant. Given the lack of response from Defendant to date, a Letter Motion requesting a pre-motion discovery conference has been filed. Fact discovery has been set to close on March 26, 2025.

9. Plaintiff has been hands on with the litigation since its inception, and given his involvement in the case, he has advised that he believes he can proceed *pro se.* Plaintiff is not seeking a stay of the case in order to proceed *pro se.* As such, granting this application will not delay or disrupt this case, or otherwise prejudice the Defendant.

10. Pursuant to Local Rule 1.4, a copy of this application is being transmitted to all parties of record via the Court's CM/ECF system, and to Plaintiff via email and First Class Regular Mail.  The Plaintiff is fully aware of the relief sought in this application, and has otherwise authorized the filing of the instant application.

WHEREFORE, Criscione Ravala, LLP respectfully requests the Court to enter an Order:

a) Granting Plaintiff's counsel, Criscione Ravala, LLP's Motion to withdraw as counsel for Plaintiff in this action, pursuant to Local Rule 1.4;

b) Permitting Plaintiff, Viral Bhagat, to proceed *pro se*;

c) Granting such other and further relief as the Court deems appropriate.

Dated: New York, NY
March 10, 2025

Respectfully Submitted,

**CRISCIONE RAVALA, LLP**

*/s/ M. Salman Ravala*
M. Salman Ravala, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
Tel: (212) 920-7142
SRavala@lawcrt.com