UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT, <br><br> Plaintiff, <br><br> — against — <br><br> ANUJA SHARAD SHAH A/K/A ANU SHAH, <br><br> Defendant | Case No.: 1:24-cv-01424-VEC <br><br> MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXPAND THE SCOPE OF DISCOVERY |

## I. INTRODUCTION

Plaintiff, Viral Bhagat, submits this Memorandum of Law in support of his Motion to expand the scope of discovery from January 1, 2023, to the present, to April 1, 2022, to the present. Plaintiff contends that relevant events and conduct by Defendant occurred before the current discovery cutoff and that fairness requires full access to those materials.

## II. BACKGROUND

1. Plaintiff has provided evidence that Defendant, Anuja Sharad Shah, has been accused by multiple third parties, including Rushad Dordi, who is at the center of this lawsuit, of similar misconduct, with documented instances dating back to at least April 2022. Expanding the discovery period will enable Plaintiff to obtain critical documents,

communications, and evidence necessary for a fair adjudication of the claims. (Exhibit A and C)

2. Third-party productions have not been limited to January 1, 2023, in this lawsuit. Third parties are required to produce all relevant material, regardless of time-period, and have already provided relevant documents from before January 1, 2023.

3. The Defendant herself has relied on material predating January 1, 2023, in her motion to compel third-party Rushad Dordi to produce documents. (Exhibit B)

4. The Defendant has selectively produced material predating January 1, 2023, whenever it has been beneficial to her, demonstrating that such material is relevant and should be discoverable by both parties. (AS000188, AS000209)

5. On February 9, 2025, Plaintiff gained access to a complaint filed against Defendant in India in January 2023, which details a strikingly similar case of misconduct that occurred in 2022. This newly obtained evidence is highly relevant, as it establishes a pattern of intentional tortious conduct by the Defendant, which is central to Plaintiff's claims in this action. This material further underscores the necessity of expanding the discovery period. (Exhibit C)

6. Defendant has produced less than 10% of the total number of documents produced by Plaintiff. This disproportionate production strongly indicates that relevant materials are being withheld or overlooked, further justifying the need for an expanded discovery period.

7. Plaintiff has recently (March 13, 2025) learned that Defendant was involved in cyber extortion and sextortion. Defendant engaged in these activities after hacking Rushad Dordi's account and used his account to facilitate these actions. These serious offenses cannot be ignored, and expanding the scope of discovery is crucial to uncovering relevant

evidence. Additionally, these actions had a direct impact on Plaintiff's termination, making the requested discovery period essential to proving Plaintiff's claims. (Exhibit D)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties are entitled to discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The rule considers several factors, including:

- The importance of the issues at stake in the action,
- The amount in controversy,
- The parties' relative access to relevant information,
- The parties' resources,
- The importance of the discovery in resolving the issues, and
- Whether the burden or expense of the proposed discovery outweighs its likely benefit.

Expanding the scope of discovery is necessary to ensure that all relevant and proportional materials are available, particularly given Defendant's selective and inadequate production of documents.

## IV. ARGUMENT

1. **Relevant Conduct Predates January 2023:** Plaintiff's claims, including allegations of unauthorized access, fraudulent misrepresentation, and defamatory conduct, stem from events that began prior to January 2023. Courts routinely allow discovery that is relevant to the claims or defenses of any party and proportional to the needs of the case.
2. **Prejudicial Limitation:** Restricting discovery to January 1, 2023, creates an artificial limitation that prevents Plaintiff from accessing crucial evidence. As Rule 26

acknowledges, discovery should be guided by the importance of the information sought and its role in resolving the dispute.

3. **Third-Party Productions Have Not Been Limited:** Unlike Defendant's production, third-party productions have not been restricted to a time frame. These third parties have already produced relevant material from before January 1, 2023. Expanding discovery does not require re-issuing third-party subpoenas and will not delay proceedings, making the request both reasonable and efficient.

4. **Defendant Has Relied on Pre-2023 Evidence:** Defendant has cited documents and communications from before January 1, 2023, in her own motions, supporting the need for balanced access to such evidence. (Exhibit B)

5. **Selective Production by Defendant:** Defendant has produced documents predating January 1, 2023, only when beneficial to her while obstructing Plaintiff's access to similar materials. This selective approach violates fairness principles underlying Rule 26's discovery provisions. (AS000188, AS000209)

6. **Defendant's Lackluster Production:** Defendant's document production is disproportionately low, amounting to less than 10% of what Plaintiff has produced, obstructing Plaintiff's ability to present his case effectively.

7. **Proportionality and Burden:** Expanding the discovery period by nine months is reasonable and proportional, imposing minimal burden on Defendant.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court modify the scope of discovery to include the period from April 1, 2022, to the present, ensuring a full and fair opportunity to obtain evidence relevant to Plaintiff's claims.

Dated: San Francisco Bay Are, California
March 15, 2025

**VIRAL BHAGAT**

*/s/ V. Bhagat*

E: viral.bhagat@gmail.com
P: +1 646 384 8158

*Pro Se*