SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| **RUSHAD DORDI**<br><br>        Plaintiff,<br><br>— against —<br><br>**ANU SHAH**<br><br>        Defendant. | INDEX NO.:<br><br>**SUMMONS** |

To the above-named Defendant(s):

  **YOU ARE HEREBY SUMMONED** to appear in Supreme Court, County of New York, 60 Centre Street, New York, NY 10007, to file an Answer to the Complaint in this action, or if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorney, within twenty (20) days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
   November 15, 2023

                        Respectfully Submitted,

                        **CRISCIONE RAVALA, LLP**

                        By: */s/ Salman Ravala*
                        M. Salman Ravala, Esq.
                        250 Park Avenue, 7th Floor
                        New York, NY 10177
                        T: (212) 920-7142
                        F: (800) 583-1787
                        E: SRavala@lawcrt.com
                        *Attorneys for Plaintiff*

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

**RUSHAD DORDI**

                Plaintiff,

— against —

**ANU SHAH**

                Defendant.

INDEX NO.:

**VERIFIED COMPLAINT**

---

Plaintiff, RUSHAD DORDI ("Plaintiff" or "Mr. Dordi"), by his attorneys, Criscione Ravala, LLP, as and for his Verified Complaint against Defendant, ANU SHAH ("Defendant" or "Ms. Shah"), alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendant for libel *per se,* misappropriation and conversion of intangible property, and intentional infliction of emotional distress, because of Defendant's repeated unauthorized access into and numerous defamatory publications from Plaintiff's own social media account.

### PARTIES

2.    Plaintiff, Rushad Dordi, is, and at all times relevant hereto, a resident of the City, County, and State of New York.

3.    Upon information and belief, Defendant is, and at all times relevant hereto, a resident of the City, County, and State of New York, residing at 235 W 48th, Apartment 17R, New York NY 10036.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to CPLR § 301, by reason of the fact that Defendant maintains her principal residence in the County and State of New York.

5. Venue is appropriate in the County of New York pursuant to CPLR 503(a), in that Defendant resides in the County of New York.

## FACTUAL ALLEGATIONS

6. Plaintiff, Rushad Dordi, is a well-respected internal medicine physician licensed in the State of New York, as well as a Senior Analyst at a biotechnology investment fund based in Connecticut.

7. In both of his professional capacities, Plaintiff's livelihood depends upon the trust his patients and/or clients place in him based upon his personal and professional reputation.

8. In 2018, Plaintiff met the Defendant on Hinge—a dating app.

9. From the time they met in 2018 until the beginning of 2021, Plaintiff and Defendant maintained a primarily online and platonic relationship. They did not ever enter any formal romantic or exclusive relationship, and in the approximate three years of their friendship, Plaintiff and Defendant met, in person, approximately four times.

10. At all times relevant to this matter, Plaintiff has operated a personal Instagram account under the username "rushad.dordi" that was associated with Plaintiff's personal email address, "rushad.dordi@gmail.com."

11. Since the end of their friendship, Defendant has consistently engaged in conduct designed to harass Plaintiff, including but not limited to sending Plaintiff hundreds of text messages from her own phone number, as well as unknown phone numbers, and hacking into Plaintiff's Instagram account.

3

## THE FIRST HACK

12. According to data associated with Plaintiff's Instagram account, on or about June 16, 2022, the email "rushadkdordi111@gmail.com," was added to Plaintiff's Instagram account.

13. On or around June 20, 2022, Plaintiff received an Instagram notification that an Apple iPhone located in San Francisco, California was requesting access to log in to his Instagram account, though Plaintiff was in New York City at that time.

14. That same day, Plaintiff received multiple emails from Instagram regarding requests to reset his password and revealing that a new email, "rushaddordi111@gmail.com," had been added to his account.

15. Defendant, posing as Plaintiff by having unauthorized access to his account, posted the following false and defamatory statements from Plaintiff's Instagram account as an Instagram Story on June 20, 2022:

> "I apologize to all the women out here whom I have had a textationship and situationship. I was in it to fill my emptiness, my ugly break up, my void with pretty women. I m a fucked up person with real mental health issues. I never meant to meet any of you except to just fuck you briefly. And if I didn't meet you all it was because I was still hooking up with my ex. I was obsessed with her, still am. But I m doing better. To all the women that I met on hinge and bumble, to whom I never met in person…I owe you all an apology for engaging in suggestive texts and messages in DMs. I liked the attention and closeness in the virtual world. I was afraid of in person intimacy. I still am….."

## THE SECOND HACK

16. On August 24, 2022, Plaintiff received multiple emails from Instagram notifying him that his password had been changed, at least two new devices had logged in to his account, and two new phone numbers and one new email, "teambeachbody111@gmail.com," had been added to the account.

17. One day later, on August 25, 2022, Defendant, posing as Plaintiff, posted the following false and defamatory statements from Plaintiff's Instagram account as an Instagram Story:

> "My sex addiction, mental health issues, addiction to ONS have taken a toll on me. For years I have led a shady double using my IG DMs as a little harem filled with nudes from strange women I befriend online. I apologize to all whom I have hurt because of my behaviour. I did that to @dringridmurra once and I blackmailed the shit out of her. I sent her my dick pics I got her naked pictures on my phone and dumped her on her arse. I m mental sickness and I do this to everyone."

