# CRISCIONE | RAVALA, LLP

### ATTORNEYS AT LAW

**MAILING ADDRESS:** 250 PARK AVENUE | 7TH FLOOR | NEW YORK, NEW YORK 10177
2001 ROUTE 46 | SUITE 310 | PARSIPPANY, NEW JERSEY 07054 ("BY APPOINTMENT ONLY")
110 EAST BROWARD BOULEVARD| SUITE 1700 | FT. LAUDERDALE, FLORIDA 33301 ("BY APPOINTMENT ONLY")
TELEPHONE (800) 583-1780 | FACSIMILE (800) 583-1787

**M. SALMAN RAVALA, ESQ.** ♦
♦ LICENSED IN NY
DIRECT: 1.212.920.7142 x. 502 | SRAVALA@LAWCRT.COM

May 30, 2024

*Via Electronic Mail*
Richard Altman, Esq.
Law Offices of Richard Altman                                    **PRESERVATION NOTICE**
150 East 56th Street, Suite 12B
New York, New York 10022
altmanlaw@earthlink.net

> **RE:**     *Viral Bhagat v. Anuja Sharad Shah a/k/a Anu Shah*
>               Case No.: 1:24-cv-01424-VEC

Dear Mr. Altman:

We continue to represent Mr. Viral Bhagat, Plaintiff, in the above-referenced matter. We write to formally provide this preservation notice as we proceed further with Mr. Bhagat's case.

We demand that all documentation and electronically stored information, as defined under Federal Rules of Civil Procedure generally, including Rules 26 and 34, relating to the above referenced case, including but not limited to call logs, sms, text, emails, and social media accounts, including their within invitations, messages, connection requests, and such other data be retained and preserved whether stored on Defendant, Ms. Anuja Sharad Shah's, work or personal devices. All information from Defendant's computer systems and removable electronic media must be retained as well. This includes, but is not limited to, email and other electronic communication, word-processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage, chat transcripts, and network access information.

Ms. Shah must also preserve the following in her, including her agents' possession or control: any information created, maintained, or retrievable by electronic means, whether by or on computer chip, hard disk, removable disk, tape, flash drive, thumb drive, laser device, desktop or laptop computer, or any other digital medium or similar device, including but not limited to information including messages and/or communication stored on cellular telephones including smartphones, email accounts, databases, networks, chat programs, computer systems, servers, archives, backup or disaster recovery systems, drives, cartridges, internet data, personal digital assistants, handheld wireless devices, paging devices, audio systems including but not limited to voicemail, voicemail recordings, transcriptions, and any audio or monitoring of such data, or other storage media.

Ms. Shah and her agents must refrain from destroying, deleting, concealing, or altering any paper or electronic files or other data, or any other electronic data that has anything whatsoever to do with Plaintiff, and/or the individuals and entities identified in Plaintiff's Rule 26 Initial Disclosures, and/or related to or arising out of the facts plead in the Complaint in this matter, including specifically messages exchanged between the parties. This includes, but is not limited to, all communication via email, Facebook, WhatsApp, Instagram, LinkedIn, or any other social or other medium.

Failure to comply with this notice could result in the imposition of severe penalties for spoliation of evidence, or of potential evidence, even when done in routine business practice. The laws and rules governing and prohibiting the obfuscation and destruction of evidence apply to electronically stored information in the same manner they apply to other evidence.

I am hopeful that preservation of the documents and things outlined above will help us move efficiently in the litigation. Should you have any questions, please feel free to contact me at (212) 920-7142 or via e-mail at sravala@lawcrt.com.

Thank you,

/s/ *M. Salman Ravala*

M. Salman Ravala, Esq.
CRISCIONE RAVALA, LLP