> Defendant's counsel shall meet and confer with Plaintiff about the issues raised in this letter on or before **March 26, 2025**. The parties shall file a joint update on the results of that meeting by **March 28, 2025**. SO ORDERED.
>
> SO ORDERED
> Dated: March 19, 2025
> New York, NY
>
> *[signature]*
> **ROBYN F. TARNOFSKY**
> **UNITED STATES MAGISTRATE JUDGE**

March 07, 2025

*Via Email to ProSe@nysd.uscourts.gov*
Hon. Robyn F. Tarnofsky
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 9B
New York, NY 10007

**RE:**   Case Name: Viral Bhagat v. Anuja Sharad Shah a/k/a Anu Shah
Case No.: 1:24-cv-01424-VEC

Dear Magistrate Judge Tarnofsky:

My name is Viral Bhagat, and I am the Plaintiff in the above-referenced matter. I am writing pursuant to Section III (B) of Your Honor's Individual Rules to request a pre-motion discovery conference due to Defendant, Anu Shah's continued misconduct in discovery, including obstruction, fabrication of evidence, and willful misrepresentations to this Court.

### 1. Defendant Attempted to Alter Key Evidence After Service of Subpoena

On March 3, 2025, at approximately 1:05 PM, Plaintiff served a subpoena on Google seeking subscriber information for the fraudulent email account *rusahdkdordi2023@gmail.com*, which she advised me was Rushad Dordi's email while she attempted to hack his Meta account. Less than approximately 48 hours later, on March 5, 2025, at approximately 9:58 PM, Defendant attempted to change the recovery email for this fraudulent account to Rushad Dordi's actual email address. When that attempt failed, she deleted the fraudulent account. **Ex 1.** This was a blatant and calculated attempt to tamper with evidence and obstruct discovery. Defendant's goal was to delink herself from the fake email account before Google responded to the subpoena. This constitutes spoliation of evidence, obstruction of justice, and a willful violation of discovery obligations.

### 2. Discovery Fraud: Defendant Has Lied and Fabricated Evidence

Defendant has knowingly submitted false information in her discovery responses regarding her communications and involvement in the hacking. Documents produced by Defendant contain inconsistencies and fabricated elements, raising serious concerns about authenticity. Defendant's bad-faith misrepresentations necessitated third-party subpoenas, which she has aggressively sought to quash to further obstruct discovery. Her discovery deficiencies has been outlined in my attorney's deficiency letter transmitted to Defendant's attorneys.

### 3. Deliberate Obstruction Through Frivolous Objections and Procedural Delays

Defendant objected to all subpoenas issued by Plaintiff while Plaintiff has not objected to any of Defendant's subpoenas, demonstrating her one-sided and obstructive approach. Defendant has filed multiple frivolous motions, including a Motion to Quash Subpoena and a Motion for Judgment on the Pleadings, solely to delay discovery. Defendant has changed attorneys multiple

times, using each transition as an excuse to delay compliance with Court orders. Defendant has used medical excuses and international travel as pretexts for avoiding discovery deadlines, despite evidence showing she was neither incapacitated nor unavailable.

### 4. False Medical Excuses While Traveling to London for a Concert

In the third week of August 2024, Defendant requested a continuance, citing medical issues that she claimed rendered her unable to participate in proceedings. However, during that same week, Defendant traveled to London and attended a Taylor Swift concert. This establishes a pattern of deceit, where Defendant misleads the Court with false claims of incapacity while engaging in leisure activities abroad. This mirrors her attempts to avoid discovery deadlines using fabricated health excuses while remaining active in non-legal matters.

### 5. Plaintiff Has Exhausted All Reasonable Efforts to Obtain Discovery

On February 27, 2025, my attorney transmitted a discovery deficiency letter, accompanied by a request to meet & confer, to Defendant's counsel, Mr. Michael Alber and Mr. Lawrence Katz, Esq. **Ex 2.** Neither the request to meet & confer, nor the discovery deficiency letter was responded to by Defendant's counsel. The request to meet & confer was preceded by two other such requests to Defendant's counsel on February 20, 2025, and February 24, 2025, however, each of the aforesaid emails were also ignored. **Ex 3.**

Separately, on March 04, 2025, my attorney called Mr. Michael Alber and Mr. Lawrence Katz's office in an attempt to reach him to discuss outstanding issues in this case, including our deficiency letter, and to confirm Defendant's deposition date. Despite leaving a voicemail for Mr. Katz, none of Defendant's two attorneys have returned my attorney's call or responded to any of his emails, although it must be noted that they did reach out to request some files in this matter.

### 6. Conclusion & Request for Relief

As stated above, Defendant's discovery delays are nothing new. Since serving Plaintiff's discovery demands in June 2024, Defendant has delayed this matter, failing to file pleadings on time, citing non-compelling medical issues, and changing counsel at the eleventh hour. **Ex 4.** Despite my attorney's diligent efforts and numerous professional courtesies extended in this matter by Plaintiff, which Judge Caproni acknowledged, the Court set a firm deadline for Defendant to respond to discovery by December 31, 2025. **ECF Document Number 47.** Defendant manufactured another delay tactic, that a Stipulation of Confidentiality & Protective Order needed to be executed. The matter came before Your Honor and Defendant finally made bare minimum production, accompanied by blanket objections. Now, Defendant has changed counsel again, her fourth attorneys in this matter, to further delay discovery. Their non-responsiveness suggests nothing different about her patterned strategy to circumvent facing the Court and being held accountable for her egregious and fraudulent misconduct.

In light of the above, I respectfully request the Court to (1) schedule a pre-motion discovery conference, (2) issue an Order compelling Defendant to produce all outstanding discovery immediately, (3) appear for her noticed deposition, (4) issue sanctions for Defendant

knowingly causing delays, making misrepresentations to the Court, providing false discovery responses, attempting to alter key evidence and spoilation, and (5) ordering an independent forensic examination of Defendant's electronic devices, email account(s), social media account(s), and telephone(s).

Respectfully submitted,

*Viral V. Bhagat*
Viral Bhagat
*Plaintiff Pro Se*
