Docusign Envelope ID: F0B1007A-856D-4E8F-BA7C-31432CFC4FC3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>       Plaintiff,<br><br>— against —<br><br>ANUJA SHARAD SHAH A/K/A ANU SHAH,<br><br>       Defendant | Case No.: 1:24-cv-01424-VEC<br><br>**MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF CONFIDENTIALITY PROTECTIVE ORDER** |

Plaintiff Viral Bhagat, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 37(b) and the inherent powers of the Court, for an order imposing sanctions against Defendant Anuja Sharad Shah and her legal counsel for willful and repeated violation of the Confidentiality Protective Order ("CPO") entered in this action.

**I. INTRODUCTION**

This motion arises from Defendant's knowing and repeated violations of the CPO. On March 24 and March 27, 2025, Defendant disclosed and quoted from discovery materials that were marked "Confidential" in their entirety under the CPO. These communications were sent to a non-party, Mr. Tathagata Sarkar, and clearly intended to intimidate and retaliate against a potential witness.

In her March 27 email, Defendant wrote:

"Viral's prodyctjon discovery has Dordi say that I blocked you on all the channels!"

This was not an accident. Defendant intentionally referenced and paraphrased Plaintiff's confidential discovery responses. Worse, Defendant's attorneys—Michael J. Alber, Dustin Bowman, and Renee Vito—were copied on both emails and failed to take any corrective action or notify the Court.

These communications were sent to Mr. Tathagata Sarkar, who is a potential witness in this case. Mr. Sarkar has known Defendant personally for many years and is able to offer character testimony concerning her conduct and credibility. Defendant is fully aware of this. Her use of confidential discovery to attack Mr. Sarkar appears to be a deliberate attempt to silence or dissuade him from testifying.

Additionally, Rushad Dordi is the key witness in this action. Defendant has a long and well-documented history of harassing Mr. Dordi, both before and during this litigation. In fact, it was Defendant who insisted on the entry of the Confidentiality Protective Order out of fear that the productions and factual findings in this case might be used against her in the civil and TRO proceedings filed by Mr. Dordi. Yet, despite that position, she is now doing precisely what she sought to prevent—using protected discovery materials to attack and retaliate against individuals involved in related legal proceedings. This hypocrisy underscores the willfulness of her conduct and the manipulative abuse of the Court's protective process.

This violation is not an isolated event. It is part of a continued pattern of discovery misconduct by Defendant in this litigation and reflects her willingness to weaponize the judicial process against those around her.

Docusign Envelope ID: F0B1007A-856D-4E8F-BA7C-31432CFC4FC3

## II. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court impose the following relief:

1. An order compelling Defendant to immediately and fully comply with the Confidentiality Protective Order, and enjoining her from using, referencing, quoting, or disclosing any discovery materials produced in this case:
    - in any other litigation or legal proceeding, including any lawsuit or legal action involving third-party Rushad Dordi;
    - or for any improper purpose, including to intimidate, retaliate against, harass, or influence any non-party or potential witness;

2. Sanctions against Defendant, including:
    - Monetary sanctions to reimburse Plaintiff for costs incurred in:
        - producing discovery pursuant to the CPO,
        - negotiating and finalizing the CPO terms at Defendant's insistence, and
        - preparing and filing this motion to enforce the CPO following Defendant's willful breach;
    - An order striking any portion of Defendant's pleadings or precluding her from introducing or relying on any information obtained or referenced in violation of the CPO;
    - Dissolving the Confidentiality Protective Order in its entirety, as Defendant—who initially insisted on its entry and aggressively litigated for its enforcement—has now willfully and repeatedly violated its terms. Plaintiff should not remain bound

Docusign Envelope ID: F0B1007A-856D-4E8F-BA7C-31432CFC4FC3

by an order that Defendant has used as both a shield and a sword, especially where the order's protective purpose has been compromised by her own misconduct;

3. Sanctions against Defendant's attorneys, jointly and severally, for knowingly permitting and failing to remedy the violation, including:

    o Referral to the SDNY Grievance Committee or appropriate state disciplinary authority;

    o Monetary sanctions for enabling or tolerating misconduct in violation of the CPO and breaching duties of candor, supervision, and professional responsibility;

    o An Order to Show Cause why they should not be held in civil contempt for permitting the violation of a standing court order;

    o Disqualification or any other appropriate relief to preserve the integrity of these proceedings;

4. Such other and further relief as the Court deems just, proper, and necessary to deter future misconduct.

## III. SUPPORTING DOCUMENTS

This motion is supported by:

- Plaintiff's Memorandum of Law (filed herewith),
- Declaration of Viral Bhagat and Exhibit A (email chain dated March 24 and 27, 2025),

## IV. CONCLUSION

Defendant's conduct constitutes a flagrant, repeated, and willful violation of a Court Order she herself demanded. It is also part of a broader and continuing pattern of discovery abuse by

Docusign Envelope ID: F0B1007A-856D-4E8F-BA7C-31432CFC4FC3

Defendant in this action. The breach is compounded by her attorneys' awareness and silence. If the CPO is to have any meaning, this Court must enforce it decisively and impose sanctions that reflect the seriousness of the violation and deter future abuse.

**Dated:** San Francisco Bay Area, CA  
March 29, 2025

**VIRAL BHAGAT**

*Viral Bhagat* (DocuSigned)

**E:** viral.bhagat@gmail.com  
**P:** +1 646 384 8158

*Pro Se*