UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 3, 2025, I held a discovery conference to discuss three issues raised by the pro se Plaintiff: (1) his request to compel discovery from Defendant for the period from April 1, 2022 to December 31, 2022 (ECF 144); (2) his request for the Court to state that LinkedIn documents are genuine (ECF 147); and (3) his request that Defendant be sanctioned for allegedly violating the terms of the Confidentiality Order governing this matter by sharing confidential documents produced by Plaintiff in discovery with a third party (ECF 165). As discussed at the conference:

1. By **April 7, 2025,** Plaintiff shall file under seal the documents produced by Defendant that Plaintiff contends reflect selective production by Defendant of documents predating January 1, 2023. By **April 7, 2025,** Plaintiff shall file a certified translation of the foreign-language document he submitted in support of ECF 144; if he fails to do so, I expect to strike that document (ECF 145-3). Defendant shall have until **April 14, 2025** to respond to Plaintiff's argument that Defendant should be required to produce documents predating January 1, 2023 as a matter of fairness based on Defendant's alleged selective production of documents from the earlier period. Nothing in my prior discovery order (ECF 66) states that Defendant may limit responses to interrogatories

and requests for admission ("RFA") to the period beginning on January 1, 2023; accordingly, Plaintiff shall, by **April 7, 2025,** provide Defendant with a list of the interrogatories and RFAs for which he believes supplemental responses are appropriate. The parties shall meet and confer on Plaintiff's request for supplemental responses, and if there is no resolution on this dispute and Defendant disagrees that supplemental responses are required, she shall file a motion for a protective order by **April 14, 2025.**

2. Defendant shall have until **April 14, 2025** to file a letter responding to Plaintiff's allegation that Defendant spoliated certain LinkedIn messages identified in the filings at ECF 147-149. That letter shall explain whether Defendant contends that the LinkedIn messages are fabricated in their entirety or altered or something else; if Defendant does not contend the documents are fabricated in their entirety, Defendant shall explain why she no longer has copies of those documents in her possession, custody, or control. The letter shall also indicate whether Defendant agrees to direct LinkedIn to produce copies of the messages at issue in connection with this case.

3. Defendant shall have until **April 14, 2025** to submit a letter responding to Plaintiff's allegation that Defendant violated the Confidentiality Order.

4. If Plaintiff wishes to have a discovery conference concerning his contention that Defendant has produced electronic documents in an improper format, he shall submit a letter requesting a conference on that topic by **April 11, 2025**; any such letter shall attach any electronic discovery protocol agreed to in this case.

DATED: April 4, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge