Docusign Envelope ID: 6C8966BF-DA2E-416D-9CDF-CD4A12B88FE6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>　　　　　Plaintiff,<br><br>— against —<br><br>ANUJA SHARAD SHAH A/K/A ANU SHAH,<br><br>　　　　　Defendant | Case No.: 1:24-cv-01424-VEC<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS, ADVERSE INFERENCE, AND SPOLIATION RELIEF FOR DEFENDANT'S CONCEALMENT AND DESTRUCTION OF EVIDENCE** |

Plaintiff Viral Bhagat, appearing pro se, respectfully moves this Court for sanctions against Defendant Anuja Sharad Shah a/k/a Anu Shah, pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority, for Defendant's deliberate concealment—and likely destruction—of key evidence: **a Cease and Desist letter issued by Meta Platforms, Inc.** on November 14, 2023, and related correspondence and materials.

This motion seeks:

1. An **adverse inference** that the concealed and/or destroyed materials are harmful to Defendant's case;

2. **Issue preclusion** on issues addressed in the suppressed documents;

3. **Monetary sanctions**;

4. **Referral to disciplinary authorities** if Defendant's counsel was complicit.

## I. BACKGROUND

- On **September 30, 2023**, Plaintiff's counsel sent Defendant a formal **Demand Letter** (attached as **Exhibit D**) explicitly warning of imminent litigation and detailing serious allegations of fraud, deception, and resulting damages. The letter demanded $2,000,000 in settlement within 14 days and put Defendant on clear notice that legal proceedings were forthcoming.

- On **May 30, 2024**, Plaintiff, through counsel, served a detailed **Preservation Notice** on Defendant's then-counsel, Richard Altman, Esq. (attached as **Exhibit C**). The letter demanded the preservation of all electronic and hard-copy materials relevant to the claims in this action, including communications with Meta, social media data, and internal account activity records.

- On **November 14, 2023**, Meta Platforms, Inc., through its counsel Perkins Coie LLP, issued a **Cease and Desist letter** to Defendant (attached as **Exhibit A**). The letter accuses Defendant of:
    - Fraudulently submitting internal "Oops" tool requests to access Instagram accounts;

- o Sharing harassing and inappropriate content using unauthorized access;

- o Violating multiple policies and terms of service;

- o Resulting in permanent deactivation of her Meta accounts.

- Despite multiple discovery demands that encompass this subject matter, **Defendant never produced this letter** or any related communications. Specifically, the Meta Cease and Desist letter is plainly responsive to:

    - o Request No. 18 (documents relating to Defendant's involvement in Meta account recoveries);

    - o Request No. 19 (documents about Meta's internal policies related to the use of the Oops Feedback Form);

    - o Request No. 35 (documents relating to Defendant's termination from Meta);

    - o Request No. 40 (documents regarding legal notices or investigations related to actions involving Dordi's Instagram account);

    - o Plaintiff's First Set of Interrogatories, Interrogatory No. 1 (Meta employees with knowledge of the unauthorized access);

    - o Interrogatory No. 6 (knowledge of legal notices or investigations related to Defendant's actions involving Dordi's account); and

    - o Interrogatory No. 7 (knowledge of allegations Defendant accessed other people's accounts including Jason Kothari).

- Plaintiff independently obtained a copy of the Meta letter in March 2025 and **sent a written demand** on March 30, 2025 (attached as **Exhibit B**) requesting its production and all related materials. Defendant ignored the request and failed to cure the violation.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 permits courts to impose sanctions for failure to produce evidence in discovery. When evidence is **concealed or destroyed** in bad faith, courts may impose:

- **Adverse inference instructions**,
- **Preclusion of defenses**,
- **Monetary penalties**,
- **Striking of pleadings**, or
- **Default judgment**.

Spoliation occurs when (1) evidence should have been preserved, (2) it was destroyed or withheld, and (3) the party acted with a culpable state of mind. If destruction occurred **after a preservation notice** and when litigation was clearly foreseeable, courts generally find willful spoliation.

## III. ARGUMENT

*A. Defendant Had a Clear Legal Duty to Preserve the Meta Letter*

The **May 30, 2024 Preservation Notice** (Exhibit C) unequivocally instructed Defendant to retain all documents and data, including communications with Meta and account access records. This duty included the Cease and Desist letter and any related responses or internal correspondence. Moreover, Defendant had already received a formal demand letter in **September 2023** (Exhibit D) clearly indicating that litigation was imminent. When she received the Meta Cease and Desist letter in November 2023, she had every reason to anticipate being sued. Any destruction of that letter after receiving both the demand and the Meta letter constitutes willful spoliation. If the Meta letter was destroyed after May 30, 2024, this constitutes willful spoliation.

### B. Defendant Either Concealed or Destroyed the Meta Letter

Defendant never disclosed the letter or related materials in discovery, despite their obvious relevance. If the documents still exist, this is a deliberate act of **concealment**. If they no longer exist, then Defendant likely **destroyed** them while under a duty to preserve.

Either action violates Rule 37 and justifies sanctions.

### C. Plaintiff Attempted to Resolve the Issue Before Filing

Plaintiff made a good faith effort to obtain the materials via a direct letter on **March 30, 2025** (Exhibit B). Defendant failed to respond or produce any of the requested evidence. Only then did Plaintiff seek judicial intervention.

Docusign Envelope ID: 6C8966BF-DA2E-416D-9CDF-CD4A12B88FE6

### D. Sanctions Are Necessary and Proportionate

Defendant's conduct obstructs justice. Plaintiff requests the following:

1. **Adverse Inference** – That the jury, at the start of trial, be instructed to assume the Meta letter and related records confirm Defendant's misconduct.

2. **Issue Preclusion** – That Defendant be barred from denying the actions outlined in the Meta letter (e.g., fraudulent access, harassment).

3. **Monetary Sanctions** – For Plaintiff's time, resources, and motion practice.

4. **Referral to Disciplinary Authorities** – If defense counsel knew or should have known about the concealment or destruction.

- **Exhibit D** – Plaintiff's Demand Letter to Defendant (Sept. 30, 2023)

## IV. CONCLUSION

The integrity of this litigation is undermined by Defendant's willful failure to disclose or preserve highly relevant evidence. Plaintiff respectfully asks this Court to impose the full scope of available sanctions to ensure fairness and deter future abuse.

**Dated:** San Francisco Bay Area, CA
April 7, 2025

**VIRAL BHAGAT**

*DocuSigned by:*
*Viral Bhagat*
B4F31091E91C4BF...

**E:** viral.bhagat@gmail.com
**P:** +1 646 384 8158

*Pro Se*