March 30, 2025

**<u>Via Email</u>**

LAK@alberlegal.com
The Alber Firm

                            **RE:**    *Case Name: Viral Bhagat v. Anuja Sharad Shah a/k/a Anu Shah*
                            **Case No.:** 1:24-cv-01424-VEC

Dear Mr. Katz,

Your client, Anuja Shah, received a Cease-and-Desist letter from Meta Platforms, Inc. on November 14, 2023, sent by Perkins Coie LLP. This letter explicitly accuses your client of:

- Submitting fraudulent Oops tool requests to gain access to Instagram accounts she was not authorized to access,
- Accessing the account of another person to share inappropriate content, and
- Violating Meta's Terms of Service, Instagram's Terms of Use, Community Standards, and Community Guidelines in numerous ways, including harassment, blackmail, and degradation of private individuals.

Meta also confirmed that it deactivated your client's Facebook and Instagram accounts and permanently revoked her license to access any Meta platforms, stating that any future activity would be treated as intentional and unauthorized access to protected networks.

The letter demanded a response within 48 hours and required your client to provide a full list of all accounts she accessed or controlled.

This document is plainly responsive to multiple discovery requests. Yet your client failed to produce it—despite its clear relevance and despite her knowledge that Meta had collected evidence of her unlawful behavior. This is not a harmless oversight; this is a deliberate act of concealment and part of a broader pattern of evasion.

You are hereby formally demanded to produce:

1. The full November 14, 2023 Cease and Desist letter from Meta (now already obtained independently by Plaintiff).
2. Your client's written response, if any, to Meta or Perkins Coie LLP.
3. All correspondence with Meta's legal team, Central Escalation Support, Trust & Safety, or other internal Meta departments concerning the hacking or account recovery incidents.
4. All outstanding documents responsive to Plaintiff's First and Second Discovery Demands served on Defendant, including—but not limited to—communications, documents, social media data, and materials relating to the incidents at issue in this litigation.

This evidence was knowingly withheld and undermines the integrity of discovery in this case. You have until Wednesday, April 2, 2025 to produce these materials. If you fail to do so, I will immediately inform Judge Tarnofsky and move for sanctions, a forensic examination, and all other appropriate relief, including adverse inference and referral for potential perjury or contempt.

This is your final opportunity to remedy the violation. The concealment of this document will not be excused.

Respectfully,

Viral Bhagat

Viral Bhagat

*Plaintiff Pro Se*