UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                    Plaintiff,<br><br>     -against-<br><br>ANUJA SHARAD SHAH,<br><br>                    Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 9, 2025, Plaintiff filed a letter-motion requesting that I seal Plaintiff's Motion for Sanctions (ECF 176) and the attachments. (*See* ECF 179, Motion To Seal.) On April 11, 2025, I GRANTED IN PART Plaintiff's letter-motion and sealed the document filed at ECF 177-1, and I DENIED IN PART Plaintiff's letter-motion and ordered that no other documents would be sealed under this order. (*See* ECF 180, Order.) On April 12, 2025, Plaintiff filed a letter to the Court raising potential oversight in my April 11, 2025 order to seal a document other than the documents requested in Plaintiff's Motion To Seal. (*See* ECF 182.) My sealing decisions were not inadvertent. I write now to explain the rationale.

There is a presumption of public access to judicial documents, and a court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the court then determines the "weight" of the presumption of public access; and finally, the court must "balance competing

considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

With regard to ECF 176 and its attachments, which Plaintiff says contain sensitive information, I first assessed whether the materials are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *Id.* I concluded that the documents are judicial documents: the main document is a request for sanctions and the attachments support the request for sanctions. The documents therefore are relevant to and useful in the judicial process. I next considered the weight of the presumption of public access. I determined that the documents are entitled to a moderate presumption of public access: the application and its attachments do not go to the merits of Plaintiff's claims, but the issues raised by the documents are somewhat weightier than most discovery motions. *See, e.g.*, *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (holding that a discovery motion is entitled to a presumption of "modest weight," because resolving a discovery motion does not involve considering the merits of a case). As to the considerations counseling against production, the only basis mentioned by Plaintiff is that the information is "sensitive [and] confidential" and that the attachments were produced pursuant to a protective order. I concluded that these competing considerations did not overcome the moderate presumption of public access.

The document at ECF 177-1, which was originally filed in support of a motion to compel discovery, concerns a non-party to this action and contains personal information about that non-party. While that document may have been publicly filed in India, and while it was previously filed in untranslated form in this matter, this is the first time that the English

translation of the document has been filed on the docket in this case. The document is a judicial document entitled to a modest presumption of public access. The privacy interests of third parties "weigh heavily" in balancing the public's right of access against the redaction or sealing of documents. *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). To protect the non-party's privacy interests, I concluded that the document should be sealed.

DATED: April 17, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge