UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                    Plaintiff,<br><br>    -against-<br><br>ANUJA SHARAD SHAH,<br><br>                    Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

There is a presumption of public access to judicial documents, and a court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the court then determines the "weight" of the presumption of public access; and finally, the court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

With regard to the two attachments to ECF 184, which Defendant says "contain information that the parties have agreed to treat as confidential, the public disclosure of which could result in harm or disadvantage" (ECF 190, Mot. To Seal), I first assessed whether the materials are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *Lugosch*, 435 F.3d at 119-20. I concluded that

the documents are judicial documents: the attachments support a request for sanctions by Plaintiff (ECF 176; ECF 184). The documents therefore are relevant to and useful in the judicial process. I next considered the weight of the presumption of public access. I determined that the documents are entitled to a moderate presumption of public access: the application for sanctions do not go to the merits of Plaintiff's claims, but the issues raised by the application are somewhat weightier than most discovery motions, and the documents are relevant to the application. *See, e.g., In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (holding that a discovery motion is entitled to a presumption of "modest" weight, because resolving a discovery motion does not involve considering the merits of a case). As to the considerations counseling against production, the only basis mentioned by Defendant is that public disclosure of the information "could result in harm or disadvantage" and that the attachments were produced pursuant to a protective order. These competing considerations do not overcome the moderate presumption of public access. Defendant's motion to seal (ECF 190) is denied.

The Clerk of Court is respectfully requested to terminate ECF 190.

DATED: April 21, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge