UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    As discussed at the discovery conference on April 21, 2025:

1. As to Plaintiff's motion to expand the scope of discovery (**ECF 144**), Defendant has the option of either: a) producing all responsive documents in her possession, custody, or control for the period between April 1, 2022 and December 31, 2022, which production I had previously ruled was not necessary on burden grounds, or b) forgoing use of the documents in her selective production dating from that period for any purpose in connection with this case. Defendant's counsel shall file a letter on the docket by **April 30, 2025**, informing the Court of Defendant's election. No matter which option is selected by Defendant, she is nevertheless obligated to respond to and/or supplement her responses to Plaintiff's previously propounded interrogatories to the extent that the interrogatories seek information concerning the period between April 1, 2022 and December 31, 2022.

2. As to Plaintiff's motion to deem facts admitted (**ECF 147**), Defendant has the option of either: a) providing the consent sought by LinkedIn before it will produce communications between Plaintiff and Defendant on that Platform, or b) waiving her

argument that the communications at ECF 147-2 have been altered by Plaintiff. Defendant may not at the same time assert that Plaintiff has altered the LinkedIn communications between Plaintiff and Defendant and refuse to provide the consent required by LinkedIn to produce the documents from LinkedIn's files that would definitively answer the question whether the communications in question were altered. Defendant's counsel shall file a letter on the docket by **April 30, 2025**, informing the Court of Defendant's election.

3. As to Plaintiff's motion for sanctions (**ECF 165**) due to Defendant's alleged sharing of confidential information with a third party in violation of the confidentiality order governing this case (ECF 81), Defendant's counsel is directed to file a letter on the docket by **9:00 am on Wednesday, April 23, 2025**, explaining Defendant's position on whether: a) she shared the information highlighted in ECF 167-1 with a third party (Mr. Sarkar), and b) whether she obtained that highlighted information from documents produced by Plaintiff with a confidential designation.

4. Plaintiff's motion to compel (**ECF 168**) is GRANTED. On **April 21, 2025**, Plaintiff shall email to Defendant's counsel another copy of Plaintiff's Second Set of Interrogatories and Requests for Production. Defendant shall respond to that discovery request by **April 30, 2025**, and Defendant shall produce all documents responsive to that discovery request by **May 2, 2025**. The deadline to complete written discovery (document production and responses to interrogatories) is extended nunc pro tunc until **May 9, 2025** to allow time for Defendant's production of documents responsive to this request

for production and Defendant's provision of responses to Plaintiff's Second Set of Interrogatories.

5. As to Plaintiff's motion for sanctions due to alleged spoliation by Defendant (**ECF 176**), Defendant's counsel shall, by **April 30, 2025**, file a letter on the docket explaining how it came to pass that she did not have a copy of the letter at ECF 176-1 at the time her then-counsel collected her documents for production.

6. Plaintiff's motion to quash (**ECF 183**) is GRANTED. Defendant may obtain a copy of the documents subpoenaed by Plaintiff's former counsel from Meta directly from Plaintiff's former counsel. Mr. Ravala is ordered to provide an electronic copy of the Meta production directly to Mr. Katz by **April 25, 2025**; Plaintiff is directed immediately to email a copy of this order to Mr. Ravala and to file a letter on the docket by **April 23, 2025** indicating that he has done so.

7. If Plaintiff wishes to pursue the issue he raises in his letter at **ECF 189**, he shall, by **April 25, 2025**, file the parties' ESI protocol on the docket.

8. The deadline for completion of depositions is extended nunc pro tunc until **May 16, 2025**.

The Clerk of Court is respectfully requested to terminate **ECF 144, 147, 168, and 183**.

DATED: April 22, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge