Docusign Envelope ID: E66DCE63-C641-4338-8687-758577AC9A22

April 23, 2025

<u>*Via Email to ProSe@nysd.uscourts.gov*</u>
**Hon. Robyn F. Tarnofsky**
United States Courthouse
500 Pearl Street
New York, NY 10007

        RE:    *Case Name:*    *Viral Bhagat v. Anuja Sharad Shah a/k/a Anu Shah*
                  *Case No.:*     1:24-cv-01424-VEC

**Dear Magistrate Judge Tarnofsky:**

Pursuant to the Court's directive (ECF 193, Item 7) at the April 21, 2025 discovery conference, I respectfully submit this letter concerning the parties' Electronically Stored Information ("ESI") obligations and to request a follow-up discovery conference.

This submission supports the issues raised in **ECF 189** and addresses two key areas of deficiency:

1. Defendant's failure to comply with agreed ESI standards; and
2. Defendant's inadequate responses to Plaintiff's First Set of Requests for Admission (RFAs), Interrogatories (ROGGS), and Requests for Production (RFPs).

**1. Defendant's ESI Production Violates Agreed-Upon Standards**

In the joint letter filed December 30, 2024 (ECF 63), the parties explicitly agreed:

*"…we note that the parties agree that discovery will require the retention of ESI vendors because the parties will each need to pull text messages and messages exchanged on third-party platforms like Meta and LinkedIn. The retrieval of ESI and production of the same with the assistance of ESI vendors is significant, particularly when Shah requires the collection of metadata given her suspicion that messages exchanged between Bhagat and Shah (and also between Shah and Dordi) have been altered or fabricated."*
(ECF 63 at 3, attached as Exhibit A)

This agreement was further affirmed on the record during the **January 3, 2025 discovery conference before Judge Caproni**, where it was explicitly ordered that, given the **technical nature of the lawsuit**, both parties would retain ESI vendors to ensure **neutral, complete, and metadata-preserved collections**.

In full compliance, I retained **Digital Mountain, Inc.**, which performed a forensic collection from my mobile phone and cloud-based accounts (Gmail, LinkedIn, Facebook, Instagram). Metadata, hash values, and audit trails were preserved using industry-standard forensic tools. A report is attached as Exhibit B.

By contrast, Defendant's production lacks:

- Metadata
- Native format files
- Search term hit reports or logs
- Any vendor certification or affidavit
- Chain-of-custody or verified data integrity

She instead produced screenshots—some taken from visibly cracked devices—without context, formatting, or verification. Her production appears to replicate earlier self-curated content.

This is especially troubling given that Defendant issued highly technical **document demands to Plaintiff** (attached as Exhibit G), in which she insisted on:

- Production with extensive metadata fields (e.g., hash value, timestamps, file path)
- OCR or extracted text, Concordance load files, and .DAT files
- Linked attachments, parent-child relationships, and production in native format when needed

Defendant has failed to meet **even her own production standards**. This asymmetrical approach is inconsistent with Rule 26 and violates the spirit and substance of this Court's discovery framework.

Docusign Envelope ID: E66DCE63-C641-4338-8687-758577AC9A22

## 2. Defendant Must Clarify Her ESI Collection Methods and Role of Any Vendor

To ensure transparency, I respectfully request that the Court compel Defendant to:

- Disclose whether she retained an ESI vendor
- If so, identify the vendor and describe the scope of collection
- Clarify which devices and cloud-based accounts (Gmail, LinkedIn, Facebook, Instagram) were submitted
- Distinguish vendor-collected material from self-curated production
- Provide a sworn affidavit from the vendor describing methods and tools used
- If no vendor was retained, submit a sworn declaration and explain why she intentionally violated both the ESI agreement and Judge Caproni's order

## 3. Plaintiff Has Serious Doubts About Defendant's ESI Integrity and Good Faith

Defendant's production is neither neutral nor verifiable. Despite demanding strict standards, she failed to produce data in metadata-rich, searchable, or native formats. I do not believe her primary devices or accounts were submitted to a forensic vendor. If they were, the process was significantly limited.

Moreover, based on inconsistencies in content, structure, and contextual flow, I believe portions of Defendant's production may have been **fabricated or manipulated**. Without metadata or chain-of-custody, it is impossible to verify. I reserve the right to seek forensic examination and respectfully request the Court's attention to this concern.

## 4. Defendant's RFA, ROGGS, and RFP Responses Are Inadequate

Defendant's responses to my First Set of RFAs, ROGGS, and RFPs—served on May 30, 2024—are legally and factually deficient. Many RFAs were rejected on the basis that they seek legal conclusions. However, they simply ask Defendant to admit or deny factual matters (e.g., authorship of messages, communications with specific individuals, receipt of information). It is my understanding that **only the Court may draw legal conclusions**, and Defendant's objections mischaracterize these factual requests, obstructing proper discovery under Rule 36.

Docusign Envelope ID: E66DCE63-C641-4338-8687-758577AC9A22

The full scope of these **deficiencies is outlined in Exhibit C**. Defendant's original responses are attached as Exhibits D, E, and F.

**Request for Conference and Relief**

In light of these issues, I respectfully request that the Court schedule a discovery conference and grant the following relief:

1. Address Defendant's failure to comply with the ESI standards set forth in ECF 63 and reaffirmed during the January 3, 2025 conference
2. Direct Defendant to clarify whether an ESI vendor was retained and provide corresponding affidavits or sworn declarations
3. If no vendor was retained, order Defendant to explain why she intentionally disregarded both the parties' agreement and this Court's order
4. Order Defendant to retain a qualified ESI vendor and re-produce all responsive data in metadata-rich, native format with full audit trails and verification
5. Resolve the deficiencies in Defendant's RFA, ROGGS, and RFP responses as outlined in Exhibits C through F
6. Establish enforceable deadlines and standards for neutral, complete, and verifiable ESI production

Thank you for your attention to these matters.

Respectfully submitted,

Viral Bhagat

Viral Bhagat

*Plaintiff Pro Se*