UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

     -against-

ANUJA SHARAD SHAH,

              Defendant.

24-CV-1424 (VEC) (RFT)

**<u>ORDER</u>**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff has moved to seal four documents, stating that he does not object to their filing on the public docket but that the documents were designated confidential by Defendant. (*See* ECF 197.) The documents are: ECF 198-4, Defendant's objections and responses to Plaintiff's first set of requests for admission; ECF 198-5, Defendant's objections and responses to Plaintiff's first set of interrogatories; ECF 198-6, Defendant's objections and responses to Plaintiff's first set of requests for production; and ECF 198-7, a discovery demand propounded on Plaintiff by Defendant. Duplicates of these documents appear at ECF 196-6, ECF 196-7, ECF 196-8, and ECF 196-9. The documents are exhibits to a motion for discovery filed by Plaintiff. (*See* ECF 198.)

There is a presumption of public access to judicial documents, and a court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the court then determines the "weight" of

the presumption of public access; and finally, the court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

I first assessed whether the materials are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *Id.* I concluded that the documents are judicial documents: the main document is a discovery motion and the attachments support the request for discovery. The documents therefore are relevant to and useful in the judicial process. I next considered the weight of the presumption of public access. I determined that the documents are entitled to a modest presumption of public access accorded to discovery motions. *See, e.g.*, *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (holding that a discovery motion is entitled to a presumption of "modest [weight]," because resolving a discovery motion does not involve considering the merits of a case). As to the considerations counseling against unsealing, the only basis mentioned by Plaintiff is that the documents were produced pursuant to a protective order. Having reviewed the documents, I conclude that they do not contain any information that is properly viewed as confidential, so that there are no competing considerations that could overcome the modest presumption of public access.

The Clerk of Court is respectfully requested to terminate ECF 197 and to unseal the sealed documents at ECF 196 and ECF 198.

DATED:  April 28, 2025
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge