

## THE ALBER FIRM
P.C.

21 Walt Whitman Road
Huntington Station, New York 11746

Telephone: 631-333-1600                Facsimile: 631-333-1670
http://www.alberlegal.com/WWW.ALBERLEGAL.COM

---

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

> This letter motion (ECF 204) and the motion filed at ECF 203 will be discussed at the telephone conference already scheduled for **Thursday, May 1, 2025 at 11:30 AM**. Defendant Shah is expected to attend notwithstanding her counsel's filing of a letter (ECF 203) as required by my prior orders (ECF 193; ECF 195).
>
> SO ORDERED
>
> Dated: April 29, 2025
> New York, NY
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Re:    **Viral Bhagat v. Anuja Sharad Shah a/k/a Anu Shah, No. 1:24-CV-01424-VEC**

### Subject: PLAINTIFF'S FAILURE TO DISCLOSE DAMAGES AND IMPLICATIONS FOR SUBJECT MATTER JURISDICTION

Dear Magistrate Judge Tarnofsky:

Please be advised that our firm represents Defendant, Anuja Sharad Shah, in the above-referenced action.

I write respectfully to seek the Court's intervention concerning Plaintiff Viral Bhagat's persistent and inexcusable failure to substantiate the $3.5 million in damages he claims — damages that are the sole basis for invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's dereliction has prejudiced Defendant's ability to prepare for imminent depositions and threatens the orderly and fair administration of these proceedings.

Despite nearly a year of litigation and extensive written discovery, Plaintiff has produced no credible evidence supporting his fantastical damages claim. Plaintiff alleges "catastrophic" financial harm stemming from his termination at Meta; yet he admits he obtained new employment within a matter of months. To date, Plaintiff has refused to produce: (i) employment offer letters from subsequent employers; (ii) any proof of lost earnings or salary differentials; (iii) any documentation of mitigation efforts; (iv) any expert analysis quantifying economic loss; or (v) any medical or psychological records substantiating anything beyond garden-variety emotional distress.



**THE ALBER FIRM**
P.C.

21 Walt Whitman Road
Huntington Station, New York 11746
<u>Telephone</u>: 631-333-1600                              <u>Facsimile</u>: 631-333-1670
<u>http://www.alberlegal.com/WWW.ALBERLEGAL.COM</u>

Put simply, Plaintiff has put his alleged $3.5 million in damages at issue and has stonewalled discovery on that central claim. Defendant cannot meaningfully proceed with depositions or trial preparation without clarity on the alleged injuries Plaintiff seeks to recover.

The federal diversity statute requires more than mere allegations — it requires a good faith basis, supported by evidence, that the amount in controversy exceeds $75,000. See, e.g., *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). The record here strongly suggests that Plaintiff manufactured his $3.5 million damages figure solely to satisfy jurisdictional requirements, without any legitimate factual basis. This Court has both the power and the duty to scrutinize and, if necessary, dismiss where jurisdiction is lacking.

Accordingly, Defendant respectfully requests that the Court:

1. Compel Plaintiff to immediately provide a complete damages computation, with itemized figures tied to each cause of action, and produce all supporting documentation (including employment, salary, financial, and medical records);

2. Require Plaintiff's compliance within seven (7) days of the Court's Order;

3. Preclude Plaintiff from introducing any damages evidence at deposition or trial if he fails to comply;

4. Dismiss or remand this action for lack of subject matter jurisdiction should Plaintiff fail to substantiate a good-faith claim exceeding $75,000.

Given that depositions are scheduled to commence on May 16, 2025, Defendant respectfully requests expedited consideration of this application.

We thank the Court for its attention to this important matter.

Respectfully,

*Lawrence Katz*

_____
Lawrence Katz, Esq.
*Attorneys for Defendant*
THE ALBER FIRM, P.C.
21 Walt Whitman Road
Huntington Station, NY 11746
Phone: (631) 333-1600



# THE ALBER FIRM
P.C.

21 Walt Whitman Road
Huntington Station, New York 11746

Telephone: 631-333-1600                    Facsimile: 631-333-1670
http://www.alberlegal.com/WWW.ALBERLEGAL.COM