UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                Plaintiff,<br><br>  -against-<br><br>ANUJA SHARAD SHAH,<br><br>                Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    As discussed at the conference held on May 5, 2025:

1. With regard to Defendant's motion to dismiss for lack of subject matter jurisdiction (**ECF 216**), by **May 9, 2025**, Plaintiff shall file a declaration under penalty of perjury with any evidence supporting his statement that he is a citizen of the United States who is domiciled in California, and Defendant shall submit a letter providing legal authority for her contention that this matter does not meet the jurisdictional amount under Section 1332.

2. With regard to Plaintiff's motion for sanctions for alleged violation by Defendant of the confidentiality order (**ECF 165**), Plaintiff shall, by **May 6, 2025**, provide Defendant's counsel with copies of the documents Plaintiff produced pursuant to the confidentiality order that Plaintiff contends Defendant used in violation of the confidentiality order, and Defendant shall, by **May 8, 2025**, provide a supplemental response in opposition to **ECF 165**.

3. With regard to Plaintiff's request that Defendant supplement her responses to his First Set of Interrogatories, RFAs, and Document Requests (**ECF 198**), by **May 6, 2025**,

>Defendant's counsel shall file a letter on the docket setting out Defendant's position on this issue. With regard to Plaintiff's concerns regarding the production of electronically stored information (**ECF 198**), by **May 8, 2025**, Defendant's counsel shall provide Plaintiff with a copy of the search hit report performed in connection with Defendant's document production or file a letter on the docket explaining why such a hit report cannot be provided; **by that same date**, Defendant's counsel shall also submit either a declaration from Defendant's eDiscovery vendor or from her counsel explaining the steps that were taken to collect and produce Defendant's documents, including an explanation for why the production largely contains screenshots rather than files with metadata.

4. With regard to documents produced by TextFree, TextNow, and any other third parties to Plaintiff's former counsel in response to his subpoena, Plaintiff shall direct his former counsel to provide such documents directly to counsel for Defendant by **May 8, 2025**; Plaintiff shall file confirmation on the docket by **May 6, 2025** that he provided his former counsel with a copy of this order. To the extent that, after the date of this order, Plaintiff receives any documents in response to a subpoena, he shall immediately provide a copy of all such documents to Defendant's counsel (or to Defendant if she is proceeding pro se at that time).

5. With regard to Defendant's motion to compel production of improperly redacted material (**ECF 213**), by **May 8, 2025**, Plaintiff shall produce to Defendant's counsel unredacted versions of all documents that were originally produced in redacted form with redactions for any reasons other than privilege, work product protection, or

personal identifying information. By **May 8, 2025**, Plaintiff shall provide a privilege log to Defendant's counsel.

6. With regard to Defendant's motion to compel Plaintiff's production of documents related to his damages (**ECF 204**), Plaintiff is directed to produce all such documents to Defendant's counsel by **May 6, 2025**.

7. Defendant's motion to take discovery from third party Meta Platforms, Inc. (**ECF 210**) is denied as untimely, without prejudice to Defendant's renewal at the appropriate time of that portion of the motion that seeks to admit screenshots without metadata.

8. Following Defendant's April 30, 2025 letter to the Court (**ECF 222**), Defendant shall, by **May 6, 2025**, provide Plaintiff with a signed consent form permitting LinkedIn to produce to Plaintiff's communications between Plaintiff and Defendant; Plaintiff shall provide a copy of all such documents to Defendant's counsel (or to Defendant if she is proceeding pro se at that time) immediately upon receipt from LinkedIn.

9. With regard to Plaintiff's motion for sanctions for alleged spoliation (**ECF 176**), by **May 8, 2025**, Defendant's counsel shall file a letter on the docket explaining how some messages from Defendant's email account came to be deleted while other were not, particularly in light of the representation that Defendant's Gmail account was on autodelete until this suit was filed.

10. With regard to Defendant's contention that Plaintiff failed to produce salacious communications between Defendant and Mr. Dordi, Plaintiff shall send a letter to Defendant's counsel by **May 6, 2025** highlighting the Bates ranges for such communications.

The Clerk of Court is respectfully requested to terminate **ECF 203, ECF 204, ECF 210, and ECF 213**.

DATED: May 6, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge