UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                    Plaintiff,<br><br>  -against-<br><br>ANUJA SHARAD SHAH,<br><br>                    Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      The Court received an undocketed communication from pro se Defendant, which is attached as Exhibit A to this Order.

      As explained in my prior orders (*see* ECF 196; ECF 227; ECF 228; ECF 234; ECF 236), parties may only communicate with chambers by email in rare, urgent circumstances. I do not believe that pro se Defendant's undocketed communication (Ex. A) is urgent. To the extent it is unclear, urgent means extremely time sensitive. There is time for pro se Defendant to file her application on the docket before the deadline for depositions. She may do so by submitting any filings through the Court's Pro Se Intake Unit, as outlined at https://www.nysd.uscourts.gov/prose. If pro se Defendant continues failing to comply with this Court's orders by sending non-urgent emails to chambers, I am likely to issue an order to show cause why she should not be sanctioned. Pro se Defendant is encouraged to file a notice of pro se appearance.

DATED:  May 8, 2025
             New York, NY

                                                                           SO ORDERED.

                                                                       _____
                                                                       **ROBYN F. TARNOFSKY**
                                                                       United States Magistrate Judge

# Exhibit A

| | |
|---|---|
| **From:** | Anu Shah |
| **To:** | Tarnofsky NYSD Chambers; caproni_nysdchambers@nysd.uscourts.gov; Viral Bhagat |
| **Subject:** | Re: Bhagat v. Shah, 1:24-cv-01424 (VEC) |
| **Date:** | Wednesday, May 7, 2025 9:36:52 AM |

**CAUTION - EXTERNAL:**

**Request for Urgent Judicial Intervention and Relief under Rule 26(c)**

Dear Judge Magistrate Tarnofsky / Judge Caproni:

Please note that I am writing this letter since currently I have no access to ECF systems and this matter needed urgent intervention since we are going to deposition next week. This letter is submitted in advance of a formal motion filed with the Pro Se Intake Unit (awaiting docketing) to respectfully request intervention

Plaintiff claimed **$3.5 million in damages** for 2-3 months of unemployment (exact time remains unverified), allegedly caused by the events giving rise to this case. In addition to the fact that after a year of chasing the Plaintiff to give a breakdown of his damages, on 6th May 2025 Defendant finds out that actually damages cannot even cross the threshold of $75000, and are **entirely unsupported** by the factual record:

1. Plaintiff's compensation at Meta consisted of a base salary of $220,000 with a **15% discretionary annual bonus**.

2. He alleges that he was granted **restricted stock units (RSUs)**, yet has produced **no authentic documentation**—such as grant letters, vesting schedules, or account records—to support this.

3. Within approximately **one week of his termination**, Plaintiff received an offer of employment at Clinch.ai, which he **voluntarily declined**. This alone undercuts any credible claim of **financial hardship** or **emotional distress**.

4. Despite being compelled by the Court on **May 5, 2025**, Plaintiff has **refused to disclose** his current employer, joining date and current compensation. If, as appears likely, Plaintiff is now earning more than he did at Meta, he has suffered **no economic or reputational loss**, and thus **no compensable legal injury**.

5.
The fact that Plaintiff was able to obtain a new offer within a week—and likely secured a better-paying role thereafter—during a historically challenging period in the technology labor market (between 2022 and 2025 more than 150,000 tech employees were jobless) - further **negates any theory of financial harm, reputational damage, emotional harm. Thus undercutting any claims or NIIED or Garden Variety Distress.**

In short, Plaintiff has **no viable legal claims**. Even assuming that some damages exist, they would fall **well below the $75,000 threshold** for diversity jurisdiction under 28 U.S.C. § 1332(a). Even a highly generous estimate would not place his losses close to $3.5mn. As such, **this Court may lack jurisdiction**, and if in fact if it does have a jurisdiction, Plaintiff must be compelled (after being compelled already) to prove his claims no later than 7th May 2025. Any further proceedings must be narrowly tailored to match the proportionality of the claims at stake, under the rule Rule 26(b)(1).

In the last 1 year, Plaintiff has subjected Defendant to **unduly burdensome, abusive, and invasive discovery**, in violation of Federal Rule of Civil Procedure 26(c). For example:

- Plaintiff issued **unauthorized subpoenas** to third parties, including **T-Mobile**, without providing proper notice to the Defendant or the Court. Through these subpoenas, he obtained the Defendant's **private surveillance and geolocation data**, including **call log on every SINGLE call and SMS** made throughout the day, accompanied by exact location for every single call and SMS —**for every single day over a span of over 1000 days**

- This data request had no relevance to the asserted claims or damages and constitutes a **gross invasion of privacy** designed to intimidate and harass rather than to obtain admissible evidence. In addition to using the T-Mobile data to harass and intimidate Defendant's family and friends

- Despite repeated requests, Plaintiff has refused to justify the scope or necessity of such surveillance data and continues to seek similarly expansive personal information with no proportionality to his alleged injury.

- Till date he continues to seek expansive communications and personal materials, despite failing to establish basic elements of liability or damages;

- He refuses to participate in reciprocal, good-faith discovery despite multiple deficiency letters and instructions from the Court.*(Note, Discovery deficiency of Plaintiff was first raised in Jan 2025 and till date he has not complied with / completed*

*that and by court order and the discovery ends on 9th May 2025).*

Accordingly, the Court is respectfully requested to:

1. **Dismiss this action** or require Plaintiff to immediately substantiate that his claims exceed the $75,000 jurisdictional threshold in good faith;

2. **Award the Defendant full fees and legal costs**, or appropriate relief, for having to respond to meritless claims and abusive discovery conduct disproportional to the claims;

3. Impose sanctions for discovery misconduct

4. If the matter proceeds, **limit all further discovery, including any deposition**, to issues that are strictly proportional to the likely recovery in this case.

Thank you for your time and attention to this matter. I remain available to appear for a hearing at the Court's convenience.

Respectfully submitted,

Anu Shah

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.