UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>        Plaintiff,<br><br> -against-<br><br>ANUJA SHARAD SHAH,<br><br>        Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  I held a discovery conference on May 12, 2025 to address a variety of outstanding discovery requests. As discussed at the conference:

1.  Defendant's motion for a stay of discovery (**ECF 251**) is **DENIED**. Her request for a further extension of the discovery deadline (**ECF 257**) is **DENIED IN PART**, in that the extension request is denied except, that the request is **GRANTED IN PART** to the limited extent that: a) this order requires responses to outstanding discovery requests, with the deadlines for providing all such responses being extended retroactively to the dates specified in this order, and b) that the deadline for depositions to be completed is extended until **May 23, 2025**.

2.  The parties are reminded that neither discovery-related correspondence between the parties nor discovery materials, including but not limited to document productions and responses to interrogatories, should be filed on the docket except as exhibits to letter-motions seeking the Court's intervention in a discovery dispute over which the parties have met and conferred and reached an impasse.

3. The parties are reminded that requests for Court intervention in discovery disputes should be filed on the docket as letter-motions and not as letters.

4. Defendant is reminded that she must file on the docket a notice of pro se appearance, which shall include her email address, telephone number, and mailing address. She shall make this filing by **May 13, 2025**.

5. Defendant is reminded that I will not consider any applications for relief or other filings that she personally made prior to the Court's order relieving her prior lawyer as counsel of record in this matter (**ECF 238**). If she wishes me to consider any such applications or other filings, she shall re-file them on the docket by **May 13, 2025**.

6. The parties are directed not to file more than one application on the docket seeking the same relief.

7. With regard to Plaintiff's motion to compel responses to his First Set of Interrogatories, RFAs, and Document Requests (**ECF 198**), I ordered Defendant's counsel to file a letter on the docket by May 6, 2025 setting out Defendant's position. (**ECF 233**.) Defendant states that she provided updated responses to Plaintiff, who says he did not receive those responses. Defendant shall provide Plaintiff with another copy of those materials by **May 13, 2025**. If Plaintiff does not timely receive those responses or does not believe the responses to be adequate, he shall, by **May 14, 2025**, file a letter-motion on the docket seeking to compel. With regard to Plaintiff's request for search hit reports performed in connection with Defendant's document production (**ECF 233**), Defendant's counsel stated that he had such a report, which I directed him to produce to Plaintiff by **May 8, 2025**. Plaintiff reports that no such report has been produced. Defendant has

until **May 13, 2025** either to produce that report to Plaintiff or to file a letter on the docket explaining why she has not done so.

8. With regard to Defendant's assertion that she did not receive notices of subpoenas served by Plaintiff, did not receive access to the documents produced by third-parties in response to such subpoenas, and did not receive the correspondence between Plaintiff and third-parties regarding such subpoenas (**ECF 252, 257**), Plaintiff is ordered to provide to Plaintiff by **May 13, 2025**: a) proof of transmission of all notices of third-party subpoenas to Defendant or her counsel, b) copies of all correspondence between him or his counsel and the third-parties concerning any such subpoenas, and c) access to Defendant to all documents produced in response to such subpoenas. If Plaintiff fails to comply with this obligation, Defendant may, by **May 14, 2025**, file a letter-motion on the docket seeking to compel his compliance. To the extent that this motion seeks sanctions against Plaintiff for violation of the protective order, spoliation in connection with documents deleted by Plaintiff before he knew he intended to sue Defendant, and witness harassment, the motion is **DENIED**. Defendant may renew the motion as to witness harassment on a proper record.

9. With regard to Defendant's application to compel production of what she contends was improperly redacted materials in Plaintiff's document production (**ECF 257**), Defendant shall, by **May 13, 2025**, provide five examples to Plaintiff of documents that she maintains were redacted without a corresponding entry on a privilege log, and Plaintiff shall, by **May 14, 2025** either: a) point Defendant to the corresponding log entries, b) supply an updated log with entries for the identified materials, or c) produce unredacted

versions of the documents. If Defendant remains dissatisfied with Plaintiff's production of redacted materials, she may file a letter-motion on the docket by **May 15, 2025**.

