UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

              Plaintiff,

  -against-

ANUJA SHARAD SHAH,

              Defendant.

24cv01424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

For the reasons discussed at the discovery conference on May 16, 2025:

1. A report and recommendation will be forthcoming to address the motions at **ECF 48, 216, 251 and 277**.

2. Plaintiff's motion to compel a further response to interrogatory number 1 of his second set of interrogatories (**ECF 241**) is **DENIED** as disproportionate to the needs of the case.

3. Defendant has not timely complied with item 19 of my order at **ECF 270**. I am retroactively extending until **May 20, 2025** without a request by Defendant the time for Defendant to file proof of the reason she asked to reschedule the conference on Monday, May 12, 2025.

4. Defendant's motion to compel discovery (**ECF 271**) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion is **GRANTED IN PART** (points 1-4) in that Plaintiff shall by **May 16, 2025** once again provide Defendant with a copy of a) all materials produced by third parties and b) his own document production. Plaintiff shall include all materials sent to and received from third parties in connection with all subpoenas, including but not limited to his termination letter from Meta and all correspondence with counsel for the subpoenaed third parties. Plaintiff shall send the links to the materials to my Chambers email address and to Defendant at the same time, to demonstrate that the links are operable. The motion is **DENIED IN PART** (points 5-6) in that c) whether and to what extent the discovery schedule will

        be extended to permit any depositions of third parties will be discussed at a conference during the week of May 19, 2025, and d) Plaintiff is not required to provide the requested attestation, although Defendant may question Plaintiff at his deposition about Dordi's role.

5. Plaintiff's motions for sanctions for Defendant's alleged fraud on the Court (**ECF 272, ECF 280**) are **DENIED** as insufficiently supported by fact, among other reasons stated on the record.

6. Defendant is **ORDERED** to serve her motion to compel discovery from third party Dordi (**ECF 275**) and include a copy of my order on **ECF 112** on Dordi's counsel by **May 19, 2025** and to file proof of service on the docket by that same date.

7. Defendant's motion to compel discovery (**ECF 276**) is **DENIED** without prejudice to renewal after the parties meet and confer; the parties are **ORDERED** to meet and confer by **May 19, 2025** concerning the issues raised in this motion. With regard to Defendant's claim that Plaintiff has improperly redacted documents, if the parties are unable to resolve the issue, Defendant shall file a letter-motion on the docket by **May 20, 2025** that attaches up to five documents that she claims are improperly redacted, along with the corresponding privilege log entries; Plaintiff shall by **May 20, 2025** send unredacted copies of any such documents for my review in Chambers to my Chambers email address. To the extent there are any other outstanding issues after the parties meet and confer, Defendant shall raise those issues in a letter-motion filed on the docket by **May 20, 2025.**

8. Plaintiff's motion to compel (**ECF 281**) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED IN PART** to the extent that it seeks production of a hit report that Defendant represents does not exist. It is **GRANTED IN PART,** in that if Plaintiff by **May 16, 2025** again provides Defendant with his first set of interrogatories and RFAs, then Defendant shall respond by **May 19, 2025.** To the extent Plaintiff contends that any such responses are insufficient, he shall meet and confer with Defendant and raise any unresolved issues by letter-motion by **May 20, 2025.**

9. Defendant's motion to compel third-party productions (**ECF 287**) is **DENIED AS MOOT**; Plaintiff will, as set forth in item 4 above, provide Defendant with all materials sent to and received from third parties in connection with any subpoenas he served.

10. Plaintiff's motion to quash (**ECF 294**) is **DENIED** without prejudice to renewal after the Court determines whether and to what extent the discovery schedule will be extended to permit depositions of third parties.

The parties are reminded that they are expected to comply with all Court orders. If a party is unable to comply with a Court-ordered deadline, he or she shall file an application for an extension of time on the docket before the deadline. Failure to comply with a Court deadline without extremely good cause could lead to sanctions.

A video conference is scheduled for Wednesday, **May 21, 2025 at 12:00 p.m**. Pro se Plaintiff and pro se Defendant are directed to join the video conference at the scheduled time with audio on but no video. The Courtroom Deputy will send the conference details. The public may observe by calling (646) 453-4442 and entering access code: 893 858 499#.

The Clerk of Court is respectfully requested to terminate **ECF 241, 271, 272, 276, 280, 281, 287, and 294.**

DATED:  May 16, 2025
          New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge