UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                    Plaintiff,<br><br>    -against-<br><br>ANUJA SHARAD SHAH,<br><br>                    Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed and for the reasons set forth at the discovery conference held on May 21, 2025:

1. Defendant's motion to compel discovery from third party Dordi (**ECF 275**) is **DENIED as moot**. Dordi's counsel has agreed to produce certain of the materials requested and to make him available for a deposition on the subjects set forth in Dordi's counsel's letter (**ECF 301**). Defendant has represented that Dordi's counsel will simultaneously provide the production to Plaintiff and to Defendant by **May 27, 2025**. Defendant has indicated that she intends to depose Dordi on the topics set out in the letter from Dordi's counsel (**ECF 301**). Such deposition shall take place by **June 6, 2025**. Accordingly, the deadline to complete discovery is extended until **June 6, 2025** solely for the purpose of permitting Dordi's production and deposition. Plaintiff stated at the conference that he would like to question Dordi on additional topics at deposition. Plaintiff is ORDERED to meet and confer with Dordi's counsel as soon as possible on the scope of Dordi's questioning; if Plaintiff and counsel for Dordi are unable to reach an agreement about any additional scope of testimony by Dordi at his deposition, Plaintiff shall file a letter-motion on the

        docket by **May 28, 2025** to seek relief from this protective order limiting the scope of Dordi's deposition.

2. Plaintiff's motion to compel Defendant to provide him with all productions from and related written communications with third parties (**ECF 298**) is **GRANTED IN PART**, in that Defendant is required to produce by **May 23, 2025** any such materials that she has not already produced; the motion is **DENIED IN PART**, in that Defendant is not required to provide a list of Meta employees with whom she has discussed this case. Plaintiff may ask Defendant at deposition about her communications with Meta employees.

3. Defendant's motion to compel (**ECF 300**) is **DENIED IN PART** to the extent it seeks in camera review of the communications among Google, Plaintiff, and his former counsel; the motion is **GRANTED IN PART** in that Plaintiff shall direct Defendant to the location in his production of the communications with third party Kothari and shall produce by **May 23, 2025** any such communications that are not in his production. Plaintiff represented that he is withdrawing his subpoena to Kothari and shall do so by **May 23, 2025**.

4. Plaintiff is **ORDERED** to provide Defendant with a redacted copy of his tax returns by **May 23, 2025**.

5. The parties are **ORDERED** to meet and confer further on their respective deficiency letters. To the extent they are still unable to resolve any issues, they shall by **May 27, 2025** file a letter-motion to compel on the docket.

6. Defendant has still not complied with item 19 of my order at **ECF 270** and item 3 of my order at ECF **297**. Her time to file proof on the docket of the reason she asked to

reschedule the conference on Monday, May 12, 2025 is again extended retroactively and without a request by Defendant until **May 23, 2025**.

7. Counsel for third party Meta appeared at this conference and requested leave to be heard on whether any Meta employees should be compelled to sit for deposition. Counsel for Meta has until **May 27, 2025** to submit a letter on that issue. I expect to decide shortly thereafter whether and to what extent I will extend the discovery deadline for the purpose of permitting third party depositions other than the deposition of Dordi.

The Clerk of Court is respectfully requested to terminate ECF 275, 298, and 300.

DATED: May 22, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge