UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>       Plaintiff,<br><br> -against-<br><br>ANUJA SHARAD SHAH,<br><br>       Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the conference on May 30, 2025:

1. Defendant's application for a protective order limiting the scope and use of her deposition (**ECF 321**) is **GRANTED IN PART**, in that Plaintiff is admonished that he may not share any portion of a deposition transcript that is marked confidential except as provided under the protective order (ECF 81). The application is **DENIED IN PART**, in that I decline to limit the scope of Plaintiff's questioning of Defendant. Plaintiff has a limited amount of time to depose Defendant (7 hours), and he may use that time to question Defendant on matters that could elicit evidence tending to support his claims or to counter Defendant's defenses, using documents produced in discovery even if those documents have been marked confidential. Prior to any trial, the parties will have an opportunity to move for exclusion of evidence, and Judge Caproni will decide those motions.

2. Defendant's application to preclude Plaintiff from relying on materials produced by Plaintiff after May 24, 2025 (**ECF 322**) is **DENIED**. Defendant's motion to compel production of an April 21, 2025 communication between Plaintiff and Meta (**ECF 341**) is

**DENIED** as moot. Plaintiff represented at the conference that the April 21, 2025 communication is in his document production. Defendant maintains that she is unable to access Plaintiff's document production. Plaintiff originally produced documents to Defendant's former counsel, which arguably satisfied his production-related obligations. Nevertheless, to avoid the possibility of prejudice to Defendant if she was unable to access the documents produced to her former counsel, I ordered Plaintiff to provide Defendant with a duplicate copy of his production and all third-party productions, including correspondence post-dating the original production, which Plaintiff says he did by providing a link to Defendant to allow her to access the documents. When Defendant complained that she was unable to access the productions through the link provided by Plaintiff, which Defendant said were non-functioning, I directed Plaintiff to resend the link to Defendant and to copy my chambers on the email with the link. My courtroom deputy clerk was able to use the link provided to access Plaintiff's productions and third-party productions, so I conclude that Plaintiff sent a working link. Plaintiff has offered to have a Zoom meeting with Defendant to show her how to use the links he sent to access those productions. Plaintiff is **ORDERED** to make himself available to have a Zoom meeting with Defendant for that purpose by **June 2, 2025**. Once Defendant gains access to the productions through the link, she should download the documents. If Defendant believes any documents to be missing, she should raise the issue with me by letter-motion by **June 9, 2025**. However, once Plaintiff meets with Defendant and she is able to access his productions, I do not expect to entertain any further complaints from her that she has been unable to access those productions.

3. Defendant's letter at **ECF 323** does not appear to seek any relief and merely provides a litany of largely factually inaccurate complaints about my prior discovery-related and other decisions. If Defendant believes a decision reflects an abuse of discretion, she may ask for Judge Caproni's review.

4. Defendant's application for a preclusion order based on Plaintiff's failure to produce all financial records as ordered (**ECF 324**) is **DENIED**. Plaintiff represents that he has produced all such documents. Defendant informed me that Plaintiff's production was made after the deadline I set, which Plaintiff conceded. Plaintiff is admonished that failure to comply with Court-ordered deadlines without good reason is unacceptable, and that if Plaintiff is unable to comply with a Court-imposed deadline, he must seek an extension of time in advance of the deadline. Plaintiff is further admonished that any future failures to meet Court deadlines without seeking an extension of time from the Court may lead to sanctions, including monetary penalties.

5. Meta objects to depositions of its employees and to any additional document production (**ECF 326**). Defendant issued her deposition subpoena on Meta one day before the deadline for completing fact discovery (ECF 336), meaning that the requested deposition could not occur before the close of discovery. Accordingly, the subpoena for a Meta employee's testimony issued by Defendant is quashed. The discovery schedule will not be extended to allow either Plaintiff or Defendant to depose Meta employees. The parties had ample time to seek third-party depositions but chose not to do so, other than the deposition of Rushad Dordi, and the parties have provided no valid reason why the discovery deadline should be extended yet again for the purpose of permitting

depositions of third parties whose testimony was not sought within the discovery period. Nor will I order Meta to supplement its document production. The parties had ample time to move to compel additional production from Meta within the discovery period but declined to do so. However, Meta has agreed to review certain documents for purposes of authenticating them if the parties are unable to reach an agreement as to authenticity. Accordingly, the parties shall, by **June 2, 2025**, exchange the documents for which each party seeks authentication. By **June 3, 2025**, each party shall let the other know if it contests the authenticity of the documents shared by the other side. If a party declines to authenticate any of the identified documents, the party seeking authentication may, by **June 4, 2025**, send counsel for Meta the clearest copies of such documents in his or her possession and request authentication. If Meta receives any such request, Meta shall let the parties know by **June 20, 2025** whether it is able to authenticate the identified documents. Because I provided Defendant with a full opportunity to raise any issues she had about Meta's discovery, Defendant's motion for an extension of time to respond to Meta's objection to depositions of its employees (**ECF 339**) is **DENIED**.

6. Defendant's motion for sanctions (**ECF 332**) is **DENIED**. To the extent Plaintiff has a duty to disclose the Meta litigation, he has not unduly delayed in doing so. The narrative that Defendant duped Plaintiff into violating Meta policy is not inconsistent with the narrative that Meta improperly singled Plaintiff out for violating Meta's policy. There is a protective order in place precluding Plaintiff from using discovery in this case to support claims in other litigation, including his case against Meta. However, Plaintiff is **ORDERED**

to determine whether his complaint against Meta in arbitration is protected by any confidentiality protections; if the complaint is confidential, Plaintiff shall inform Defendant by **June 9, 2025**, and if it is not confidential, Plaintiff is directed to produce that complaint to Defendant by **June 9, 2025**. Defendant's request that Plaintiff be compelled to produce his complaint to the California Department of Human Rights, which complaint was rejected, is **DENIED**.

7. Plaintiff's motion to compel Defendant to answer RFA 8 is (**ECF 333**) is **DENIED**. Plaintiff may question Defendant about the recordings at her deposition and may renew this application if appropriate after that deposition.

8. Plaintiff's motion to compel dates for the parties' depositions (**ECF 329**) is **GRANTED**. Plaintiff shall sit for his deposition on **June 26, 2025** and Defendant shall sit for her deposition on **June 30, 2025**. Dordi shall sit for his deposition on or before **June 27, 2025**. Defendant's motion for an extension of the discovery schedule for the limited purpose of deposing Dordi (**ECF 334**) is **GRANTED**. To be clear, paper discovery in this case is closed, except that the parties may raise by letter motion on or before **June 16, 2025** any arguments that the other party's production is incomplete. The deadline for completion of depositions in this case is extended until **June 30, 2025**, to permit the three depositions listed above to take place; no other depositions may be taken by any party.

9. Defendant's deadline to file proof on the docket for her reason for rescheduling the May 12, 2025 conference is extended until **June 4, 2025**. Failure to comply with this deadline may result in an order to show cause why Defendant should not be sanctioned for non-

compliance with an order of this Court, up to and including monetary sanctions and/or a finding that Defendant misrepresented the reason for her request to reschedule. Defendant has stated that she made her supervisor aware of the Court's order requiring Defendant to provide such proof but that her employer has policies and practices that prevent Defendant's supervisor from providing confirmation that Defendant had a work-related conflict at the time of the May 12, 2025 conference. Defendant is **ORDERED** to provide her supervisor and to a representative of her employer's human resources department with a copy of this order and to file proof that she has done so on the docket by **June 2, 2025**.

The Clerk of Court is respectfully requested to terminate ECF 329, 332, 333, 334, and 341.

DATED: June 2, 2025
       New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge