UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As set forth and for the reasons discussed at the conference on June 5, 2025:

1. Defendant's motion at **ECF 345** is **DENIED IN PART**, in that: 1) Plaintiff is not required to redo his production yet again or to disclose information about his ESI vendor, and Defendant is not permitted to issue a subpoena to Plaintiff's ESI vendor; 2) Plaintiff is not required to provide an affidavit about his document production, although Defendant may question Plaintiff at his deposition about his production; and 3) the request for sanctions is denied. The motion is **GRANTED IN PART**, in that the parties are ORDERED to meet and confer concerning production of Plaintiff's eBay application materials; Plaintiff is ORDERED to make the link to his document productions available to Defendant until **June 13, 2025**; Plaintiff is ORDERED to provide Defendant with an updated privilege log by **June 9, 2025**; and Plaintiff is ORDERED to produce to Defendant the cover letters from his former counsel's document productions to Defendant's former counsel if such cover letters exist. The parties are ORDERED to meet and confer about Defendant's privilege log. Defendant is ORDERED to review the text "fragments" and file a letter on the docket by **June 9, 2025** if there are any such fragments bearing

Bates numbers indicating production by Plaintiff (any such letter should identify the Bates numbers of those fragments); if Defendant files such a letter, Plaintiff shall have until **June 10, 2025** to respond.

2. Defendant's motion to be permitted to issue a subpoena to Meta (**ECF 346**) is **DENIED as moot**. As set forth in my order at ECF 343, if the parties are unable to reach agreement about authenticating documents, a party seeking authentication of documents were to send those documents to Meta by June 4, 2025, and Meta has agreed to let the parties know by **June 20, 2025** whether Meta can authenticate the documents. Defendant represents that she has emailed a copy of a document to Meta and requested that Meta let the parties know whether it can authenticate that document.

3. Plaintiff's motion for an equal allocation of time at the deposition of non-party Dordi (**ECF 350**) is **GRANTED IN PART**, in that Defendant shall have five hours to question Dordi and Plaintiff shall have two hours, provided however that if Defendant does not use all her allotted time, that time is ceded to Plaintiff. The deposition shall be conducted as follows: Defendant may depose Dordi for up to 4.5 hours; then Plaintiff may depose Dordi up to the 6.5 hour mark; and then Defendant may depose Dordi for up to an additional half-hour.

4. Plaintiff informed me that Defendant had filed an application (**ECF 353**) attaching as an exhibit his tax return without seeking to seal that exhibit. That exhibit will be sealed temporarily while I consider Plaintiff's request that the tax return be sealed permanently. Defendant is admonished that, while she is a pro se litigant, it is common sense that someone's tax return should not be filed on the public docket without a

request to seal – particularly since Defendant herself has complained about Plaintiff's filing on the docket of confidential materials she produced. Any future filing by Defendant of Plaintiff's personal financial information on the docket without an application to seal may lead to sanctions.

5. On June 2, 2025, I issued an order (ECF 343) directing Defendant to file on the docket her proof of why she rescheduled the conference on May 12, 2025, along with a motion to seal. That filing had not been placed on the docket at the time of the conference, but Defendant stated that she had already sent those materials to the pro se intake unit but that if the pro se intake unit had not received those materials, she could resend them. After the June 5, 2025 conference, Defendant called chambers and told my law clerk that emails she had sent to the pro se intake unit had bounced back; he suggested that she contact the pro se intake unit directly. I instructed my courtroom deputy clerk to check with the pro se intake unit to confirm receipt of Defendant's filing in response to my order at ECF 343. The pro se intake unit did not receive Defendant's response to my order at ECF 343, although the unit did receive two other email filings from Defendant on June 5, 2025 (ECF 353 and one other filing that has not yet appeared on the docket). The unit also rejected one email request to file as duplicative of a prior filing by Defendant and rejected one email request to file because it contained exhibits only but no underlying document; the latter proposed filing concerned expert witnesses. Defendant has failed to comply with several of my orders directing her to file proof of why she rescheduled the conference on May 12, 2025. I am skeptical that Defendant, who has had no previous issues emailing filings to the pro se intake unit, would have a

problem making the required filing in response to my order at ECF 343. Nevertheless, I am granting one further extension of time, nunc pro tunc, until **June 9, 2025**, for Defendant to making a filing in satisfaction of my order at ECF 343. Failure to comply with this deadline may result in an order to show cause why Defendant should not be sanctioned for non-compliance with a Court order, up to and including monetary sanctions and/or a finding that Defendant misrepresented the reason for her request to reschedule.

The Clerk of Court is respectfully requested to terminate **ECF 345, 346, and 350.**

DATED:  June 6, 2025
          New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge