UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>               Plaintiff,<br><br>  -against-<br><br>ANUJA SHARAD SHAH,<br><br>              Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendant copied my chambers on an email to the pro se intake unit seeking to docket an attached filing, which have been filed at ECF 362 and ECF 362-1. However, the text of Defendant's email will not be docketed and therefore is an undocketed communication. I therefore attach the communication as Exhibit A to this order.

As I have explained on numerous occasions, both Plaintiff and Defendant must communicate with chambers by filing letters on the docket; both Plaintiff and Defendant have been directed not to email chambers directly, except in urgent circumstances or at the direction of the Court. (*See* ECF 196; ECF 228; ECF 234; ECF 236; ECF 244; ECF 303; ECF 314). Defendant asserts in her email that Plaintiff enjoys "unlimited, real-time access to Chambers" while Defendant does not and that Defendant is "expressly barred from emailing Chambers." These statements are false. Both Plaintiff and Defendant are required to comply with my prior orders not to email chambers directly unless the matter is urgent. To the extent that Defendant complains about my decision following Plaintiff's June 5, 2025 email to chambers to temporarily seal Plaintiff's tax returns, which Defendant had sought to file on the public docket, my order

docketing Plaintiff's email explained why that matter was urgent, such that Plaintiff's use of email to contact chambers did not violate my prior orders. (*See* ECF 356.)

The issues raised in Defendant's undocketed email – concerning her perception that Plaintiff has access to chambers while she does not and her contention that Plaintiff has denied her full access to his document production in violation of my order of June 6, 2025 – are not urgent. I understand that these issues are important to Defendant, but as I have explained previously, an issue is not urgent simply because it is important; the issue must be time-sensitive, meaning that the Court needs to act immediately. Examples of urgent matters include an emergency application to seal confidential documents that would otherwise be filed on the public docket or informing the Court of a delay in attending or inability to attend a scheduled Court conference. If Defendant wishes to avoid filing delays from emailing filings to the pro se intake unit, she may request renewed permission for electronic filing in pro se cases by filing an appropriate motion, which is available at:

https://nysd.uscourts.gov/forms?field_form_category_target_id=22&title=&sort_by=title.

I also note that Defendant has on two recent occasions called chambers directly – on June 5 and June 6, 2025. The subject of the June 5 call is described in my June 6, 2025 order. (*See* ECF 357 ¶ 5.) On June 6, 2025, Defendant called chambers and asked my law clerk for the reasoning for my order denying as moot Defendant's request to issue a subpoena to non-party Meta Platforms (*see id.* ¶ 2). Defendant may not do an end run around my requirement that parties email chambers only in urgent situations by calling chambers. Parties' calls directly to chambers, like parties' email messages directly to chambers, must be limited to urgent

circumstances. To be clear, both Plaintiff and Defendant in this matter are ORDERED not to call

or email chambers directly absent truly urgent circumstances.

DATED:  June 10, 2025
         New York, NY

                                      SO ORDERED.

                                      **ROBYN F. TARNOFSKY**
                                      United States Magistrate Judge

# Exhibit A

| | |
|---|---|
| **From:** | anu shah |
| **To:** | Pro Se Filing; Tarnofsky NYSD Chambers |
| **Subject:** | Plaintiff's Continued Defiance of Court Order and Prejudicial Chamber Access (Bhagat v. Shah, 1:24-cv-01424) |
| **Date:** | Monday, June 9, 2025 7:44:07 AM |
| **Attachments:** | 9 June - Re-Production of Documents Pursuant to Court Order.pdf |
| | Access to the production.pdf |

<mark>CAUTION - EXTERNAL:</mark>

### Subject:

Dear Judge Tarnofsky and Chambers,

I write to urgently raise two critical concerns regarding the ongoing imbalance in this litigation:

1. **Plaintiff Still Has Not Restored Discovery Access**:
   Despite being expressly instructed on June 6, 2025, to provide uninterrupted access to his discovery production drive for at least one week, Plaintiff Viral Bhagat continues to restrict and manipulate access. As of today, I still do not have full access, which significantly impairs my ability to prepare for the second deposition and conduct meaningful discovery review. This continued defiance of the Court's order is obstructive and deliberate.

2. **Uncontrolled and Unequal Access to Chambers Is Prejudicial**:
   Plaintiff appears to enjoy unlimited, real-time access to Chambers, giving him an unfair procedural advantage. Even minor issues—such as a request to seal a tax return—are relayed instantly and entertained, while my communications face bottlenecks and delays. Meanwhile, I have been expressly barred from emailing Chambers, leaving me without equal recourse. This asymmetry has become materially prejudicial, slowing me down and tilting the process in Plaintiff's favor when we are only 2 weeks away from deposition.

I respectfully request that the Court take immediate steps to (a) enforce compliance with the June 6 directive, and (b) ensure that communications from both parties are treated with equal access and urgency moving forward.

Respectfully,
**Anu Shah**
Pro Se Defendant

<mark>**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.</mark>