UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

      -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

The Court received undocketed communications from pro se Defendant, which are attached as Exhibits A through J to this Order.

Both Plaintiff and Defendant have been ordered not to email chambers directly except in urgent circumstances or at the direction of the Court. (*See* ECF 196; ECF 228; ECF 234; ECF 236; ECF 244; ECF 303; ECF 314; ECF 366.) Defendant's submissions to the Court by email are not urgent (meaning time-sensitive), because shortly before sending Defendant made submissions to the Court's Pro Se Intake Unit, which have since filed on the docket some of the documents they received from Defendant before the emails to chambers. (*See* Exs. A, F; ECF 374; ECF 376; ECF 376-1; ECF 376-2; ECF 376-3; ECF 376-3.) It is not my practice to review emails to chambers that have been sent to the Pro Se Intake Unit until those materials are docketed. I will not review Defendant's submissions in the attached communications until they are filed on the docket.

Defendant asserts: that Plaintiff has an "unfair advantage of writing directly to the chambers" and that I review his communications "for oral discussion even before it hits the docket," which she says "delays the Defendant from sharing her written argument" and

prevents me from "get[ting] time to examine the written arguments and proofs from

Defendant"; and that "Plaintiff has been permitted extensive real-time access to Chambers,

including informal requests for sealing and production-related relief" while Defendant's

submissions "have faced procedural obstacles, creating a disparity that is significantly slowing

my ability to move forward efficiently." (*See* Exs. A, F.)

      Defendant's assertions are false. To the extent Defendant complains about my decision

following Plaintiff's June 5, 2025 email to chambers to temporarily seal Plaintiff's tax returns,

which Defendant had sought to file on the public docket, my order docketing Plaintiff's email

explained why that matter was urgent, such that Plaintiff's use of email to contact chambers

did not violate my prior orders. (*See* ECF 356.) To the extent that Defendant complains that I

consider Plaintiff's email submissions to the Court ahead of scheduled status conferences but

do not do the same for Defendant's submissions, as explained in my prior orders, I do not

consider such submissions because they are not urgent and are not made at the direction of the

Court. (*See* ECF 196; ECF 228; ECF 234; ECF 236; ECF 244; ECF 303; ECF 314; ECF 366.) For the

same reason, I am not considering Defendant's submissions in the attached communications

until they are filed on the docket. If Defendant wishes to avoid filing delays from emailing filings

to the Pro Se Intake Unit, she may request renewed permission for electronic filing in pro se

cases by filing an appropriate motion, which is available at:

https://nysd.uscourts.gov/forms?field_form_category_target_id=22&title=&sort_by=title.

Defendant may also discuss any submitted but non-filed documents during status conferences

held in this action.

Both Plaintiff and Defendant are warned that future refusal to refrain from emailing chambers in violation of this order and my prior orders will result in an order to show cause why that party should not be sanctioned for non-compliance with a Court order.

DATED:  June 11, 2025
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge