UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at and for the reasons set forth at the conference held on June 11, 2025:

1. Plaintiff has moved to seal the attachments to his letter in further support of his Rule 72(a) motion (ECF 360). (*See* **ECF 359**.) The parties previously made motions seeking the sealing of several of these attachments (**ECF 359, Exs. A, B, C**), which motion I denied. (*See* ECF 180; ECF 192.) I do not intend to revisit those decisions. As to the documents Plaintiff seeks to seal for the first time now (**ECF 359, Exs. D, E, F, G**), those documents were produced by a third party, Meta. Accordingly, Plaintiff is **ORDERED** to serve Meta and Defendant with a copy of his motion to seal and letter with the attachments he seeks to seal (**ECF 359, 360**) as well as with a copy of this order by **June 13, 2025**, and to file proof of such service on the docket on the same day. If Meta or Defendant wishes to be heard on the sealing motion, they shall file a letter on the docket setting out their positions by **June 20, 2025**.

2. Defendant has moved to compel production of certain documents related to damages (**ECF 361, 369**); Plaintiff opposes the motion (**ECF 371**). Based on issues raised by Defendant's damages expert, the motions are **GRANTED IN PART**, in that Plaintiff is **ORDERED** to produce, by **June 16, 2025**, a) documents sufficient to demonstrate all employment-

related income from the years in question and b) documents sufficient to demonstrate the status of his eBay RSUs; and the motions are otherwise **DENIED IN PART**. Defendant may question Plaintiff about his salary at Meta and any discrepancies she identifies at Plaintiff's deposition.

3. In her letter at **ECF 362**, Defendant again complains about her access to Plaintiff's document production, and Plaintiff again insists that he has provided full access (**ECF 367**). Defendant and Plaintiff are **ORDERED** to meet and confer over Zoom by **June 13, 2025** so that Plaintiff can demonstrate how Defendant can access his production.

4. Defendant's request at her letters at **ECF 363 and 368** are denied as moot, since Meta has indicated to Defendant that it intends to authenticate the document in question or tell her that it is unable to do so.

5. On June 9, 2025, Defendant filed a motion to seal a document she claims proves, as required by my order (ECF 349) that she rescheduled the conference held on May 12, 2025 due to a work conflict. (*See* **ECF 364**.) She states that she provided the document she sought to be sealed to the clerk at the desk of the pro se intake unit and also by email. Because the pro se intake unit had been unable to locate the document – either in hardcopy or as an email – I directed Defendant to email the document in redacted and unredacted form directly to chambers. I stated that I would arrange for those documents to be filed on the docket, with the unredacted version being placed under seal temporarily. Defendant sent two emails, which seem to be identical, and which are attached hereto as Exhibits A through F. The emails include a copy of the motion to seal that appears at ECF 364 along with a heavily redacted chat that states on its face that it was edited; Defendant

did not include an unredacted copy as I directed her to do at the conference. The redacted documents attached by Defendant contain no information that could be considered confidential or sensitive, and so those documents will be filed on the docket and not sealed. The motion to seal the redacted documents is **DENIED**. Defendant is **ORDERED**, by **9:00 am on June 13, 2025** to email to my chambers an unredacted version of the document she claims demonstrates that she had to reschedule the conference on May 12, 2025 because of a work conflict. If the redacted information is confidential or sensitive, I will file it on the docket under seal. Defendant is warned that I have given her multiple opportunities to comply with what should have been a simple directive to provide proof of the reason she had to reschedule the May 12, 2025 conference; I find her multiple failures to comply to be both suspicious and disrespectful to the Court. If Defendant fails to comply with this order, I expect to issue an order to show cause why she should not be sanctioned for her multiple failures to comply with Court orders, which sanctions could include monetary sanctions and/or a finding that Defendant was untruthful when she told the Court that she had to reschedule the May 12, 2025 conference because of a work conflict.

6. Plaintiff's motion to compel Defendant to produce a privilege log (**ECF 370**) is **DENIED** in light of Defendant's representation that she has not withheld any documents created after the start of this litigation on the basis of privilege.

7. Plaintiff's motion for discovery on discovery (**ECF 372**) restates arguments he made in previous motions, including ECF 317, which I have already rejected (ECF 330). Plaintiff has provided no valid reason why I should reconsider that decision. The motion is **DENIED**.

8. Defendant's motion for sanctions (**ECF 373**) is **DENIED**.

9. Defendant asks that the document she filed as Exhibit 2 to ECF 373, which I sealed temporarily, be unsealed. (*See* ECF 374.) Defendant is **ORDERED** to serve a copy of ECF 373 and ECF 374 on third party Meta by **June 13, 2025**. If Meta wishes to be heard on Defendant's motion to unseal ECF 373, Ex. 2, they may do so by filing a letter on the docket by **June 20, 2025**.

10. Defendant has indicated that she intends to have an expert submit an expert report on Plaintiff's claimed damages; Plaintiff has not determined whether he intends to offer a damages expert as well. Plaintiff shall have until **June 25, 2025** to disclose the names of any experts he intends to use; the parties' experts shall have until **July 14, 2025** to provide their expert reports to the other side; rebuttal expert reports, if any, are due by **July 21, 2025**; and expert depositions shall be complete by **August 1, 2025**. The deadline for any party to file a motion for summary judgment is extended until **August 16, 2025**, and the other deadlines for filing memoranda of law in opposition to or further support of any summary judgment motions are extended by **31 days**.

The Clerk of Court is respectfully requested to terminate ECF 361, 364, 369, 370, 372, and 373.

DATED:  June 12, 2025
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge