UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>      Plaintiff,<br><br> -against-<br><br>ANUJA SHARAD SHAH,<br><br>      Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  I issued an order to show cause why Defendant should not be sanctioned for multiple failures to comply with my orders requiring her to provide proof of her stated reason for rescheduling the conference on May 12, 2025; Defendant may discharge the order by filing on the docket by **July 7, 2025**: (1) the unredacted version of the chat she claims supports her stated reason for seeking rescheduling of the May 12, 2025 conference; (2) an explanation of the editing reflected on the face of the chat; (3) proof of service of my order at ECF 343 on her supervisor; and (4) an explanation for her repeated failures to comply with prior orders on this issue. (*See* ECF 388.)

  Defendant filed an incomplete response to my order to show cause. (*See* ECF 389.) She says that she is unable to comply fully with the order to show cause because: (1) the original communication with her supervisor about the conflict was oral; (2) subsequent communications over Slack have been automatically deleted because the retention period expired; and (3) she is contractually prohibited from disclosing confidential information about her employer's projects. (*See id.*) She argues that the unredacted information is not relevant to the case and that she has complied with the "spirit" of my orders. (*See id.*) She also says that

1

she provided a copy of my order to her supervisor as directed and asks what proof is required. (*See id.*)

Defendant provides a partial explanation for why she could not comply with my original order to provide proof of the reason for her rescheduling – that the original communication was oral. She does not, however, provide an explanation for why she did not tell me that in response to my original order. She explains why she cannot now provide the original Slack communication on the subject – that it has been automatically deleted in the regular course due to the passage of time – but she provides no explanation why she did not submit the message when I first issued my order, when the message would still have existed. As to Defendant's argument that she is prohibited from disclosing confidential information about her job, court orders may override such contractual confidentiality obligations. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders . . . ."); *see also Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 640 (E.D. Mich. 2021) ("A confidentiality agreement cannot bind a federal court."). The cases Defendant cites provide no support for her position. One, *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987), deals with documents the defendant sought to withhold on the basis of privilege, and the court ordered defendant to produce those documents after in camera review, unless the defendant submitted supplemental declarations containing specified information. Neither I nor the Court's research librarian has been able to locate the other case Defendant cites on this subject, *In re SunEdison, Inc. Sec. Litig.*, 314 F.R.D. 139 (S.D.N.Y. 2016). Defendant's argument that she should not be required to provide the unredacted Slack message because it is not relevant to the case is unavailing. The Court will

2

determine the relevance or not of the document after review. Defendant's failures to comply with my prior orders raise concerns about whether she has made false representations to the Court, which is unquestionably relevant to this matter.

Defendant's filing does not discharge the order to show cause. The deadline for doing so remains **July 7, 2025**. The order may be discharged by complying with the remaining directives: (1) filing an unredacted copy of the Slack message; (2) providing an explanation of the edits reflected on the face of the document; (3) providing proof of service of the order on her supervisor; and (4) providing an explanation for why it has taken multiple orders and over a month for Defendant to respond to my original order (ECF 262). Defendant may file the unredacted Slack message under temporary seal, which sealing will be made permanent if the redacted information truly contains confidential information about Defendant's employer. Acceptable proof of service would include an affidavit explaining under penalty of perjury the circumstances under which Defendant provided the order to her supervisor (including the date and means of transmission); the affidavit should attach a copy of the communication transmitting the order, unless Defendant personally handed the document to her supervisor. Additionally, Defendant shall file on the docket a copy of *In re SunEdison, Inc. Sec. Litig.*, 314 F.R.D. 139 (S.D.N.Y. 2016) by **June 23, 2025**.

Dated: June 23, 2025
    New York, NY

SO ORDERED.

**ROBYN F. TANOFSKY**
**United States Magistrate Judge**