UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      The Court received undocketed communications from pro se Plaintiff and pro se Defendant, which are attached as Exhibits A through D to this Order.

      There is nothing urgent about Defendant's communication (Ex. B), which complains about an urgent email to my chambers from Plaintiff (Ex. A), pointing out that Defendant had yet again filed on the public docket his confidential financial information, including his tax returns. While Plaintiff's communication was urgent, Defendant's response is not. There is a difference between requesting that documents that have already been filed on the public docket that may contain confidential information be sealed while the Court decides if the documents should be public – which is time sensitive – and explaining why the documents in question should not be sealed – which is not time sensitive and can be addressed by the Court in due course. Accordingly, I am instructing my courtroom deputy clerk to block all email communications from Defendant to my chambers.

      Additionally, as I previously admonished Defendant, "it is common sense that someone's tax return should not be filed on the public docket without a request to seal," and that "[a]ny future filing by Defendant of Plaintiff's personal financial information on the docket

without an application to seal may lead to sanctions." (ECF 357 ¶ 4.) At a recent conference, I directed Defendant to my Individual Practices on the Court's website for an explanation of how to file confidential information under seal. (*See* ECF 349.) Defendant's filing of Plaintiff's tax and other financial documents on the public docket (ECF 394-1 through 394-6) along with a letter motion to unseal documents (ECF 395) does not comply with my prior order. Accordingly, Defendant is admonished for a second time that she may not file confidential information on the public docket without first seeking leave to file under seal. There are instructions on how to do so in my Individual Practices on the Court website, and if she has questions or problems, she should call the pro se intake office ((212) 805-0175) for assistance. Defendant is warned that if she violates this or any other Court order again, I expect to issue an order to show cause why she should not be sanctioned.

    Lastly, Defendant emailed a submission to the Court that is not urgent, because shortly before sending to chambers, Defendant emailed the submission to the Court's Pro Se Intake Unit. (*See* Exs. C-D.) It is not my practice to review emails to chambers that have been sent to the Pro Se Intake Unit until those materials are docketed. (*See* ECF 378.) Until then, I will not review Defendant's submission.

DATED:  June 24, 2025
           New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge

# Exhibit A

| | |
|---|---|
| **From:** | Viral Bhagat |
| **To:** | Tarnofsky NYSD Chambers |
| **Cc:** | Anu Shah |
| **Subject:** | Urgent Request to Seal Financial Documents Pending Court Ruling |
| **Date:** | Monday, June 23, 2025 3:59:37 PM |

**CAUTION - EXTERNAL:**

Dear Judge Tarnofsky,

I write to respectfully bring to the Court's attention that the Defendant has again filed my confidential tax and financial records on the public docket in connection with her latest submission. These documents contain sensitive personal information and are clearly protected under the confidentiality rules governing this action.

In response, I have filed a motion requesting that these documents (specifically, ECF Nos. 394-1 through 394-6) be sealed. I respectfully request that the Court temporarily seal these documents from public view until it has had an opportunity to rule on my motion.

Thank you for your attention to this matter.


Viral Bhagat
Plaintiff
Pro se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit B

| | |
|---|---|
| **From:** | anu shah |
| **To:** | Anu Shah; Viral Bhagat; Tarnofsky NYSD Chambers; Viral Bhagat |
| **Subject:** | Re: Urgent Request to Seal Financial Documents Pending Court Ruling |
| **Date:** | Monday, June 23, 2025 4:05:41 PM |

**CAUTION - EXTERNAL:**

> Plaintiff continues a troubling pattern of submitting letters styled as motions directly to chambers while simultaneously marking them to the Pro Se Intake Unit for docketing. This dual-track tactic appears calculated to bypass the standard adversarial process and ensure that his filings are reviewed by chambers even before they are publicly docketed or formally served. There is no legitimate basis for this approach in non-urgent matters, and it raises serious concerns about procedural fairness after Defendant was barred from filing such matters with the chambers directly on 21st May 2025.Plaintiff should not be permitted to shortcut formal motion practice while the Defendant is expected to adhere strictly to rule-based procedures. More troubling still, Plaintiff's latest request to strike and seal ECF Nos. 394-1 through 394-6 was plainly premature and made without even acknowledging, let alone addressing, Defendant's concurrently filed motion at ECF 395, which explains in detail why those exhibits are both relevant and presumptively public under *Lugosch*. Defendant respectfully requests that the Court direct Plaintiff to refrain from direct communications with chambers except as expressly authorized, and to comply with the same procedural rules that bind all other litigants in this District.

 Next, as explained in ECF 395 letter motion, the contested materials go to the heart of the damages Plaintiff seeks—specifically, his claim for over $3.5 million in lost earnings, based on alleged reputational harm and lost RSUs. Plaintiff has placed his finances directly at issue. His W-2s, tax returns, and Meta/EBay compensation records are not only relevant—they are indispensable to assessing whether he has suffered any cognizable loss. Courts routinely recognize that litigants cannot both seek multi-million-dollar relief for financial harm and simultaneously shield the very documents necessary to test those claims.

Third, Plaintiff's assertion that these documents are "confidential" does not override the public's presumptive right of access to judicial records under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). These documents were attached as exhibits in support of Defendant's opposition to the R&R, which is a dispositive filing. As such, they carry a strong presumption of public access. Plaintiff's generalized privacy concerns do not overcome this presumption, particularly given that he previously disclosed portions of these records to support his own damages claims.

Finally, Plaintiff's request for sanctions is baseless. Defendant has acted in good faith, filed a motion to unseal the documents, and followed court rules and directives. What is truly improper is Plaintiff's repeated use of ex parte communications to chambers—a pattern that undermines the fairness of proceedings and attempts to exploit his pro se status for procedural advantage. Defendant respectfully requests the Court admonish Plaintiff against bypassing adversarial process.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's sealing and sanctions request, and grant the pending motion to unseal (ECF 395).

Thanks

Anu Shah

Dear Judge Tarnofsky,

I write to respectfully bring to the Court's attention that the Defendant has again filed my confidential tax and financial records on the public docket in connection with her latest submission. These documents contain sensitive personal information and are clearly protected under the confidentiality rules governing this action.

In response, I have filed a motion requesting that these documents (specifically, ECF Nos. 394-1 through 394-6) be sealed. I respectfully request that the Court temporarily seal these documents from public view until it has had an opportunity to rule on my motion.

Thank you for your attention to this matter.


Viral Bhagat
Plaintiff
Pro se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit C

| | |
|---|---|
| **From:** | anu shah |
| **To:** | Tarnofsky NYSD Chambers |
| **Subject:** | Fwd: Case 1:24-cv-01424-VEC-RFT Bhagat v. Shah |
| **Date:** | Monday, June 23, 2025 4:36:52 PM |
| **Attachments:** | ecf 397 response (1).pdf |

**CAUTION - EXTERNAL:**

FYI

---------- Forwarded message ---------
From: **Anu Shah** <anushah0821@gmail.com>
Date: Mon, Jun 23, 2025 at 4:36 PM
Subject: Case 1:24-cv-01424-VEC-RFT Bhagat v. Shah
To: <ProSe@nysd.uscourts.gov>, <TarnofskyNYSDChambers@nysd.uscourts.gov>, Viral Bhagat <viralbhagat@gmail.com>, Viral Bhagat <viral.bhagat@gmail.com>


Filing : Defendant's Letter-Motion for Reconsideration of the June 23, 2025 Order Denying Plaintiff's Motion to Seal (ECF 397)
Name : Anu Shah
Phone Number : 7747198546

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit D

UNITED STATES DISTRICT COURT    23 June 2025
SOUTHERN DISTRICT OF NEW YORK

Viral Bhagat, Plaintiff -v-Anuja Sharad Shah a/k/a Anu Shah, Defendant

**Defendant's Letter-Motion for Reconsideration of the June 23, 2025 Order Denying Plaintiff's Motion to Seal (ECF 397)**

Dear Judge Tarnofsky:

Defendant respectfully seeks reconsideration of the Court's June 23, 2025 order denying Plaintiff's sealing motion (ECF 387, denying ECF 359). The order rested on the absence of any responsive letters, but that silence was itself the product of Plaintiff's non-compliance with Your Honor's June 12 directive (ECF 379) that he serve the proposed sealed exhibits on Defendant by **June 13, 2025**. Because Plaintiff never served the documents—despite three written reminders—Defendant had no meaningful ability to oppose sealing by the June 20 deadline. Basic due-process principles, Second Circuit precedent, and Local Civil Rule 6.3 therefore warrant vacatur of the order and a brief, structured schedule that restores adversarial fairness.

## Background

- **June 12 Order (ECF 379)** – Directed Plaintiff to (i) serve the exhibits he seeks to seal by **June 13** and (ii) permitted parties/third parties to file sealing responses by **June 20**.

- **June 13–20** – Plaintiff produced nothing. Defendant emailed reminders on June 14, 16, and 18 (see Exs. A–C) and noted the looming deadline. Plaintiff did not reply.

- **June 23 Order (ECF 387)** – Denied sealing "for substantially similar reasons" stated in prior orders, citing the absence of responsive letters.

Plaintiff's unilateral withholding prevented Defendant from evaluating (let alone contesting) any claimed privacy or confidentiality interests, thwarting the adversarial process the Court envisioned.

## Legal Standard

Reconsideration is appropriate where the Court has "overlooked controlling decisions or factual matters" that would likely have altered the outcome, or where reconsideration is necessary to "correct clear error or prevent manifest injustice." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A district court retains inherent authority under Fed. R. Civ. P. 54(b) to revise any interlocutory order before final judgment.

## Reasons to Vacate the Denial

**1. Denial Issued Without Due Process**

Courts may not adjudicate a sealing request without providing the opposing party "a meaningful opportunity to be heard." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004). Because Plaintiff never disclosed the documents, Defendant's opportunity was illusory.

**2. Material Fact Was Overlooked**

The order presumed non-opposition; in fact, Defendant was prevented from opposing. Reconsideration is appropriate where the Court "overlooked" a dispositive fact. *Shrader*, 70 F.3d at 257.

**3. Prejudice and Inefficiency**

The withheld exhibits apparently concern Plaintiff's employment, damages, and credibility—subjects central to upcoming depositions and dispositive motions. An order entered on an incomplete record invites future motion practice or appeal; a short cure now conserves judicial resources.

## Requested Relief

Defendant respectfully asks the Court to:

1. **VACATE** the June 23 order (ECF 387);

2. **COMPEL** Plaintiff to serve the complete set of exhibits underlying ECF 359 within **48 hours**;

3. **SET** a new opposition deadline of **10 days** after service for Defendant and any third party; and

4. **DEFER** ruling on ECF 359 until the record is complete.

*Alternative relief:* If the Court declines to vacate, direct Plaintiff to file the exhibits on the public docket immediately, so Defendant can review them for discovery and motion practice consistent with *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006).

Thank you for your attention to this matter.

Respectfully submitted,

Anu Shah

Pro Se Defendant

*anu shah*

Verified by pdfFiller
06/23/2025