UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                        Plaintiff,

    -against-

ANUJA SHARAD SHAH,

                        Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

       Defendant has written the Court to say that Plaintiff's document production remains incomplete, in that, among other issues, Plaintiff has obstructed her access to his document production. (ECF 402.) Defendant has previously complained of this issue (*see, e.g.*, ECF 322; ECF 345; ECF 362), and I have previously responded that I had no reason to conclude that Plaintiff's production was incomplete and that the problem appeared to be with Defendant's ability to download Plaintiff's production (*see, e.g.*, 357 ¶ 1). On several occasions I directed Plaintiff to make himself available to Defendant to explain how to download his production. (*See, e.g.*, ECF 343 ¶ 2; ECF 357 ¶ 1; ECF 379 ¶ 3.) Most recently, I directed Plaintiff to do so in an order dated June 12, 2025. (ECF 379 ¶ 3.) Defendant says that she was unable to meet at the first designated time (on June 13) due to illness; that Plaintiff was unavailable during the next two days (June 14-15, over a weekend) but offered to speak on June 16; that when she tried to schedule a meeting for June 16 or 17, Plaintiff deferred until June 19, when she was on a hiking trip. (ECF 402.) Defendant does not explain why she has not met with Defendant in the days since June 19; she now states that she cannot proceed with any deposition until she has verified the completeness of Plaintiff's production. (*Id.*)

There is no reason to believe Plaintiff's production is incomplete. Defendant has not been diligent in following up with Plaintiff when I directed him to make himself available to explain how Defendant could make sure she had downloaded the entirety of his production. There are currently three depositions on the calendar – Plaintiff's on June 26, 2025, third party Dordi's on June 27, 2025, and Defendant's on June 30, 2025. Those dates have been on the calendar since June 2, 2025. (ECF 343 ¶ 8.) Defendant is free to choose not to depose Plaintiff and not to appear at the Dordi deposition to question Dordi. However, I will not order Dordi's deposition to be rescheduled; Plaintiff may proceed with Dordi's deposition as scheduled whether or not Defendant chooses to participate. I will not reschedule Plaintiff's deposition; if Defendant chooses not to depose him as scheduled, she will not be given another opportunity to do so. And Defendant is expected to appear for her own deposition on June 30, 2025; her failure to do so may lead to sanctions, which could include monetary sanctions and adverse inferences against her defenses in this case. Defendant has repeatedly attempted to delay completing discovery in this case, and I will not permit her to continue to do so.

As to Defendant's further requests in her letter at ECF 402:

1. Defendant may ask Plaintiff about his other sources of income at Plaintiff's deposition.

2. Defendant may raise issues relating to preclusion of any portions of Plaintiff's anticipated expert reports at the appropriate time, after expert discovery is complete.

3. Defendant may question Plaintiff about his application process to eBay at his deposition. I have previously stated that I have no intention of reopening discovery to allow subpoenas of third parties that could have been issued while discovery was open (at times when Defendant was counseled).

DATED: June 26, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge