UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

   -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at and for the reasons set forth at the conference today:

1. I ordered Defendant to provide a copy to the Court of one of the cases on which she relied, *In re SunEdison, Inc. Sec. Litig.*, 314 F.R.D. 139 (S.D.N.Y. 2016), by June 23, 2025. (**ECF 393.**) She failed to do so. Her time to do so is extended retroactively until **July 1, 2025**.

2. Defendant's motion to unseal the documents at ECF 394 (**ECF 395**), which include Plaintiff's tax documents, job offer letters stating salaries, and a complaint in an AAA arbitration, is **DENIED**, without prejudice to Defendant making an application by **July 1, 2025** as to the AAA arbitration complaint, on notice to Meta. (*See* **ECF 415**.) Plaintiff is ORDERED to serve Defendant with the documents at ECF 394 and to file proof of such service by **June 27, 2025**.

3. Defendant's objection to Meta's opposition to her request to expand the scope of discovery of Meta (**ECF 407**) does not persuade me that she should be permitted to take further discovery of this third party at that time. If, after Plaintiff's deposition, she believes she needs additional discovery of Meta, she may make an application for such

discovery on notice to Meta by **July 15, 2025**. Any such application shall attach relevant portions of Plaintiff's deposition transcript.

4. Defendant's motion to enforce the order of deposition (**ECF 416**) is **DENIED**. Defendant chose not to proceed with Plaintiff's deposition on June 26, 2025 and with Dordi's deposition on June 27, 2025, without seeking leave of Court to extend the schedule. She contends she has not had sufficient access to Plaintiff's production. I disagree. In addition to Plaintiff's providing her former counsel with the production, he provided the production to Defendant, and she confirmed that she downloaded it. She requested additional time to confirm that she had properly downloaded all documents, and I ordered Plaintiff to make himself available to meet with her to familiarize her with the database; she chose not to avail herself of the opportunity, citing illness and a hiking trip. Under the circumstances, I see no reason to delay her deposition to allow the deposition sequence to remain the same, and I stated that Defendant was ordered to appear for her scheduled deposition on June 30, 2025, on pain of sanctions. Defendant stated at the conference that she did not intend to appear. Later the same day, a lawyer filed a notice of appearance for purposes of defending her deposition and has moved for an adjournment of Defendant's deposition to allow time for counsel to familiarize himself with the case. (*See* **ECF 421, 423**.) Defendant's deposition is adjourned to allow new counsel to get up to speed, and Defendant's deposition shall be scheduled at a time convenient for counsel and the parties, with such deposition to be completed by **July 11, 2025**. If Defendant wishes to reschedule Plaintiff's deposition, she may do so, as long as his deposition is completed by **July 11, 2025**. While I stated at the conference that

Defendant would not be permitted to reschedule Dordi's deposition, I have since reviewed correspondence between Defendant and Dordi's counsel that contemplated rescheduling; accordingly, the parties may reschedule Dordi's deposition, as long as his deposition is completed by **July 11, 2025**.

5. To be clear, the schedule for completing discovery is extended as follows: the depositions of Defendant, Plaintiff, and Dordi shall be completed by **July 11, 2025**; Defendant shall have until **July 15, 2025** to seek further written discovery, if any, from Meta; the parties shall have until **June 30, 2025** to disclose the names of any experts they intend to use; expert reports shall be provided by **July 31, 2025**; rebuttal expert reports shall be due by **August 7, 2025**; and expert depositions shall be completed by **August 21, 2025**. I do not anticipate any further extensions of this schedule absent extraordinary cause shown.

6. The briefing schedule for dispositive motions is extended as follows: dispositive motions due by **September 12, 2025**; oppositions due by **October 15, 2025**; replies due by **October 31, 2025**.

The Clerk of Court is respectfully requested to terminate **ECF 395, ECF 416, and ECF 423**.

DATED: June 27, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge