UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

   -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the conference on July 2, 2025:

1. Defendant's limited scope counsel is directed to forward all Court filings and orders to Defendant. Once limited scope counsel's representation of Defendant is complete, he is ORDERED to file a notice of completion of the limited scope engagement. Once he has done so, I expect to issue an order striking his notice of limited appearance, directing that he be removed from the docket as counsel of record for Defendant.

2. Plaintiff has withdrawn the motion at **ECF 432**.

3. Plaintiff's motion to compel Defendant's communications with Meta's counsel (**ECF 433**) is GRANTED, and Defendant is ORDERED to produce all such documents or confirm that no such documents exist by **July 9, 2025**.

4. Defendant's motion to compel Plaintiff to provide a link to his production to her new counsel (**ECF 429**) is DENIED, because Plaintiff previously provided the production to Defendant's prior counsel and to Defendant; moreover, Defendant has annotated his only copy of his document production. Defendant's new counsel is encouraged to request the production from her former counsel. If Defendant's new counsel identifies

to Plaintiff any specific documents believed to be missing from the production, Plaintiff shall make best efforts to provide Defendant's new counsel with a copy of the documents or inform him that he cannot locate the documents. The parties have agreed to exchange the documents they plan to use at deposition in advance of the depositions. Counsel for Defendant and Plaintiff are directed to call chambers if I am needed to address any disputes during the forthcoming depositions.

5. Plaintiff is ORDERED to re-serve the documents he filed under seal at ECF 360 on Defendant. Defendant's time to oppose the unsealing of those documents is extended retroactively until **July 9, 2025**.

6. Defendant is advised that her deadline to respond to the outstanding Order To Show Cause is **July 7, 2025**. I do not anticipate any further extensions of this deadline absent extremely good cause shown.

7. Defendant is advised I blocked her email to my chambers only after she repeatedly ignored my orders to stop emailing chambers absent urgent circumstances. I have not blocked Plaintiff's ability to email chambers because he has refrained from emailing chambers except in circumstances that were actually urgent or, if not actually urgent, were such that a reasonable litigant could have believed the situation to be urgent.

The Clerk of Court is respectfully requested to terminate **ECF 429, 432, and 433**.

DATED: July 7, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge