UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the discovery conference on July 25, 2025:

1. After Defendant's counsel represented that she would not seek further discovery of third party Meta, Meta agreed to provide, if possible, a representation that the landing page for the 2023 Oops Feedback Form contained the same language as the landing page for the 2024 Oops Feedback Form. **ECF 444** is therefore **DENIED IN PART AS MOOT** and otherwise **DENIED IN PART**.

2. Plaintiff's motion to recover the court reporter cancellation fee he incurred after Defendant cancelled the deposition without sufficient notice (**ECF 445**) is **GRANTED**. The date for Defendant's deposition was scheduled with her input on June 2, 2025 for June 30, 2025. (*See* ECF 343, Order ¶ 8.) On June 23, 2025, Defendant filed a letter (ECF 402) stating that Plaintiff had obstructed access to his document productions and that as a result, Defendant requested an extension of the deposition schedule. I issued an order on June 26, 2025 (ECF 414) stating that there was no basis to believe Plaintiff's document production was incomplete, that Plaintiff had provided his production on multiple occasions both to Defendant's former lawyers and to Defendant herself, that

Defendant had not been diligent in following up with Plaintiff about her technical problems with his production, that I would not reschedule Defendant's deposition, and that her failure to attend her scheduled deposition on June 30 could lead to sanctions. I held a conference on June 27, 2025, during which I reiterated that Defendant was expected to attend her deposition on June 30, on pain of sanctions. Defendant announced that she did not intend to attend and abruptly left the conference. Later that day, shortly after 4:00 pm, Defendant's fifth law firm entered an appearance and requested an extension of time for Defendant's deposition (ECF 421, 423.) I granted the requested extension of time as a courtesy to Defendant's new counsel (ECF 426 ¶ 4); my order was issued around 6:00 pm, which was after the cutoff for Plaintiff to cancel the court reporter for Defendant's deposition without incurring a fee.

Defendant had sufficient time between the date her deposition was scheduled and June 23, 2025 to work out any technical issues she had with Plaintiff's production; she was not diligent in doing so. She had plenty of time to hire counsel to represent her at deposition if she felt it was in her interest to do so; there was no reason for her to wait until the end of the day on the Friday before her Monday deposition. I warned Defendant that if she did not appear at her deposition as scheduled, she could be subject to sanctions. Her response was to state that she did not intend to attend and to leave the status conference without being excused.

Rule 37(d) provides that a court has the power to order sanctions when a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Pursuant to this Rule, a court may award a variety of sanctions but

"must" require the recalcitrant party or its attorney or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Defendant's conduct falls within the scope of Rule 37(d). She was given notice of the deposition and stated she did not plan to attend, even after being denied a requested postponement by the Court. Under Rule 37, "[c]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Klein v. Torrey Point Grp.*, LLC, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013). Rule 37 places the burden of proof on the disobedient party to show "that h[er]failure is justified or that special circumstances make an award of expenses unjust." *See Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008).

Defendant sought to postpone the deposition (ECF 402), but that request was denied. (ECF 414.) Defendant now argues that "[t]he cancellation fee was solely a result of the Court's order being issued after the reporting service's cutoff time – an event entirely outside [her] control. At all times, [she] acted in good faith and kept both the Court and Plaintiff apprised of [her] intentions. Plaintiff was on notice of [her] unavailability for nearly a week prior; there was no last-minute surprise, nor any gamesmanship." (ECF 451.) Defendant misunderstands her obligations. There was a Court order setting the date of her deposition (ECF 343). Once that order was issued, unless Defendant sought and was granted relief from the order, she was required to attend the deposition; she was not free to simply inform Plaintiff and the Court of her intention not to attend.

Saying that Plaintiff had been "on notice" of her unavailability likewise does not help her position; until she was relieved by the Court of her obligation to attend her deposition, she was obligated to attend. In fact, I initially denied her application to postpone the deposition (ECF 414). Defendant's insistence that she nevertheless did not intend to appear was not well received. Nor was her departure from the conference in a temper. Defendant's insistence that the cancellation fee was incurred because I issued the order postponing the deposition after the close of business – something she says was outside her control – is simply wrong. The order issued after the close of business because Defendant waited until the last possible minute to retain new counsel, who filed his notice of appearance at the very end of the business day on the Friday before Defendant's Monday deposition. It was Defendant's choice to hire new counsel on the eve of her deposition; that decision was entirely within her control. That the request to postpone the deposition was ultimately granted also does not excuse Defendant from paying the cancellation fee, because it was Defendant's belated hiring of new deposition counsel that led to the fee.

Defendant further argues that "fee-shifting" is reserved for cases of "clear bad faith or misconduct." This is incorrect. "It is well-established . . . that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014). It is sufficient that the aggrieved party "ha[s] shown that [the disobedient party] improperly refused to appear for h[er] deposition and caused [the aggrieved party] to incur unnecessary expenses." *Id.* Defendant has not met her

burden of showing that her failure to appear as scheduled for the deposition on June 30, 2025 was "substantially justified": no reasonable person could conclude that Defendant's course of conduct was appropriate.

Plaintiff incurred a court reporter cancellation fee that could have been avoided if Defendant had not taken untenable positions, expressly stated her intent to flout a Court order, and hired new counsel at the eleventh hour. It is appropriate for Defendant to bear the cost of the cancellation. Plaintiff is directed to provide Defendant and her counsel with a copy of the invoice reflecting the court reporter cancellation fee by **July 28, 2025**. Defendant is ordered to reimburse Plaintiff for that fee of $720.00 by **August 11, 2025**.

3. Plaintiff's request for an order requiring third party Meta to produce additional documents (**ECF 448**) is **DENIED**. I previously denied a similar request by Defendant seeking discovery from Meta, explaining that "the parties had ample time to move to compel additional production from Meta within the discovery period but declined to do so." (ECF 343, Order ¶ 5.) Plaintiff sought review of that order under Rule 72(a) by Judge Valerie E. Caproni (ECF 354), and Meta responded to the Rule 72(a) motion (ECF 392). I reach the same conclusion now that I did previously, which is that there is no reason to re-open discovery to permit a party to take discovery of a non-party when the party failed to pursue the discovery during the discovery period.

4. Plaintiff has requested an extension of time to depose third party Dordi because Dordi and his counsel are unavailable until the end of August 2025 (**ECF 449**). Because the unavailability of the witness and his counsel is outside Plaintiff's control, the motion is

GRANTED. Plaintiff shall have until **August 29, 2025** to depose Dordi; Plaintiff may question Dordi for up to five hours and Defendant's counsel may attend and may cross-examine for up to two hours. Plaintiff shall file a letter on the docket by **August 8, 2025** indicating the status of his efforts to schedule Dordi's deposition. Plaintiff also stated that he has been ill and made an oral application for extension of the deadline for serving his expert reports until August 7, 2025. That request is **GRANTED**. The parties' time to serve initial expert reports is extended until **August 7, 2025**; rebuttal expert reports shall be served by **August 14, 2025**; and expert depositions shall be completed by **August 22, 2025**. The briefing schedule for any dispositive motions remains unchanged. (*See* ECF 426, Order ¶ 6.) I do not anticipate any further extensions of these deadlines absent extraordinary cause.

5. Defendant has not filed an opposition to Plaintiff's motion to seal (ECF 359) by the July 18, 2025 deadline. Accordingly, as I indicated in my earlier order (ECF 443), I am ordering the unsealing of ECF 360.

The Clerk of Court is respectfully requested to terminate **ECF 444, 445, and 449** and to unseal **ECF 360**.

DATED: July 25, 2025
New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge