UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

-against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff and Defendant have each recently made filings on the docket including material that should not be filed on the docket or that should not be filed at this time:

1. Defendant filed a letter on the docket listing the materials produced to Plaintiff by third parties that Plaintiff provided to her; and stating that if Plaintiff has received any additional documents produced by third parties, he must share them with her within 48 hours or he should be precluded from relying on those materials. (ECF 453.) Plaintiff filed a letter in response saying that he has provided all third-party productions to Defendant, along with the third parties' cover letters describing the productions; that he should not be required to re-verify his productions to Defendant; and that preclusion would be improper. (ECF 457.) As I have previously told the parties, this type of evidentiary argument is premature. Before trial, on a date to be set by the Court, each party will have to provide the Court with a list of exhibits he or she intends to use at trial. If either party believes that an exhibit identified by the other party should not be accepted into evidence, he or she will have a chance to make a motion to exclude that exhibit (known as a motion in limine) before trial starts. The Court will direct the parties

when they should file any such motions, which will be due approximately four weeks before trial is scheduled to start.

2. Defendant filed a letter "to place on the docket Meta Platforms, Inc.'s formal authentication of the internal Oops Feedback Form policy as it existed in 2023 and 2024" and to argue that the authentication "confirms" that Plaintiff's claim that he was unaware of the policy is without merit. (ECF 459.) Plaintiff filed a letter arguing that Defendant's legal conclusions are "[i]nappropriate and [p]rejudicial"; Plaintiff contends that if the Court considers Defendant's conclusions, it must also consider "Defendant's well-documented and deeply troubling pattern of abusive, retaliatory, and often unlawful behavior." (ECF 460.) With regard to Defendant's argument that the authentication confirms that Plaintiff's claim lacks merit, evidence is not to be filed on the docket; nor should the parties file letters making legal arguments that are not in support of a specific request for relief. As noted above, the parties will have an opportunity to raise evidentiary issues before trial through motions requesting the exclusion of evidence, after they have filed their intended exhibit lists with the Court, pursuant to a schedule that will be set by the Court.

3. The parties have recently been addressing letters to both Judge Caproni and myself. This case is currently referred to me for general pretrial supervision and for reports and recommendations on dispositive motions. The parties may object to Judge Caproni pursuant to Rule 72 of the Federal Rules of Civil Procedure about any of my orders or any of my recommendations, but they should not address discovery, evidentiary, or other motions to her in the first instance. When objecting to an order, a party should

use the ECF event "objection (non-motion)" and to object to a report and recommendation, a party should use the ECF event "objection to report and recommendation"; both of these events are listed under the ECF event list for "other answers."

4. The parties are reminded that Plaintiff is required to file an update on the docket on the status of his efforts to schedule the Dordi deposition by **August 8, 2025** and that the Dordi deposition must be completed by **August 29, 2025**; that initial expert reports are to be exchanged by the parties by **August 7, 2025**, with rebuttal reports to be exchanged by **August 14, 2025**, and expert depositions to be completed by **August 22, 2025**; and that any motions for summary judgment and any motions challenging any expert testimony are due by **September 12, 2025**, with oppositions due by **October 15, 2025**, and replies due by **October 31, 2025**. (*See* ECF 426 ¶ 6; ECF 454 ¶ 4.) As I have indicated previously, I do not anticipate any further extensions of these deadlines absent extraordinary cause. (ECF 454 ¶ 4.)

DATED: August 7, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge