UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>      Plaintiff,<br><br> -against-<br><br>ANUJA SHARAD SHAH,<br><br>      Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  Defendant issued a subpoena to depose non-party Dordi; Plaintiff indicated that he also wished to depose Dordi, and I issued an order on June 2, 2025 allocating time between the parties and scheduling the deposition for June 27, 2025 (ECF 343 ¶ 8). On June 23, 2025, Defendant sought to postpone the Dordi deposition (ECF 402), which request I denied (ECF 414). On June 24, 2025, Defendant told Dordi's lawyer and Plaintiff that she would not proceed with the Dordi deposition on June 27, 2025. (ECF 419-5.) On June 25, 2025, Defendant took the position that she was unable to appear at her own deposition, scheduled for June 30, 2025, and again requested to postpone Dordi's deposition so that her deposition could follow his. (ECF 416.) Limited scope deposition counsel appeared for Defendant, and I extended the deadline to complete depositions to allow counsel to get up to speed. (ECF 426 ¶ 4.)

  On July 7, 2025, Defendant said that she no longer intended to depose Dordi and asked that I preclude Plaintiff from taking his deposition. (ECF 438.) I ruled that Plaintiff could depose Dordi and set a deadline of July 25, 2025 to do so. (ECF 440.) On July 25, 2025, I issued an order granting Plaintiff's request for an extension of time to complete the deposition of non-party Dordi until August 29, 2025 due to the unavailability of Dordi and his counsel until late August.

(ECF 454 ¶ 4.) In that order, I stated that Defendant's counsel could attend and cross-examine Dordi for up to two hours. (*See id.*) Plaintiff has informed the Court that Dordi's counsel said the deposition could be held on August 26, 27, or 28; that he had tentatively scheduled the Dordi Deposition for August 26, 2025 but that Defendant says that she is unavailable on August 26, 27, or 28, when Dordi and his counsel are available, and also from September 2 through September 9, 2025. (ECF 464.) Plaintiff asks that he be allowed to proceed with the Dordi deposition without Defendant being present, since she has limited scope deposition counsel who may attend; or, alternatively, that the deadline for deposing Dordi be extended. (*See id.*)

It was Defendant who refused to proceed with the Dordi deposition on the originally scheduled date in June. She then moved for a protective order asking that Plaintiff be precluded from taking Dordi's deposition, which application was denied. Now, she says she is unavailable on the three August dates offered by Dordi's counsel for the deposition. Limited scope deposition counsel for Defendant is directed to file a letter on the docket by **August 13, 2025** advising the Court whether he will attend the Dordi deposition on one of the proposed dates in August, whether or not Defendant is able to be there; if he does not commit to proceeding on the proposed dates in August, his letter shall include an explanation of the reasons for Defendant's unavailability on the proposed dates, with proof of Defendant's reasons attached as exhibits to the letter, along with a list of every day in September that he and Defendant are available to attend the Dordi deposition.

DATED: August 11, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge