UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIRAL BHAGAT,

                  Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                  Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

---

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the discovery conference on August 14, 2025:

1. Counsel for Defendant said he was available to attend the deposition of Dordi on August 26, 27, or 28, 2025, and I directed Plaintiff to confirm the date and time of the deposition with Dordi's counsel and file a letter on the status of scheduling that deposition by 5:00 PM on August 14, 2025. Counsel for Defendant subsequently filed a motion seeking a conference, asserting that Plaintiff had made misrepresentations to the Court and to Dordi's counsel in connection with scheduling the Dordi deposition (ECF 483). I have reviewed the email correspondence submitted in connection with that motion and do not believe that Plaintiff made any intentional misrepresentations; there was a miscommunication, but I see no indication it was due to anything other than a pro se litigant's lack of familiarity with Court procedures and expectations. The request for a conference on this issue is **DENIED**. It now appears that Dordi is no longer represented by counsel in connection with this matter, and so if Plaintiff wishes to depose Dordi, he will have to contact Dordi directly. Plaintiff shall by **August 20, 2025** file a letter on the

    docket updating the Court on the status of his efforts to schedule Dordi's deposition; he is relieved of the obligation to file an update letter on August 14, 2025.

2. Defendant submitted substantially similar letters making arguments about the merits of the case at **ECF 466 and 472**. Defendant may make these arguments if appropriate in pre-trial motions and/or at trial.

3. Defendant complains about unauthorized late productions in substantially similar filings at **ECF 463, 468 and 470**. Plaintiff argued that these letters are duplicative (**ECF 477**). Defendant's counsel moved to preclude Plaintiff from relying on late-produced discovery. (**ECF 481**.) Plaintiff shall, by **August 18, 2025**, file a motion requesting a retroactive extension of time to make a late production, including an explanation for the reason for the delay. Defendant shall have until **August 21, 2025** to oppose that motion. In the meantime, Plaintiff shall, by **August 18, 2025**, produce to Defendant's counsel all materials relied on by his expert, whether or not such materials have previously been produced to Defendant or her counsel.

4. Defendant's motion for an extension of time to serve rebuttal expert reports (**ECF 481**) is **GRANTED**. The parties' rebuttal expert reports shall be exchanged by **September 2, 2025**; expert depositions shall be completed by **September 16, 2025**; dispositive motions and motions to exclude expert (but not fact) testimony, if any, shall be filed by **September 30, 2025**; with oppositions due by **October 31, 2025** and replies due by **November 15, 2025**. I do not anticipate further extensions of these deadlines absent extraordinary cause.

5. Plaintiff is ORDERED, by **August 18, 2025**, to provide Defendant with a copy of her deposition transcript so that she can review it, make any necessary corrections, and attest to the accuracy of the transcript.

6. Defendant filed a motion for certain documents to be unsealed (**ECF 473**), which motion is **DENIED as moot**. This motion is improper on multiple grounds. There is no indication that Defendant met and conferred with Plaintiff about the designation of these documents. Defendant fails to indicate the filing to which the documents relate; as I have previously explained, Defendant may not file evidence on the docket unless it is linked to a particular request for relief, and Defendant will have an opportunity in connection with a dispositive motion and/or trial to place her evidence before the factfinder. Most concerning is that Defendant filed the documents in question on the public docket rather than filing them under seal and requesting that they be unsealed. As a result, the public had access to the documents before I had a chance to rule. Here, there is no resulting harm, because I do not think the documents should be sealed. However, I have admonished Defendant on this issue in the past; she needs to ask permission to file the documents in unsealed form before placing the documents on the public docket. (*See* ECF 399.) If Defendant makes any future filings on the public docket of documents designated as confidential without first requesting permission to do so, I expect to issue an order to show cause why she should not be sanctioned for violating a Court order.

7. Plaintiff's motion to "strike unauthorized representation by limited counsel" (**ECF 480**) is **DENIED**. As I have explained to Plaintiff in the past, this Court permits pro se litigants to

be assisted by limited scope counsel. Permitting limited scope representation of pro se litigants makes guidance available to pro se litigants who are unfamiliar with the law, which benefits not only the pro se litigant but also the Court and in my view the opposing party. To be sure, the lawyer involved in the limited scope representation has an obligation to make best efforts to keep the Court and the opposing party updated when the scope of the representation changes, and Defendant's counsel has not done so: he initially appeared for purposes of defending Defendant at her deposition and has since taken Plaintiff's deposition, indicated his intention of representing Defendant at the Dordi deposition, and has been involved in discovery disputes. Accordingly, Defendant's limited scope counsel is ORDERED, by **August 15, 2025**, to file a letter on the docket clarifying the current scope of his representation of Defendant; moreover, if that scope changes in the future, he shall promptly file a letter on the docket advising Defendant and the Court of the nature of the change. I also understand that having a lawyer and a pro se litigant responsible for different aspects of the case can lead to confusion, and I have told Plaintiff if he receives different messages from Defendant and her limited scope counsel, Plaintiff should raise the issue with the Court. Plaintiff pointed out that counsel said Defendant was withdrawing the Dordi deposition subpoena and that Defendant has since then stated that she did not withdraw the deposition subpoena. Defendant's counsel has withdrawn the Dordi deposition subpoena, which means that the Dordi deposition is being taken at the request of Plaintiff, not Defendant, and that Defendant's counsel is limited to attending and cross-examining Dordi for up to two hours. If there are other instances where Plaintiff

receives different information from Defendant and her counsel, he should file a letter on the docket raising the issue and I will deal with it promptly. Plaintiff has identified no other way in which he has been prejudiced by the presence of limited scope counsel for Defendant in this case.

The Clerk of Court is respectfully requested to terminate ECF **473, 480, 481, and 483**.

DATED: August 14, 2025
New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge