```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/18/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
VIRAL BHAGAT,                                                 :
                                                              :
                                    Plaintiff,                :
                                                              :
            -against-                                         :      24-CV-1424 (VEC)
                                                              :
                                                              :      MEMORANDUM
ANUJA SHARAD SHAH,                                            :      OPINION AND ORDER
                                                              :
                                    Defendant.                :
                                                              :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

  Viral Bhagat ("Plaintiff") filed this lawsuit in state court against Anuja Sharad Shah ("Defendant"), asserting several claims, including fraud, tortious interference with contract, and *prima facie* tort. Plaintiff's employment with Meta was terminated after Defendant deceived him into giving her access to a third party's Instagram account. *See* Compl., Dkt. 1-1. Defendant removed this action from state court and answered the Complaint. *See* Notice of Removal, Dkt. 1; Answer, Dkt. 14. Defendant moved for judgment on the pleadings and to dismiss for lack of subject matter jurisdiction. *See* Dkts. 48, 216, 251. The Court referred this action to Magistrate Judge Robyn F. Tarnofsky for general pretrial supervision and dispositive motions requiring a Report and Recommendation ("R&R"). *See* Dkt. 59. Judge Tarnofsky issued R&Rs recommending that the Court deny Defendant's motions challenging the Court's subject matter jurisdiction and grant in part and deny in part Defendant's motion for judgment on the pleadings. *See* R&R, Dkt. 358 ("MTD R&R"); R&R, Dkt. 436 ("MJP R&R" and, with the MTD R&R, the "R&Rs"). The parties also lodged objections to several Orders on non-dispositive matters. For the following reasons, the Court ADOPTS the R&Rs in full and affirms all objected-to Orders.

## BACKGROUND

The Court assumes the parties' familiarity with the background of this case and refers the reader to the detailed background sections of the R&Rs. *See* MTD R&R at 2–5; MJP R&R at 1–3. In brief, Plaintiff alleges that, when he was employed by Meta, Defendant duped him into granting her access to a third-party Instagram account. Compl. ¶ 1. Defendant purportedly claimed to be a friend of the third party, Rushad Dordi, and provided Plaintiff with an email address to use to help Dordi recover his compromised Instagram account. *Id.* ¶¶ 7, 9, 18, 21, 23. According to Plaintiff, Defendant in fact controlled the email address she provided and used the account recovery process to gain access to Dordi's Instagram account. *Id.* ¶ 24. With that access, Defendant posted fake sexual content and sent sexually explicit photos and harassing content via direct message. *Id.* ¶¶ 19, 24, 27–28. Meta fired Plaintiff, who suffered "significant damages" through lost future income and equity in unvested stock units, damage to his reputation, loss of future earning potential, and severe emotional distress; the Complaint seeks more than $3.5 million in damages. *Id.* ¶¶ 1, 33, 39–40, 61–62, 83, 95, 102, 108, 115, 118.

On December 9, 2024, Defendant — then represented by counsel — moved for judgment on the pleadings. *See* Def. MJP Mem., Dkt. 50. Over the course of this litigation, both parties' lawyers have withdrawn, and the parties are now proceeding *pro se*. Beginning on April 30, 2025, and continuing through May 13, 2025, Defendant filed a flurry of motions and supplemental motions to dismiss for lack of subject matter jurisdiction. *See* Dkts. 216, 251, 253, 263, and 277.

On June 6, 2025, Judge Tarnofsky issued the MTD R&R recommending the Court deny Defendant's motion to dismiss. *See* MTD R&R. Defendant objected. *See* MTD R&R Objection, Dkt. 394. On July 2, 2025, Judge Tarnofsky issued the MJP R&R recommending the Court grant in part Defendant's motion and dismiss Plaintiff's claims for negligent

misrepresentation, tortious interference with contract, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and *prima facie* tort. MJP R&R at 45. Judge Tarnofsky also recommended the Court deny in part Defendant's motion and allow Plaintiff's fraud and tortious interference with an employment relationship claims to proceed. *Id.* Plaintiff objected to the MJP R&R's recommendations as to his tortious interference with contract and *prima facie* tort claims. MJP R&R Objection, Dkt. 446.

This lawsuit has progressed at a snail's pace as the parties inundate the Court with filings and forestall each other's efforts to complete discovery. Each week, Judge Tarnofsky dutifully and ably resolves the many, many motions the parties file as they struggle to complete discovery in the nearly eighteen months since Defendant removed this action to this Court. The parties on occasion object to Judge Tarnofsky's Orders on non-dispositive matters pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(a); Objections, Dkts. 282–83, 289–90, 354, 360, 400, 410, 458, 462.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)).

To warrant de novo review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (citation omitted). Absent clear guidance from the Second Circuit on what makes an objection proper, courts in this District have concluded "that a

party fails to properly object if she 'makes only conclusory or general objections, or simply reiterates [her] original arguments.'" *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (unpublished) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).  Thus, if "a party's objections are conclusory or general . . . the district court reviews the [R&R] for clear error." *Pineda*, 831 F. Supp. 2d at 671.  An error is clear when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)).

When a party's objection merely reiterates a prior argument, courts in this District have historically applied the clear-error standard; the Second Circuit has, however, more recently "expressed skepticism concerning the application of clear-error review where the plaintiff's objections, in the lower court's view, sought 'to relitigate an issue that was fully argued in the original briefs to the magistrate judge.'" *Ramgoolie*, 2024 WL 4429420, at *2 (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022)).

Submissions by *pro se* litigants are construed more leniently than submissions by lawyers and are interpreted to raise the strongest arguments they suggest.  *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006); *see also Goldstein v. Hulihan*, No. 09-CV-6824 (CS) (PED), 2011 WL 4954038, at *1 (S.D.N.Y. Oct. 18, 2011).  Nevertheless, even a *pro se* litigant's objections to a magistrate judge's report and recommendation "must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Goldstein*, 2011 WL 4954038, at *1 (citation omitted).

Objections to Orders issued by a magistrate judge on non-dispositive matters must be timely, and the reviewing district court will only "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

### I. The Court Adopts the MJP R&R in Full

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) (citation omitted). That is, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (citation and internal quotation marks omitted).

Careful review of the MJP R&R reveals no clear error as to the unobjected-to portions. *See Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (reviewing R&R for clear error where no party objects). The Court reviews de novo the MJP R&R's recommendation that the Court dismiss with prejudice Plaintiff's claims for tortious interference with contract and *prima facie* tort. Fed. R. Civ. P. 72(b)(3); *see also Male Juvenile*, 121 F.3d at 38.

#### A. Tortious Interference with Contract

To state a claim for tortious interference with contract under New York law, a complaint must allege: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff." *Sammy v. Haupel*, 170 A.D.3d 1224, 1227 (2d Dep't 2019) (citation omitted). New York law also requires the plaintiff to allege actual causation; that is, "there would not have been a breach but for the activities of defendants." *STSG, LLC v. Intralytix, Inc.*, No. 18 CIV. 5569 (NRB), 2019 WL 6717606, at *5 (S.D.N.Y. Dec. 10, 2019) (quoting *Sharma v. Skaarup Ship Manag. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990)).

The Complaint fails to allege that Meta breached the employment agreement with Plaintiff. Plaintiff must allege that Defendant used "wrongful means" to procure Meta's breach

of a contract with Plaintiff. *Medtech Prods. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 813 (S.D.N.Y. 2008) (citation omitted). The Complaint does not allege Plaintiff had a formal employment agreement with Meta, let alone plead Plaintiff's rights under such an agreement or how Meta breached the agreement. *See Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 359 (S.D.N.Y. 2001) ("The complaint contains no allegations regarding Plaintiffs' rights and obligations under the Brokerage Agreement with Morgan Stanley, how Morgan Stanley breached the agreement, or how [Defendant's] conduct caused that breach."). Plaintiff's objection seeks leave to amend, but he proffers only documentation to support the existence of a contract and the ways Defendant induced his termination, *see* MJP R&R Objection at 2, not that Meta's termination of his employment constituted a breach of his employment agreement.

Accordingly, Plaintiff's claim for tortious interference with contract is dismissed with prejudice.

### B. *Prima Facie* Tort

"The elements of prima facie tort are (1) intentional infliction of harm, (2) resulting in special damages, (3) without any excuse or justification, (4) by an act or acts otherwise lawful." *Ahmed Elkoulily, M.D., P.C. v. New York State Cath. Healthplan, Inc.*, 153 A.D.3d 768, 772 (2d Dep't 2017).

It is well-established that a claim for *prima facie* tort cannot duplicate a plaintiff's other causes of action. *See Cestaro v. Prohaska*, 669 F. Supp. 3d 276, 282 (S.D.N.Y. 2023) ("Where, as here, the basis for a *prima facie* tort claim is precisely the same as the substantive acts underlying the plaintiff's other causes of action, there can be no *prima facie* tort claim." (citation modified and citation omitted)); *Backer v. Cooperatieve Rabobank U.A.*, 338 F. Supp. 3d 222, 232 (S.D.N.Y. 2018) ("Where a *prima facie* tort claim is duplicative of . . . plaintiff's other tort claims, it is insufficient as a matter of law." (citation modified and citation omitted)). "[A]ny

6

claim that is covered by a traditional tort cannot be the basis for a claim of prima facie tort—even if the traditional tort claims turn out not to be viable." *Nevin v. Citibank, N.A.*, 107 F. Supp. 2d 333, 347 (S.D.N.Y. 2000); *see also Long v. Beneficial Fin. Co. of New York*, 39 A.D.2d 11, 14 (4th Dep't 1972) ("A cause of action sounding in a known or recognized tort, e.g., intentional infliction of emotional distress, should not, and indeed cannot, be characterized as a prima facie tort."). The determination that Plaintiff's claim sounds in fraud and tortious interference with an employment relationship renders his claim for *prima facie* tort insufficient as a matter of law, even if his remaining claims are ultimately unsuccessful.

## II.    The Court Adopts the MTD R&R in Full

To decide a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all factual allegations, "draw all reasonable inferences in favor of plaintiff," and "may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted).

In assessing whether the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied, "[t]he sum claimed by the plaintiff controls if the claim is apparently made in good faith," unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115 (2d Cir. 2002) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938)). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* at 116 (citation omitted).

The Court reviews de novo the MTD R&R's recommendation that the Court deny Defendant's motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 72(b)(3); *see also Male Juvenile*, 121 F.3d at 38.

Defendant fails to demonstrate to a legal certainty that Plaintiff's damages do not meet the amount-in-controversy requirement. The Complaint alleges that Plaintiff "lost future income, employee equity compensation (i.e., unvested stock units), and his reputation and earning potential, all resulting in significant compensatory damages." Compl. ¶ 39; *see also id.* ¶¶ 59–60, 80–81, 92–93, 115. The evidence Defendant adduces tends to show that Plaintiff was able to mitigate much of his lost salary through gaining new employment. *See, e.g.*, MTD R&R Objection, Ex. 4, Dkt. 394-4. But Plaintiff claims much broader damages, including lost equity compensation in the form of unvested restricted stock units that, if true, far exceeds the amount-in-controversy threshold. *See* Compl. ¶ 39; MTD R&R Objection, Ex. 5, Dkt. 394-5. Defendant objects in passing on the grounds that such damages are consequential damages, *see* MTD R&R Objection at 3 (citing *EMR (USA Holdings) Inc. v. Goldberg*, No. 18 CIV. 7849 (ER), 2020 WL 4038358, at *9 (S.D.N.Y. July 17, 2020)), but this is not a breach of contract action; "[t]he purpose of awarding damages in a tort action is to make the plaintiff whole." *WFE Ventures, Inc. v. GBD Lake Placid, LLC*, 197 A.D.3d 824, 835 (3d Dep't 2021) (citation omitted).

Although several "doctrines such as foreseeability and proximate cause, directness of injury, [and] certainty of damages" may circumscribe the availability of damages, *City of New York v. FedEx Ground Package Sys., Inc.*, 351 F. Supp. 3d 456, 483 (S.D.N.Y. 2018) (quoting *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 532 (1983)), at this stage of the litigation, it is not incumbent on Plaintiff to prove his damages in order to demonstrate subject matter jurisdiction exists. Rather, it is Defendant's task to show to a "legal certainty" that the amount-in-controversy requirement is not met. *Stiles*, 315 F.3d at 115 (citation omitted). For the above reasons, she fails to do so.

**III.     Orders on Non-Dispositive Matters**

The Court will modify or set aside Judge Tarnofsky's Orders on non-dispositive matters only to the extent such Orders are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A finding is clearly erroneous when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed." *Cosme*, 287 F.3d at 158 (citation omitted). "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Thus, after an action has been referred to a magistrate judge for general pretrial supervision, "magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002).

The Court declines to modify Judge Tarnofsky's Orders managing the docket of this action. Defendant objects to Judge Tarnofsky's imposition of a May 15, 2025 document discovery deadline and a May 23, 2025 deadline to complete depositions (the latter of which appears moot, as depositions are *still* ongoing). *See* Objections, Dkts. 282–83. Defendant also objects to Judge Tarnofsky's ruling that she reimburse Plaintiff for a $720 court reporter cancellation fee he incurred after Defendant did not appear before her deposition. Objection, Dkt. 462; Order, Dkt. 454, ¶ 2. Plaintiff objects to Judge Tarnofsky's Order denying his "Motion for Discovery on Discovery." Objection, Dkt. 400; *see also* Order, Dkt. 379, ¶ 7; Order, Dkt. 330.

Under the "highly deferential standard of review" afforded Judge Tarnofsky's decisions, *Am. Stock Exch., LLC*, 215 F.R.D. at 90, the Court finds no clear error or misapplication of law. In April 2024, the Court set a fact discovery deadline of September 30, 2024. *See* Civil Case Management Plan and Scheduling Order, Dkt. 11. The Orders at issue concern the promotion of

the "efficient and expedient resolution" of this action well over a year into discovery. *Dietz*, 579 U.S. at 47. The Court finds no abuse of discretion in Judge Tarnofsky's attempt to bring discovery to a close. Nor did Judge Tarnofsky abuse her discretion in denying Plaintiff's Motion for Discovery on Discovery, as she permitted Plaintiff to question Defendant about any gaps in discovery at her deposition. Order, Dkt. 330. Furthermore, given the history of this lawsuit, to grant Plaintiff's Motion for Discovery on Discovery would inevitably lead to Defendant's Motion for Discovery on Discovery on Discovery, and so on and so forth. The interest in the expedient resolution of this action counsels against such an outcome.

The Court also finds no fault with Judge Tarnofsky's ruling requiring Defendant to reimburse Plaintiff $720 for a court reporter cancellation fee. *See* Order, Dkt. 454, ¶ 2. A court may order sanctions where a party fails to appear for a deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include requiring the party to pay the reasonable expenses incurred caused by the failure to appear, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Judge Tarnofsky applied the law correctly, and therefore did not abuse her discretion, in imposing sanctions on Defendant. On June 26, 2025, Judge Tarnofsky issued an Order noting that Defendant's deposition would not be rescheduled and that her failure to appear on June 30 could result in sanctions. Order, Dkt. 414, at 2. That Defendant's limited representation counsel filed a notice of appearance and an extension request at 4:00 P.M. that day does not excuse Defendant's failure to attend, especially in light of Defendant's announcement at a June 27 status conference that she would not attend the deposition. Order, Dkt. 454, ¶ 2. Sanctions were proper for Defendant's willful failure to appear at her deposition.

Plaintiff further objects to Judge Tarnofsky's Order denying his motion to compel full production by non-party Meta Platforms, Inc. ("Meta") and prohibiting depositions or subpoenas

of Meta employees.  *See* Objection, Dkt. 354; *see also* Supplemental Objections, Dkts. 360 and 458.  As a threshold matter, it is unclear to which Order Plaintiff objects; across three filings objecting to Judge Tarnofsky's ruling, he declines to cite the Order or its docket entry. Objections pursuant to Rule 72(a) must be filed within 14 days after service of the Order.  Fed. R. Civ. P. 72(a).  Based on Plaintiff's June 5, 2025 filing of his objection, it appears that he challenges the June 2 Order quashing Defendant's subpoena for a Meta employee's testimony and declining to order Meta to supplement its document production, Order, Dkt. 343, ¶ 5.[1]  That Order did not constitute an abuse of discretion.  Defendant subpoenaed the employee's testimony the day before discovery closed, and the request for Meta to supplement its document production occurred after the close of discovery.  *Id.*  As Judge Tarnofsky concluded, the parties had ample time and opportunity to request such discovery before the discovery deadline passed.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&Rs in their entirety.  Accordingly, Defendant's motion for judgment on the pleadings is GRANTED in part and DENIED in part. Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.  Plaintiff's claims for negligent misrepresentation, tortious interference with contract, IIED, NIED, and *prima facie* tort are dismissed with prejudice.  Plaintiff's claims for fraud and tortious interference with an employment relationship may proceed.  The Court declines to set aside or modify any of the Orders on non-dispositive matters issued by Judge Tarnofsky to which the parties object.

---

[1] To the extent Plaintiff objects to any Order issued by Judge Tarnofsky pertaining to Meta prior to May 22, 2025, the Court declines to consider the objection as untimely.  Fed. R. Civ. P. 72(a).

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 48, 216, 251, 277, and 354.

**SO ORDERED.**

Date:  August 18, 2025
       New York, New York

                                     **VALERIE CAPRONI**
                                     **United States District Judge**