UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

  -against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      Defendant moved to preclude Plaintiff's motion (**ECF 493**) for a retroactive extension of the deadline for document production to permit his production of materials relied on by his expert on the ground that Plaintiff's motion was untimely. (**ECF 488.**) Plaintiff's motion was not untimely; instead, there was a delay in the posting of the filing on the docket. On the merits, while I think Plaintiff's failure to move for the extension before producing the documents to Defendant was due to his unfamiliarity as a pro se litigant with the requirement that he seek leave before making a late production, I find it difficult to credit that Plaintiff was unaware of the availability of some of the documents from the investment management firm when Defendant first requested their production. Nevertheless, because I see no colorable prejudice to Defendant from the late production, the motion for a retroactive extension of time to produce certain documents used in Plaintiff's expert report is **GRANTED**, with the deadline being the date Plaintiff made such production to Defendant. To be clear, documents produced by Plaintiff in connection with the expert report will not be precluded because they were produced after paper discovery was closed; to the extent Defendant has any other objections to admitting the documents into evidence she may raise those issues when a schedule is set for

motions in limine before trial. If Defendant wishes to question Plaintiff about the newly produced documents, I am permitting a limited reopening of Plaintiff's deposition solely for that purpose, which shall be limited to one hour and scheduled for **August 26, 2025**.

Plaintiff has moved to strike Defendant's expert report as untimely and produced in a format that is not searchable and because Defendant failed to provide him with copies of documents her expert relied on in connection with the expert report. (**ECF 491**.) The late notarization caused no prejudice; nor did the notarization of an identical version of the report. As to the format of the expert report, there is no requirement that the expert report be searchable. Courts prefer to decide cases on the merits based on all relevant evidence rather than to exclude testimony based on technicalities. And as to the documents on which Defendant's expert relied, Defendant represents that all such documents were produced by Plaintiff, so that he already has those documents. The motion to strike (ECF 491) is **DENIED**. To ensure there is no confusion over which documents were relied on by Defendant's experts, Defendant shall by **August 25, 2025** produce to Plaintiff a copy of all documents relied on by her expert. Plaintiff may refile a substantive challenge to Defendant's expert if appropriate at the time preferred by Judge Caproni, which is at the same time summary judgment motions are due, on **September 30, 2025**.

As to the Dordi deposition, Plaintiff may not schedule the deposition for a date when Defendant's counsel is known to be unavailable, which counsel says is any day before September 11, 2025. Accordingly, by **5:00 pm on August 22, 2025**, Defendant's counsel is required to provide Plaintiff with a list of all dates between September 11, 2025 and September 30, 2025 when he is available to attend the Dordi deposition. Plaintiff is ORDERED to consult

with Dordi's new counsel and schedule the Dordi deposition on the first date between September 11 and September 30, 2025 on which Plaintiff, Defendant's counsel, Dordi and Dordi's lawyer are available for Dordi's deposition. Plaintiff shall file a letter on the docket by **August 25, 2025** with an update on his efforts to schedule the Dordi deposition. Defendant's request for an emergency conference to discuss the timing of Dordi's deposition (**ECF 493**) is **DENIED.**

The Clerk of Court is respectfully requested to terminate **ECF 488, ECF 489, ECF 491, and ECF 493**.

DATED: August 21, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge