**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER REQUIRING PAYMENT OF COURT REPORTER CANCELLATION FEE (DKT. 454 / AFFIRMED AT DKT. 487)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2025

**MEMO ENDORSED**

Dear Judge Caproni:

Defendant respectfully moves for reconsideration of the Court's ruling affirming Magistrate Judge Tarnofsky's order (Dkt. 454, 2) requiring Defendant to reimburse Plaintiff $720 for a court reporter cancellation fee.

### 1. No Willful Refusal

The Court's decision rests on the premise that Defendant "willfully refused" to attend her June 30 deposition. Respectfully, this misconstrues the record. Defendant had raised in contemporaneous filings (ECF 415 and 416) that discovery production was being withheld, directly impairing her ability to prepare for depositions. Far from refusing, Defendant was highlighting that her deposition could not fairly proceed under those circumstances.

### 2. Counsel's June 27 Appearance

On June 27, limited-purpose counsel formally appeared and, before close of business that day, filed a notice of appearance and an adjournment request. Counsel's representation was intended to reduce contentiousness and protect Defendant from harassment during deposition proceedings. This was a good-faith step, not evidence of bad faith or defiance.

### 3. Mischaracterization Prejudices Defendant

The Court's ruling collapses two distinct events — (i) Defendant's June 27 remarks at a status conference and (ii) counsel's same-day filing — into a single "refusal." In doing so, the Court treats Defendant's attempt to secure counsel and obtain adjournment as misconduct, rather than recognizing it as a substantial justification under Rule 37(d)(3). Moreover, because notice was given on June 27, three days before the deposition, Plaintiff could have canceled the court reporter without incurring a $720 fee.

### 4. Rule 37(d)(3) Standard

Rule 37(d)(3) expressly provides that sanctions are inappropriate if "the failure was substantially justified or other circumstances make an award of expenses unjust." Both exceptions apply here:

- Counsel's timely request on June 27 substantially justified any non-appearance.
- Given Defendant's blocked access to discovery (ECF 415/416) and pro se status since April, imposing fees is manifestly unjust.

### 5. Requested Relief

Defendant respectfully requests that the Court vacate the $720 sanction as clearly erroneous and contrary to law. In the alternative, Defendant requests that enforcement be stayed until after final judgment so the issue may be reviewed on appeal.

Respectfully submitted,

/s/ Anu Shah
Pro Se Defendant

*anu shah*

Verified by pdfFiller
08/23/2025

Application DENIED.  For the reasons stated in the Court's prior Opinion and Order at Dkt. 487, Defendant is required to reimburse Plaintiff for the court reporter cancellation fee.

Defendant also objects pursuant to Rule 72(a) to Judge Tarnofsky's Order at Dkt. 496 permitting Plaintiff to rely on documents produced after the close of fact discovery.  *See* Dkt. 501.  The Court will modify or set aside Judge Tarnofsky's Order only to the extent it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  A finding is clearly erroneous when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed."  *Cosme v. Henderson*, 287 F.3d, 152, 158 (2d Cir. 2002) (citation omitted).  The Court finds no clear error with Judge Tarnofsky's decision.  Defendant has not explained how she is prejudiced by the late production of documents.  The Court sees no reason why the late production of documents affects Defendant's ability to litigate this action.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 500.

SO ORDERED.

*[signature]*    10/9/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE