UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT, <br><br>          Plaintiff, <br><br>   -against- <br><br> ANUJA SHARAD SHAH, <br><br>          Defendant. | 24-CV-1424 (VEC) (RFT) <br><br> **<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the discovery conference on October 9, 2025:

1.  Plaintiff's motion for sanctions arising out of the failure of the one-hour deposition of Defendant's computer forensics expert about the documents on which the expert relied to take place by the deadline that I had set (**ECF 535**) is **DENIED** without prejudice. Plaintiff bears some share of the fault in the failure of the deposition to take place by the deadline. I am sua sponte extending the deadline for that deposition until **October 17, 2025.** Defendant is admonished orders of this Court are not optional: if her expert does not make himself available for a one-hour deposition by **October 17, 2025**, Plaintiff may renew his sanctions motion, and I will consider imposing appropriate sanctions, up to and including precluding the testimony of Defendant's computer forensics expert. Defendant shall provide Plaintiff with at least 24 hours' notice of the date and time of the deposition, to enable Plaintiff to secure a court reporter.

2.  Plaintiff's motion for equal treatment arising out of Defendant's late production of documents (**ECF 532**) is **DENIED**. As I have explained previously, parties to a litigation have an ongoing obligation to produce documents that come into their possession that are relevant to the litigation; if the party to whom the documents are produced late

believes he or she had been prejudiced by the late production, he or she may make a motion to exclude the documents at the appropriate time, which is called a motion in limine. The Court will set a schedule for filing motions in limine after discovery is complete.

3. Defendant's motion to compel Plaintiff to produce certain records relating to his employment with a second employer (**ECF 529**) is **DENIED**. Defendant contends that Plaintiff has access to the information because he remains employed by his second employer. Plaintiff responds that he has not had access to the information since August because he is due to separate from his employment on October 13, 2025 and because it is his second employer's policy to revoke access to employees during the notice period before separation. Plaintiff further contends that Defendant learned the identity of his second employer after she was provided with documents produced on an attorney's- and expert's-eyes only basis. Defendant counters that Plaintiff could have obtained the documents when she first sought them from him even if he is unable to do so now (which she does not concede he is); she says she learned the name of Plaintiff's second employer from one of his social media accounts, and she attaches a screenshot (ECF 533-4). Plaintiff says that the screenshot is of a fake social media account that was created by Defendant and requests discovery on that subject. Defendant accuses Plaintiff of lying to the Court. I see no way to reconcile Plaintiff's and Defendant's differing representation to the Court. I have had reservations about the truthfulness of both parties' statements to the Court at various times during this litigation. Nevertheless, I decline to send the parties and the Court down a discovery rabbit hole on this issue as Plaintiff requests, because the question whether Defendant fabricated a

social media account to disguise how she learned the identity of Plaintiff's second employer is ancillary to the issues in this case – whether Defendant defrauded Plaintiff or tortiously interfered with his employment relationship with Meta and whether he was harmed thereby. Given the parties' difficulties completing core discovery, there is no basis to reopen fact discovery to allow the parties to get discovery on issues that are tangential at best. My prior order (ECF 528 ¶ 2) stands: to the extent that Plaintiff's responses to interrogatories about compensation for his second job are insufficient, Defendant's damages expert may be permitted to make assumptions about Plaintiff's compensation that are unfavorable to Plaintiff.

4. While I have previously permitted both Defendant and her limited scope counsel to make filings, I did so in situations where Defendant's filings were on topics that arguably fell outside the scope of the representation; I also gave Defendant some leeway in this regard because it can be difficult to assess whether a particular filing falls within or outside the scope of representation. The letters submitted by Defendant (as opposed to her limited scope counsel) (ECF 533, 536) relate to topics falling clearly within the scope of the limited representation, which covers completing discovery in this matter. Plaintiff is reminded that as to topics within the scope of her representation by counsel, counsel speaks for her, and she should not be making filings on those topics. I also note that Defendant confirmed on the record that her statement that Mr. Jaffrey is her prior counsel (ECF 536) was a mistake and that Mr. Jaffrey remains her limited scope counsel.

5. Defendant is admonished that I will not tolerate her continued disrespect for the Court. It is unacceptable for her to yell at me or to cut me off when I am speaking. Today's outburst by Defendant was not the first time Defendant exhibited this kind of

disrespectful behavior, and any future outbursts such as the one she made today may

lead to sanctions.

The Clerk of Court is respectfully requested to terminate ECF **529, 532, and 535**.

DATED:  October 10, 2025
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge