USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/2025

**The Honorable Valerie E. Caproni**
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 443
New York, NY 10007



**MEMO ENDORSED**

**Re:** Viral Bhagat v. Anuja Sharad Shah, No. 1:24-cv-01424 (VEC)
**Defendant's Letter-Motion to Stay Enforcement of Court-Reporter Fee Pending Final Judgment**

Dear Judge Caproni:

I respectfully move, pursuant to **Fed. R. Civ. P. 62(b)** and the Court's inherent authority, for a limited stay of enforcement of the Court's October 9, 2025 Order (ECF No. 538) requiring Defendant to reimburse Plaintiff for the court-reporter cancellation fee.

The purpose of this request is not to re-litigate the issue already decided, but to **defer payment** until final judgment so that all cost and fee determinations may be resolved together at the conclusion of this action.

**1. Background**
On October 9, 2025, the Court denied Defendant's motion for reconsideration and reaffirmed its prior ruling directing reimbursement of the court-reporter cancellation fee. The case remains active and ongoing. Defendant intends to preserve this issue for appeal following entry of final judgment.

**2. Basis for a Stay**
Rule 62(b) authorizes the Court to stay execution of an order "on terms for the opposing party's security" pending further proceedings. Courts also have equitable discretion to stay enforcement of incidental monetary orders to prevent piecemeal enforcement and conserve resources while litigation continues.

A stay is appropriate here because:

- **Serious legal question:** the propriety of shifting a court-reporter's cancellation fee is a debatable issue that will likely be reviewed at the close of the case.

- **Minimal prejudice:** Plaintiff will suffer no prejudice from a brief deferral of a small reimbursement while discovery and motions continue.

- **Avoiding irreparable loss:** once paid, the funds may be unrecoverable even if the order is later reversed.

- **Judicial efficiency:** staying enforcement avoids piecemeal cost enforcement before final judgment.

**3. Requested Relief**

Defendant respectfully requests that the Court **stay enforcement of the October 9, 2025 order** requiring payment of the court-reporter cancellation fee **until entry of final judgment or further order of the Court.**

Thank you for the Court's consideration.

Respectfully Submitted
Anu Shah
Pro Se Defendant
10th Oct 2025

---

Application DENIED. Defendant offers no persuasive justification to stay enforcement of the Court's prior Order requiring her to reimburse Plaintiff for the court reporter cancellation fee.

First, the propriety of shifting the fee is not "a debatable issue" and will not "be reviewed at the close of this case." In fact, the issue has been addressed three times: first, by Judge Tarnofsky in ordering the payment, then by the Undersigned on Defendant's Rule 72(a) objection, and again by the Undersigned on Defendant's motion for reconsideration. Requiring Defendant to pay the court reporter cancellation fee after she failed to appear for her deposition falls within the wide latitude granted the Court to manage its docket.

Second, the loss is not irreparable. Were Defendant to find some court willing in the future to entertain the idea that she can flagrantly ignore the Court's instruction and skip her deposition without incurring any penalty, Plaintiff would simply be ordered to pay the fee back to her. Any harm in paying the fee now can therefore be repaired.

Finally, the Court sees no boon to judicial efficiency in staying enforcement of the Order. Defendant asserts no counterclaims in this action. Even in the best case scenario for Defendant, she would not be entitled to any damages in this lawsuit. Accordingly, there will be no judgment against which the cancellation fee would be offset. If Plaintiff does not succeed in this lawsuit, Defendant will still need to reimburse him for the cancellation fee. The Court also fails to see what "piecemeal cost enforcement" will occur before final judgment. Defendant need only pay Plaintiff the $720 reimbursement that he is owed. The only "piecemeal cost enforcement" is the Court needing to address Defendant's repeated attempts to avoid reimbursing Plaintiff.

In short, Defendant must reimburse Plaintiff for the court reporter cancellation fee. Defendant is admonished that failure to do so within a reasonable time period may result in further sanctions. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 544.

SO ORDERED.

*Valerie Caproni*    10/16/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE