UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                Plaintiff,

-against-

ANUJA SHARAD SHAH,

                Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      Pending before me is Defendant's application for sanctions on Plaintiff for "continuing non-compliance with ECF 174 and 542" and/or for my reassignment or recusal (**ECF 558**). This case is referred to me for general pretrial supervision and dispositive motions. (*See* ECF 59, Order of Ref.) These applications fall within the scope of my reference. Plaintiff is ORDERED to (1) provide Defendant's counsel with a copy of the documents in the file sent to Dordi's counsel in a state court litigation; and (2) respond to Defendant's application for sanctions by **October 21, 2025**. For the reasons set forth below, the application for me to recuse myself is **DENIED**.

      As relevant here, under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Green v. N.Y.C. Health & Hosps. Corp.*, 343 F. App'x 712, 713 (2d Cir. 2009) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness – whether an objective, disinterested observer fully informed of the underlying facts, would entertain

significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.), *cert. denied*, 555 U.S. 1038 (2008). For recusal to be appropriate, the moving party must demonstrate an "objectively reasonable basis for questioning a judge's impartiality." *In re Int'l Bus. Machs. Corp.*, 45 F.3d 641, 644 (2d Cir. 1995).

The decision whether to recuse is in the first instance within the discretion of the judge whose recusal is sought. "The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

"[T]here exists a strong presumption of a judge's impartiality which may only be overcome by adequate proof to the contrary." *Freeman v. Deebs-Elkenaney*, No. 22-CV-2435 (LLS) (SN), 2023 WL 4409474, at *1 (S.D.N.Y. June 29, 2023). Defendant's dissatisfaction with my recommendations and rulings does not qualify as a sufficient factual basis for demonstrating my supposed bias. As the Supreme Court pointed out in *Liteky v. United States,* 510 U.S. 540 (1994), judicial rulings alone "almost never constitute a valid basis for a bias or partiality [recusal] motion." *Id*. at 555. "Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). The parties may challenge any of my rulings with which

they disagree by lodging an objection with Judge Caproni; objections rather than requests for recusal are the appropriate response to unfavorable decisions. Defendant is well aware of her ability to object – I reminded the parties of this option multiple times at discovery conferences, and Defendant has in the past sought review of my rulings.

DATED: October 20, 2025
       New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge