

SUTTON SACHS MEYER PLLC
14 Penn Plaza, Suite 1315, New York, NY 10122
tel: (212) 480-4350  |  fax: (212) 480-4351  |  www.ssm.law

November 3, 2025

**VIA ECF**
Hon. Robyn F. Tarnovsky
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 703
New York, NY 10007

Defendant is ordered to provide the Court with a complete copy of the deposition transcript by **November 14, 2025**.

Dated: November 7, 2025
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Re:    *Bhagat v. Shah*, No. 24 Civ. 01424 (VEC) (RFT)

Dear Magistrate Judge Tarnovsky:

    This firm represents Defendant Anuja Sharad Shah for purposes of completing expert disclosure and related materials as well as to complete outstanding depositions. I write to renew Defendant's motion at [Docket No. 547](#) seeking sanctions against Plaintiff for his continued bad-faith and intentionally time and money-wasting litigation tactics. I make this motion in light of the Court's denial thereof at [Docket No. 560](#) without prejudice subject to the transcript's release and availability.

    During the one-hour deposition of Defendant's technical expert, Plaintiff informed the expert that he would gladly accept the files upon which the expert's opinion was based in their original form as they were produced to him by the undersigned, in direct contradiction to his representations to the Court that he could not make sense of the documents in such format. Defendant seeks sanctions in the form of attorneys' fees expended in connection with producing the documents, preparing for, and attending the expert deposition.

    As the Court may recall, during an August 29, 2025 conference, Plaintiff sought leave to compel Defendant to produce the files upon which Plaintiff's expert relied. Citing the practicalities of why such production would be unhelpful to Plaintiff, I represented to the Court that, as per our technical expert, the files are purposefully divided into folders by segment (phone number, IP address, etc.) and often have the same file names but widely different content. This meant that not only would such a production be useless to Plaintiff, it would risk the probability of missing data. Indeed, Plaintiff insisted that he could not make sense of the production without it being produced in this way. The Court nonetheless ordered Defendant to produce all such files in one folder to Plaintiff. This production was made and the reasoning for this order was reinforced during the September 15, 2025 conference wherein Defendant requested that the deposition not proceed in light of the production to Plaintiff.

Specifically, the transcript reveals that Plaintiff raised an issue with the files and requested that they (again) be re-produced to him. This was because Mr. Zaugg acknowledged that the files are essentially meaningless unless they are in their corresponding folders and unless he re-named them, having the files in the same folder would be worthless. Plaintiff has consistently rejected this argument during conferences but conceded the point during this deposition. The relevant excerpts are as follows:

> A. It did not turn out to be simple. So that's unfortunate, but I'm happy to provide the whole list of data, like, [the] exact copies of the exact folder formats.
>
> Q. Mm-hm.
>
> A. And then I just have to caution that things will be in different folders. So if it says, you know, "voice one.txt" it could exist in one of many different folders. You'll have to go hunt down specifically which one it is based off of the hash.
>
> Mr. Jaffery: So now you're going to take the folders, Mr. Bhagat?
>
> Mr. Bhagat: No, all I'm interested in is those four versions of those files, right?
>
> The Witness: Yeah.
>
> Mr. Bhagat: So if you can provide all four of them, I don't need a whole folder.
>
> The Witness: I can provide them; however, you should already have them. I believe you have the same bits of data I have.
>
> Mr. Bhagat: No, I mean I was – I mean, they shared everything with me, all the production, and I cannot –
>
> Mr. Jaffery: How are you going to mark them in such a way that you know they're correlated to that whole folder from which they came, which has several other files and defendants?
>
> **Mr. Bhagat: I'm sure Mr. Zaugg can, you know, do that. I mean he can basically zip and rename those files, or put those files into four different folders and share with me. I'm sure he can do that.**
>
> Mr. Jaffery: They're already in folders. They were shared with you in the folders.
>
> (Exhibit A hereto at pp. 39-41) (emphasis added)

As the above and enclosed demonstrates, and as Defendant has repeatedly represented to the Court, the files were initially produced by Plaintiff to Defendant, and by Defendant back to Plaintiff in the only format that would allow the viewer to make sense of the contents thereof. Plaintiff requested this deposition because, despite seeking to serve as his own technical and forensic expert, he rejected my explanation that the files can and should only be produced in the manner in which they were maintained by the custodian which, again, was the exact manner in which Plaintiff himself obtained them in the first instance.

As such, I request that sanctions be imposed upon Plaintiff for the attorneys' fees involved in seeking relief on this issue via multiple filings and conferences, as well as the cost of Mr. Zaugg's time in appearing for his deposition. To the extent the Court grants such application, I will submit a formal fee application.

I thank the Court for its consideration of this request.

Respectfully Submitted,

Ali R. Jaffery