UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

               Plaintiff,

  -against-

ANUJA SHARAD SHAH,

               Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      Pending before the Court is Defendant's renewed motion for sanctions against Plaintiff for "continued bad-faith and intentionally time and money-wasting litigation tactics." (ECF 567, at 1.) I ordered Defendant's computer forensics expert to sit for a one-hour deposition during which Plaintiff could question the expert about the documents on which the expert relied. (ECF 528 ¶ 4.) After that deposition took place on October 15, 2025, Defendant moved for sanctions, arguing that at the deposition, "and contrary to every prior representation on the subject, Plaintiff stated on the record that he had no problems receiving and re-reviewing the referenced documents in their original folders for the same exact reasons I gave the Court when I represented that Plaintiff had already been provided with the entirety of the subpoena production in an appropriate format." (ECF 547.) I denied the motion without prejudice to refiling after Defendant produced a complete copy of the transcript to the Court. (ECF 560 ¶ 1.) Defendant renewed the sanctions motion (ECF 567), arguing that at the deposition, "Plaintiff informed the expert that he would gladly accept the files upon which the expert's opinion was based in their original form as they were produced to him by the undersigned, in direct contradiction to his representations to the Court that he could not make sense of the

documents in such format." (ECF 567, at 1.) In support, Defendant attached a portion of the deposition transcript. (ECF 567-1.) Defendant also provided the full transcript as an attachment (ECF 570-1). I have reviewed the transcript and do not agree that the deposition reflected bad faith or intentional time wasting by Plaintiff. In fact, the deposition revealed that Defendant's original production of documents on which the expert relied was incomplete, in that there were missing versions of certain documents and that the expert's script had overwritten some files with the same names. (ECF 570-1, Tr. at 5:6-10:12, 19:2-27:21, 30:25-31:25, 38:23-41:2.) Accordingly, Defendant's renewed motion for sanctions (ECF 567) is **DENIED**.

Also pending before the Court is Plaintiff's cross-motion to compel and for sanctions under the inherent authority of the Court (ECF 569). Plaintiff asks for production of a variety of documents discussed at the deposition of Defendant's computer forensics expert. (*Id.* at 4.) However, at the deposition itself, Plaintiff asked only for production of the "four versions" on which the expert relied and for minimal labeling so that those documents could be uniquely identified. (ECF 570-1, Tr. at 39-41.) Plaintiff did not ask for the additional materials during the deposition and has not explained why those additional materials are necessary. Accordingly, Plaintiff's motion to compel (ECF 569) is **GRANTED IN PART**, in that if Defendant has not yet provided the "four versions" on which the expert relied with appropriate labeling, she shall do so by **November 26, 2025**; Plaintiff's motion to compel is otherwise **DENIED**. As to Plaintiff's motion for sanctions in the form of requiring Defendant to pay the costs of the expert's deposition (ECF 569), "[a] court has inherent power to fashion an appropriate sanction for conduct which abuses the judicial process." *Ceglia v. Zuckerberg*, 600 F. App'x 34, 36 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45

(1991)). But Plaintiff has not demonstrated any abuse of judicial process by Defendant in connection with her expert's document production; Plaintiff identified an error in the production that was explained by the expert and that has been (or shortly will be) rectified. In our American system, each party bears his own costs absent sanctionable behavior by the other party, and there was no such sanctionable behavior here. Accordingly, Plaintiff's motion for sanctions (ECF 569) is **DENIED**.

DATED: November 24, 2025
      New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge