UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                    Plaintiff,<br><br>     -against-<br><br>ANUJA SHARAD SHAH,<br><br>                    Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

1.      **Defendant's application for sanctions against Plaintiff in connection with Plaintiff's production of documents in response to a subpoena from non-party Dordi. (ECF 558.)**

On October 15, 2025, Defendant filed a letter seeking, among other relief, sanctions for Plaintiff's alleged violation of the protective order in this case (ECF 81) as well as my orders at ECF 174 and ECF 542 by producing to non-party Dordi documents in response to a subpoena issued by Dordi in a state court case. (ECF 558.) I ordered Plaintiff to provide Defendant's counsel with the documents at issue and to respond to the sanctions request by October 21, 2025. (ECF 561.) Plaintiff filed a response dated October 20, 2025, which was docketed on October 28, 2025. (ECF 565.) Defendant filed a response to Plaintiff's filing on October 28, 2025. (ECF 566.)

Defendant's argument that the production on October 14, 2025 to Dordi's counsel violated my order at ECF 174 is unpersuasive: the order at ECF 174 had nothing to do with the most recent Dordi state court subpoena, but rather related to an earlier state court subpoena from Dordi from April 2025. I directed Plaintiff not to respond to that earlier state court

subpoena until after (a) Defendant had an opportunity to move to quash the subpoena in state court and (b) the state court had ruled on that motion to quash. (ECF 174.)

Plaintiff did not violate my order at ECF 542 when he shared the documents with Dordi's counsel at 6:27 pm (ECF 566-1), which was before my order (ECF 542) directing him not to do so was posted on ECF at 6:51 pm.

Plaintiff argues that he did not violate the protective order in this case, because (1) he shared no documents produced pursuant to the protective order and (2) because he provided Defendant with notice of the subpoena as required under the protective order and she failed to provide him with a motion to quash. (ECF 565, at 1.) In fact, the documents filed by Plaintiff himself contradict his assertion that Defendant did not provide him with her motion to quash: Defendant informed Plaintiff by email on October 9, 2025 that she had filed a motion to quash, that she had sent him a copy of that motion, and that if he could not access that motion, he should ask Dordi's counsel to send him a copy; Plaintiff responded by telling Defendant to send him a stamped copy of her motion along with any order by the state court directed at the subpoena. (ECF 565-1.) Plaintiff expressly stated that he intended to produce documents covered by the protective order unless the state court had issued an order directing him not to do so. (*Id.* at 2-4.) Nothing in the protective order suggests that a party is precluded from producing confidential information pursuant to a subpoena only if a court quashed or modified the subpoena. If that were the case, parties producing documents pursuant to a protective order would be at the mercy of the schedules of judges deciding motions to quash. Nor does anything in the protective order suggest that a party moving to quash a subpoena for documents covered by the protective order must provide the subpoenaed party with a

stamped copy of the motion to quash. The protective order states only that: "In the instance of a subpoena, the subpoenaed party must provide reasonable notice of the subpoena to the producing party, which shall be no later than two (2) business days after receipt of the subpoena, to enable the producing party to object to the disclosure of Confidential Information." (ECF 81.) Plaintiff is admonished that, notwithstanding his pro se status, he is expected to be truthful in all his communications with the Court. Plaintiff risks sanctions if he makes any future misrepresentations to the Court.

I am, however, unable to conclude that Plaintiff has violated the protective order, because Defendant has not as far as I can tell specified which documents that she produced to Plaintiff were shared by Plaintiff with Dordi's counsel in violation of the protective order. Accordingly, Defendant's application for sanctions is DENIED.

**2.      Plaintiff's application for sanctions against Defendant for violation of the protective order. (ECF 565.)**

Plaintiff seeks sanctions against Defendant for an alleged violation of the protective order. He attaches to his application exhibits that he contends demonstrate the violation. (ECF 565-1 to ECF 565-4.) However, he provides no description of what the documents are, by whom they were produced originally, and to whom they were produced in supposed violation of the protective order. Accordingly, Plaintiff's application for sanctions is DENIED.

**3.      Plaintiff's motion to compel Defendant to pay the sanctions award for failure to appear at her deposition. (ECF 564.)**

Plaintiff asks this Court to compel Defendant to pay the court report cancellation fee within three business days as well as to order other related relief. (ECF 564.) Plaintiff sent 15

follow up messages to Defendant after Judge Caproni denied Defendant's request for a stay of the sanction and ordered Defendant to pay within a reasonable amount of time (ECF 557). (ECF 564.) Defendant responds that Plaintiff has sent over 50 emails demanding immediate payment and that payment within a reasonable amount of time does not mean overnight or after receiving 50 emails from Plaintiff. (ECF 566, at 1.) If Judge Caproni had wanted to set a deadline for payment, she would have done so, and I decline to do so when she did not. Nevertheless, Defendant is admonished that the reasonableness of the timeframe for payment is unrelated to the number of times Plaintiff reaches out to her for payment, no matter how frustrating she finds his communications. Put another way, Defendant does not get additional time to pay when Plaintiff sends additional messages demanding payment, even if Plaintiff sends an unreasonable number of reminders. Defendant is further admonished that, as Judge Caproni indicated, failure to pay within a reasonable timeframe may result in additional sanctions. Accordingly, Plaintiff's application (ECF 564) is DENIED.

DATED:  November 26, 2025
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge