USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/19/2026___

Feb 14, 2025

*Via Email to ProSe@nysd.uscourts.gov*
**Hon. Judge Caproni**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street,
New York, NY 10007

# MEMO ENDORSED

RE:    **Case Name:** Viral Bhagat v. Anuja Sharad Shah a/k/a Anu Shah
       **Case No.:** 1:24-cv-01424-VEC

SUB:   Letter Motion to Enforce ECF 630 Sanctions and Compel Immediate Payment

Hon. Judge Caproni:

Plaintiff respectfully submits this letter motion to enforce the Court's Order at **ECF 630**. That Order required Defendant to pay **$895** by **February 9, 2026**, and further imposed a **$50-per-day** penalty **after February 9** until the amount is paid. Defendant remains in noncompliance.

**Exhibit 1** (attached) reflects the parties' communications from February 9–14, 2026. Among other things, Exhibit 1 shows: **(i)** Plaintiff's repeated follow-ups to Defendant and her counsel seeking the **outstanding balance under ECF 630** on February 11, 12, 13, and 14; **(ii)** no response from either Defendant or her counsel to those follow-ups; and **(iii)** the partial payment described below.

On or about February 11, 2026, Plaintiff received a payment of **$720** via **Venmo** from Defendant's counsel, **Mr. Ali Jaffery**, without any explanation. Plaintiff assumes this payment was intended to partially satisfy the Court-ordered cancellation fees. But **$720 is not the amount ordered**, and it **does not include the accrued daily penalty** that the Court expressly imposed to ensure compliance. Defendant has not paid the full amount due and has not offered any explanation or plan to cure the deficiency.

**Amounts due under ECF 630 (daily total and remaining balance)**

Under the Court's Order, the **total due** is $895 plus $50 per day after February 9. With the $720 partial payment credited, the **remaining balance** is as follows:

- **Feb 10, 2026:** Total due $945 → Less $720 paid → **Balance $225**
- **Feb 11, 2026:** Total due $995 → Less $720 paid → **Balance $275**
- **Feb 12, 2026:** Total due $1,045 → Less $720 paid → **Balance $325**
- **Feb 13, 2026:** Total due $1,095 → Less $720 paid → **Balance $375**
- **Feb 14, 2026:** Total due $1,145 → Less $720 paid → **Balance $425**
- **Feb 15, 2026:** Total due $1,195 → Less $720 paid → **Balance $475**
- **Feb 16, 2026:** Total due $1,245 → Less $720 paid → **Balance $525**
- **Feb 17, 2026:** Total due $1,295 → Less $720 paid → **Balance $575**
- **Feb 18, 2026:** Total due $1,345 → Less $720 paid → **Balance $625**
- **Feb 19, 2026:** Total due $1,395 → Less $720 paid → **Balance $675**

Defendant's continued refusal to comply is unacceptable. The Court imposed a daily penalty for a reason—yet Defendant continues to withhold the accrued penalty and has ignored repeated notices of the growing balance. At this point, the record also shows Defendant has both **the ability to pay** and **a functioning method to pay** (as demonstrated by the Venmo payment through counsel). What appears to be happening is willful delay in the hope Plaintiff will stop pursuing enforcement.

**Requested relief**

Plaintiff respectfully requests that the Court enter an Order:

1. **Compelling Defendant to pay the full outstanding balance immediately** (currently **$425 as of February 14, 2026**), with the **$50-per-day** amount continuing to accrue until paid in full; and

2. **Imposing stricter sanctions to ensure compliance with Court orders.** The existing **$50-per-day** coercive sanction has not secured compliance. Plaintiff therefore respectfully requests that the Court **escalate the coercive sanction** if Defendant does not pay by a date certain set by the Court—for example, increasing the daily amount to **$100 per day** until

payment is made in full, **or such other stricter sanctions as the Court deems appropriate**. Plaintiff submits escalation is warranted because Defendant has demonstrated the ability and means to pay, yet continues to disregard the Court's Order. Absent stricter sanctions, Defendant will likely continue to ignore Court orders and **waste scarce judicial resources** through avoidable noncompliance and repeated enforcement applications.

Respectfully submitted,

DocuSigned by:

*Viral Bhagat*

B4F31091E91C4BF...

Viral Bhagat

*Plaintiff Pro Se*

Plaintiff's motion for entry of judgment, Dkt. 627, and motion to enforce, Dkt. 631, are DENIED.  Each party has confirmed that, as of February 17, 2026, Defendant has remitted the $895 as required by the Court's February 10, 2026, Order,  *see* Dkt. 631, which includes the additional coercive sanctions accrued between February 2, 2026, and February 9, 2026.  Although payment was egregiously delayed, given that Defendant has now reimbursed Plaintiff in full (and then some), and in the spirit of cooperation between the parties, the Court will not impose additional sanctions on Defendant at this time.  The Court nonetheless admonishes Defendant for her dismal record of timely compliance with Court orders.  Future failures to abide by the Court's directives will result in additional sanctions, as appropriate.

The Clerk of Court is respectfully directed to terminate the open motions a Dkts. 627, 631.

SO ORDERED.

2/19/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE