UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

                        Plaintiff,

        -against-

ANUJA SHARAD SHAH,

                        Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before me is Defendant's March 18, 2026 letter motion to unseal two exhibits filed in connection to her motion for summary judgment. (ECF 645.) Defendant argues that the exhibits at issue (ECF 644-2, ECF 644-3), which are documents detailing Plaintiff's compensation and stock options at previous employers, are central to Plaintiff's claim for $3.5 million in lost wages; that the protective order cited by Plaintiff (ECF 81) does not apply to the exhibits at issue; that Plaintiff has already publicly disclosed the information he seeks to protect on the docket; and that Defendant cannot meaningfully defend herself in this action without access to these documents. (ECF 645). In Plaintiff's letter-response, he argues that the exhibits at issue contain highly sensitive personal financial information that does not need to be made public because Defendant already has access to the documents for the purposes of this litigation; that Defendant's former counsel had improperly disclosed the exhibits to Defendant; and that unsealing the exhibits would inflict unnecessary harm on Plaintiff. (ECF 649.) In Defendant's letter-reply, while reiterating the arguments in her initial letter-motion, she further argues that the Court cannot evaluate Plaintiff's claims for damages without access to the financial information Plaintiff seeks to protect. (ECF 650.)

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" as to which both a common law and a constitutional presumption of public access applies; second, if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-20.

For documents to qualify as "judicial documents," they "must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling . . . ." *In re Arida, LLC*, No. 19-MC-0522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)).

If a party proposes to seal "judicial documents," the court determines how much weight to assign to the presumption of access. *See Lugosch*, 435 F.3d at 119. As the Second Circuit has explained: "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. The Court then assesses whether the party seeking sealing demonstrated that there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption of access. *Lugosch*, 435 F.3d at 120, 124. If so, the documents may be sealed, but the sealing order must be "narrowly tailored" and preserve privacy concerns, which may be done by allowing the parties to file documents in redacted form or the Court making redactions to the documents at issue. *See id*. at 124; *see also Brown*, 929 F. 3d at 51 (discussing the supervisory powers a court has "over its own records and files," including by granting protective orders, placing filings under seal, and striking material); *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (recognizing that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document" while protecting the identities of cooperating witnesses and to protect other confidential law enforcement information).

Here, because the exhibits at issue were submitted in conjunction with Defendant's motion for summary judgment, they are judicial documents with a strong presumption of public access. The Second Circuit has consistently held "that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches." *Id*. at 121. *See also Brown*, 929 F. 3d at 49;

3

*Lohnn v. International Business Machines Corp.*, No. 21-CV-6379 (LJL), 2022 WL 3359737, at *3

(S.D.N.Y. Aug. 15, 2022); *Collado v. City of New York*, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016).

However, Plaintiff has identified countervailing factors and higher values that outweigh

the presumption of access attaching to the exhibits at issue. "Individuals' financial information,

including their compensation, is considered private and can override even a strong

presumption in favor of public access." *Rowe v. Google LLC*, No. 19-CV-8655 (LGS), 2022 WL

4467628, at *2 (S.D.N.Y. Sept. 26, 2022). *See also O-Connor-Roche v. RBC Capital Markets, LLC*,

22-CV-1467 (LLS), 2022 WL 769329, at *1 (S.D.N.Y. Mar. 14, 2022); *Johnson v. L'Oreal USA*, No.

18-CV-9786 (JPC), 2021 WL 1191443, at *1 (S.D.N.Y. Mar. 30, 2021).  Further, having reviewed

the exhibits at issue, they have "minimal relevance to the Court's decision on the summary

judgment motion[]," further supporting this Court's finding that Plaintiff's privacy interests in

the exhibits outweigh the presumption of access. *Spencer-Smith v. Ehrlich*, No. 23-CV-2652

(LJL), 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) (granting movant's request "to redact

specific sensitive financial terms rather than to seal the contracts in their entirety.").

Defendant's arguments are unavailing. While Plaintiff's financial information may be

relevant to calculating his damages were he to prevail on his claims, for the purposes of

Defendant's summary judgment motion, such information has minimal relevance to the issues

before the Court.[1] Further, Defendant's arguments regarding either her or this Court's ability to

use these documents is misguided; sealing of Plaintiff's financial information does not shield

---

[1]       While irrelevant for the purposes of Defendant's motion for summary judgment, Plaintiff's compensation information may be relevant if this case goes to trial and damages becomes an issue. If so, that information may then become publicly accessible. *See Spencer-Smith*, 2026 WL 1115019, at *2 ("[I]f this case goes to trial and relief becomes an issue, then the monetary compensation may become relevant and therefore publicly accessible.").

that information from Defendant or this Court, only the public. Defendant is free to use these documents for her defense in this case, so long as she does not disclose the protected information to the public while it is sealed. Finally, the fact that Defendant already possesses Plaintiff's financial information has no bearing on whether it should be sealed.

While I find that Plaintiff has identified countervailing factors and higher values that outweigh the presumption of access, this finding does not apply to the entirety of the exhibits at issue. Rather, Plaintiff's "privacy interests justify *narrowly tailored* redactions," not wholesale sealing. *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-CV-10832 (AT), 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (emphasis added). *See also Spencer-Smith*, 2025 WL 1115019, at *2 ("Inasmuch as the request is to redact specific sensitive financial terms rather than to seal the contracts in their entirety, the request is granted.") To that end, Plaintiff must re-file the exhibits at issue (ECF 644-2, ECF 644-3) with redactions applied to specific financial figures and dollar amounts, while leaving the general terms of the agreements unredacted.

For the foregoing reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART. Plaintiff is directed by **March 27, 2026** to filed redacted versions of the exhibits at ECF 644-2 and ECF 644-3, with redactions applied only to the precise financial figures and dollar amounts in each exhibit.

Dated: March 25, 2026                     SO ORDERED,
   New York, NY

            _____
            **ROBYN F. TARNOFSKY**
            **United States Magistrate Judge**