18. That same morning, Plaintiff received an e-mail from Defendant informing Plaintiff that his account had been hacked and that Plaintiff needed "to act on it ASAP." In that e-mail, Defendant instructed Plaintiff on how to regain access to his account using "2fac authorisation [*sic*]," and informed him that she that she knew he could reclaim access because she worked at Meta.

19. Later that same day, Plaintiff received several text messages from an unknown phone number and numerous phone calls from a blocked phone number. The unknown number that texted Plaintiff—+44 7412 025870— informed Plaintiff of the username and password he needed to use to recover his account and instructed Plaintiff to use his own phone number for the "2fac" process.

20. Upon information and belief, Defendant is the person responsible for sending Plaintiff the text messages and placing the numerous phone calls from the unknown and blocked telephone numbers.

21. Plaintiff eventually regained access to his account around this time.

## THE THIRD HACK

22. On April 22, 2023, Plaintiff's Instagram account was hacked again (for a third time), and Defendant added the email "rusahdkdordi2023@gmail.com" to Plaintiff's account.

23. The email address added by the Defendant, "rusahdkdordi2023," misspells Plaintiff's first name, something Plaintiff would not have done had he created a new email himself.

24. On April 22, 2023, Defendant, posing as Plaintiff, posted an "Instagram Story" consisting of screenshots of private messages between Plaintiff and third parties that Defendant accessed while operating Plaintiff's personal account. Defendant placed degrading, defamatory captions over the messages as if Plaintiff was making the statements, including "My thirst trap beauty," and "I could have totally fucked her in Miami…. help me find her world."

25. Plaintiff's Instagram account records confirm that the account's status was changed from "private" to "public" on April 23, 2023.

26. Instagram Stories are not viewable by the public after 24 hours of publication.

27. To ensure that the false and defamatory allegations were viewable by the public in perpetuity, the Defendant preserved the Instagram Stories from August 2022 and April 2023 as an "Instagram Highlight" titled "I fucked up" that appears front and center on Plaintiff's personal account.

28. On April 24, 2023, Defendant, posing as Plaintiff, directly shared the April 22 Instagram Story with at least 45 Instagram accounts via Instagram Direct Messenger.

29. Data retrieved from Plaintiff's Instagram account reveals that between April 22, 2023, and April 26, 2023, Defendant, posing as Plaintiff, sent at least 12 requests to follow other users, unfollowed at least 10 accounts, and followed at least 35 accounts.

30. Defendant, posing as Plaintiff, sent sexually explicit and/or harassing messages via Instagram Direct Messenger to at least seven different users between April 22, 2023, and April 25, 2023.

31. For example, on April 23, 2023, between 12:04 PM and 12:05 PM Defendant, posing as Plaintiff, direct messaged Instagram user "sahara," the following four messages:

- "Sahara I want to spank your naked butt and turn it red"
- "Red red red hot iron your biottcccchhhhh"
- "I Want to cum on ya face biotcccchhh and cum noice"
- "Babbbbbbbeeee come bare it all for your daddy heaaaa"

32. The messages sent by Defendant while posing as Plaintiff were designed to create a false and defamatory impression of Plaintiff and his behavior towards women.

33. Contrary to Defendant's Statements, Plaintiff does not suffer from sex addiction or mental illness and has not utilized dating apps for the purpose of misleading women.

34. Contrary to Defendant's Statements, Plaintiff has never blackmailed any former partners.

35. Contrary to Plaintiff's Instagram account records, Plaintiff did not send explicit or harassing messages to third parties via Instagram Messenger.

36. Upon information and belief, Defendant authored and posted the Statements to Plaintiff's own Instagram account with the intent to lead Plaintiff's Instagram followers to believe the Statements were true and to damage Plaintiff's reputation.

37. Upon information and belief, the Statements were viewed, read, and believed by Plaintiff's Instagram followers.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Defamation: Libel & Libel *Per Se*)

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "37" as if fully set forth herein.

39. The Statements are about and concern Plaintiff and are reasonably understood to communicate statements of fact about Plaintiff, in that Defendant made the statements from Plaintiff's social media profile purporting to be Plaintiff.

40. By publishing the Statements from Plaintiff's Instagram account, Defendant published the Statements without privilege to do so.

41. The Statements are false, defamatory, and have harmed Plaintiff's reputation for honesty, integrity, virtue, and otherwise bring Plaintiff into disrepute by alleging Plaintiff suffers from sex addiction and mental illness, utilizes dating apps to mislead women, and has blackmailed former partners.

42. Defendant had knowledge of and/or acted in reckless disregard as to the falsity of the Statements because there is no factual basis to support the Statements.

43. The Statements have harmed and continue to harm Plaintiff by alleging Plaintiff has committed the crime of blackmail against former romantic partners and subjecting Plaintiff to public hatred, contempt, or ridicule.

44. The Statements are defamatory *per se* and general damages are therefore presumed.

45. Notwithstanding presumed damages, Plaintiff has suffered general and special damages in an amount to be proven at trial.

46. Defendant's publication of the Statements from Plaintiff's social page purporting to be Plaintiff was willful, malicious, deliberate, and unlawful. As such, Plaintiff seeks punitive damages in addition to actual damages.

8

47. By reason of the foregoing, and Defendant's publication of the false and defamatory Statements constitutes libel *per se* under the law of the State of New York, and accordingly Plaintiff is entitled to damages to be determined at trial, but not less than $250,000.

48. As a result of the false and defamatory Statements, Plaintiff has suffered severe emotional distress, humiliation, mental anguish, substantial disruption of his daily life and routine, and reputational damage.

49. Defendant's aforesaid actions and conduct were willful, wanton, and malicious, and other violated public policy.

50. By reason of the foregoing, Plaintiff is entitled to exemplary and punitive damages from Defendant in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Misappropriation / Conversion of Intangible Property)**

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "50" as if fully set forth herein.

52. At all times relevant, Plaintiff was the legal owner and operator of the Instagram account, rushad.dordi. He never provided any third party, including the Defendant, the authorization to access and/or operate his personal account.

53. For each of the hacks identified in this Complaint, Defendant, without authorization or justification, assumed control of Plaintiff's Instagram account.

54. While in control of Plaintiff's Instagram account, Defendant not only posted false and defamatory statements from the account pretending to be Plaintiff, Defendant also, without authorization or justification, accessed Plaintiff's private message threads with third parties and sent inappropriate and defamatory messages to third parties.

55. As a result of the unauthorized conversion of Plaintiff's account, Plaintiff has suffered severe emotional distress, humiliation, mental anguish, substantial disruption of his daily life and routine, and reputational damage in an amount to be determined at trial, but not less than $250,000.

56. Defendant's aforesaid actions and conduct were willful, wanton, and malicious, and other violated public policy.

57. By reason of the foregoing, Plaintiff is entitled to exemplary and punitive damages from Defendant in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "57" as if fully set forth herein.

59. As a consequence of Defendant's animus towards Plaintiff and unhappiness with their lack of romantic relationship, Defendant embarked on a campaign of harassment against Plaintiff by accessing his social media profiles without authority on numerous occasions and publishing the Statements purporting to be Plaintiff.

60. Defendant's unauthorized access to Plaintiff's social media accounts and Defendant's publication of the false and defamatory Statements pretending to be Plaintiff constitutes extreme and outrageous conduct which caused Plaintiff severe mental and emotional distress, as well as reputational harm.

61. Defendant's extreme and outrageous conduct in accessing Plaintiff's social media profile and publishing the Statement purporting to be Plaintiff was intentional, wanton, reckless, devious, and malicious, and the linchpin of a deliberate and malicious campaign of harassment of Plaintiff.

62. Defendant published the false and defamatory Statements identified herein with deliberate disregard for the rights of Plaintiff and in furtherance of Defendant's campaign of harassment against him.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages including, but not limited to, severe emotional distress, mental anguish, pain and suffering, and reputational harm in an amount to be determined at trial, but not less than $250,000.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. On the First Cause of Action:
   a. compensatory damages for libel *per se* in an amount to be determined at trial, but not less than $250,000;
   b. an injunction prohibiting the Defendant from using, publishing, disseminating or otherwise making available the specific statements adjudicated to be defamatory; and
   c. exemplary and punitive damages in an amount to be determined at trial.

2. On the Second Cause of Action:
   a. compensatory damages in an amount to be determined at trial, but not less than $250,000;
   b. exemplary and punitive damages in an amount to be determined at trial;

3. On the Third Cause of Action:
   a. compensatory damages in an amount to be determined at trial, but not less than $250,000;
   b. exemplary and punitive damages in an amount to be determined at trial;

4. Such other and further relief this Court deems just, proper and equitable, including costs.

Dated: New York, New York
November 15, 2023

Respectfully Submitted,

**CRISCIONE RAVALA, LLP**

By: */s/ Salman Ravala*
M. Salman Ravala, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
T: (212) 920-7142
F: (800) 583-1787

E: SRavala@lawcrt.com
*Attorneys for Plaintiff*

## VERIFICATION

COUNTY OF New York )
)ss.:
STATE OF New York )

RUSHAD DORDI, being duly sworn, states that he is the Plaintiff in this action and that he has read the forgoing Verified Complaint and knows the contents thereof; the same is true to his knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

_____
RUSHAD DORDI

Sworn to before me this
15th day of November 2023

_____
Notary Public



12

**Index No.:**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**RUSHAD DORDI**

                              **Plaintiff,**

      vs.

**ANU SHAH**

                              **Defendant.**


**SUMMONS & COMPLAINT**


**CRISCIONE RAVALA, LLP**

**BY:**

**M. Salman Ravala, Esq.**
*Attorneys for Plaintiff*
**250 PARK AVENUE, 7th FLOOR**
**NEW YORK, NY 10177**
**(800) 583-1780**
**Fax: (800) 583-1787**


**TO:**

        ALL NAMED DEFENDANTS