10. With regard to Defendant's application to compel production of documents relating to Plaintiff's claimed damages (**ECF 245**), Defendant stated at the conference that she withdraws the application and will rely on the materials already provided by Plaintiff. Plaintiff may not rely on any documents in support of his claimed damages that were not produced to Defendant as of **May 12, 2025**.

11. Defendant's application for her deposition testimony to be provided in an alternative format (including being permitted to respond to questions in writing or through a "limited on-camera session" and to be permitted to consult with counsel in "real time" during her deposition (**ECF 254**) is **DENIED**. Defendant's deposition testimony shall be provided orally. If she believes a question posed by Plaintiff raises issues of privilege, she may take a break and step out to consult with counsel. Both Plaintiff and Defendant shall sit for their respective depositions on or before **May 23, 2025**.

12. On April 22, 2025, I issued an order stating that Defendant had the option of either: a) producing all responsive documents in her possession, custody, or control for the period between April 1, 2022 and December 31, 2022, which production I had previously ruled was not necessary on burden grounds, or b) forgoing use of the documents in her selective production dating from that period for any purpose in connection with this case. (**ECF 193**.) Defendant's counsel elected the second option. (**ECF 222**.) At a conference held on May 5, 2025, Defendant directed her then-counsel to argue that she should not be required to accept either option, because her production had not been

      selective in that she produced all documents she had in her possession at the time this case began. Because Defendant has provided a plausible explanation for why she had some but not all documents from the April to December 2022 time period and states that she produced all such documents, I withdraw that portion of my order pf April 22, 2025 (**ECF 193**) requiring her to make the election set forth above.

13. With regard to Defendant's application to admit screenshot evidence (**ECF 239**), that application is **DENIED** as premature, without prejudice to renewal as a motion in limine at the appropriate time.

14. On April 22, 2025, I issued an order requiring Defendant to either: a) provide the consent sought by LinkedIn before it will produce communications between Plaintiff and Defendant on that platform, or b) waive her argument that the communications at ECF 147-2 were altered by Plaintiff, explaining that Defendant may not at the same time assert that Plaintiff has altered the LinkedIn communications between Plaintiff and Defendant and refuse to provide the consent required by LinkedIn to produce the documents from LinkedIn's files that would definitively answer the question whether the communications in question were altered. (**ECF 193**.) Defendant's counsel initially selected the first option. (**ECF 222**). Plaintiff complained that Defendant had failed to provide the signed waiver permitting LinkedIn to produce communications between Plaintiff and Defendant. (**ECF 259**.) Defendant stated at the conference that she wished to change the original election and adopt the second option – that is, that she waived her argument that the communications at ECF 147-2 were altered by Plaintiff.

15. Plaintiff's motion for sanctions for violations of the confidentiality order (**ECF 165**) is **DENIED**.

16. Plaintiff's motions for sanctions for alleged spoliation by Defendant (**ECF 176**) and to compel production of a document Defendant has represented that she no longer has (**ECF 240**) are **DENIED**.

17. Plaintiff's motion to compel identification of the 15 women mentioned in a communication by Defendant (**ECF 243**) is **DENIED**.

18. With regard to Plaintiff's motion to compel identification of "Nikki" (**ECF 241**), Defendant is directed to request, by **May 13, 2025** that Nikki provide a declaration by **May 16, 2025** as to whether she filmed the video identified by Plaintiff; if Nikki declines to do so, Defendant shall file a letter on the docket by **May 16, 2025** so indicating.

19. Defendant was **ORDERED** to file on the docket proof of the basis for her request to reschedule the conference originally set for 11:00 am on May 12, 2025 by **May 12, 2025**. (*See* **ECF 262**.) She failed to do so. I am extending her deadline sua sponte and nunc pro tunc until **May 13, 2025**. Defendant is warned that failure to timely respond to this or any other Court order may lead to sanctions.

20. The parties' respective applications at **ECF 48, 216, 241, and 251** remain open, although as I indicated at the conference, it is my expectation that I will recommend to Judge Caproni that she deny Defendant's motions questioning this Court's subject matter jurisdiction over this matter (**ECF 216, 251**). All other applications not mentioned in this order are **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF **165, 176, 240, 243, and 252**.

DATED: May 13, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge