UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                    Plaintiff,<br>        -against-<br><br> ANUJA SHARAD SHAH,<br><br>                    Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

1.      Pending before the Court is Plaintiff's request that Defendant's most recent counsel be referred to the grievance committee (ECF 624) based on an alleged pattern of unprofessional written communications; Plaintiff's application is based on behavior that pre-dated my order sanctioning counsel for unprofessional communications with Plaintiff (ECF 620). I believe the issue was appropriately addressed by my order, which included a requirement that counsel attend a CLE course on professionalism and civility. Plaintiff's application that I make a referral to the grievance committee is DENIED.

2.      Pending before the Court is an undischarged Order to Show Cause ("OTSC") (ECF 388, OTSC) directed at Defendant relating to Defendant's last-minute rescheduling of a conference on May 12, 2025. Defendant's responses (ECF 389, 441) fell short of what the OTSC required. (ECF 393, Order.) Nevertheless, Defendant represented that she belatedly learned that her employer's IT policies prevented her from accessing the materials sought by my OTSC more than 30 days after their creation; she therefore explained that it had become impossible for her to fully discharge the OTSC. (ECF 441.) To avoid penalizing Defendant for an inability to

discharge the OTSC for reasons that may have been outside her control, I will discharge the OTSC.

3.      Pending before the Court is Defendant's motion to require Plaintiff to pay Defendant's expert's reasonable fees in connection with his deposition on October 15, 2025, pursuant to Fed. R. Civ. P. 16(b)(4)(E)(i). (ECF 639, Mot.; ECF 641, Letter; ECF 643, Shah Decl.) Plaintiff opposes on the ground that the deposition was necessary only because Defendant had failed to produce all documents relied upon by her expert, and because Defendant's counsel told the Court that he did not understand what documents were being sought. (ECF 640, Bhagat Decl.) Payment of such fees by the party seeking discovery is mandatory unless requiring payment would cause "manifest injustice." Fed. R. Civ. P. 16(b)(4)(E)(i). I cannot conclude that it would be manifestly unjust to require Plaintiff to pay such fees, notwithstanding that the purpose of the deposition was to clarify certain questions about Defendant's expert document production, which Defendant's counsel was unable to explain. Thus, the motion is GRANTED, and Plaintiff is ORDERED to promptly pay the reasonable expert fees associated with the deposition of Defendant's expert on October 15, 2025.

4.      Pending before the Court is Defendant's March 30, 2026 letter motion to unseal the four exhibits at ECF 572-32, ECF 572-34, ECF 572-35, and ECF 572-39 filed in support of her motion for summary judgment. (ECF 655, Mot.) These documents are already either unsealed in their entirety or leave the information for which Defendant seeks unsealing unredacted. Accordingly, the motion is DENIED as moot.

5.      Pending before the Court is Defendant's emergency motion (ECF 658) for, among other relief: (a) a protective order preventing Plaintiff and non-party Tathagata Sarkar from

impersonating Defendant, contacting her professional contacts for improper purposes, or

contacting her other than through formal channels of this litigation; (b) referral of Plaintiff and

Sarkar to the U.S. Attorney's Office in connection with alleged identity theft of Defendant and

wire fraud; and (c) issuance of an order to show cause directed to Plaintiff and his former

counsel to explain their roles in an alleged conspiracy including Sarkar and non-party Rushad

Dordi to commit identity theft and fraud. (ECF 658). To begin with, Sarkar is not a party to this

case and therefore this Court has no basis to issue any orders directed at him. I see no reason

to issue an order requiring Plaintiff to comply with otherwise applicable criminal law.

Defendant believes that crimes have been committed, and she has duly reported them to the

authorities; she has not sufficiently linked those potential crimes to this suit, so I do not believe

that a referral to the U.S. Attorney's Office is appropriate at this time. Because of the lack of a

sufficient link between the potential crimes and this case, I also decline to issue the requested

order to show cause. Thus, the motion is DENIED.[1]

6.      I issued an order (ECF 393) that, among other requirements, ordered Defendant

to file on the docket a copy of a case – cited as *In re SunEdison, Inc. Sec. Litig.*, 314 F.R.D. 139,

143 (S.D.N.Y. 2016) – on which she relied in her response to the OTSC (ECF 389) for the

---

[1]      Defendant has not couched the request for a referral to the appropriate authorities as a sanction for civil contempt and has not linked alleged wrongdoing by Plaintiff to any order of this Court. I therefore do not understand her to be seeking a sanction for civil contempt, which I would not have authority to grant. See *Gilead Scis., Inc. v. Safe Chain Sols., LLC*, 753 F. Supp. 3d 173, 192 n.4  (E.D.N.Y. 2024) (explaining that sanctions for civil contempt, including referrals to the United States Attorney's Office or other appropriate authorities, may be recommended by a magistrate judge in a report and recommendation, although the decision to issue such sanctions remains within the discretion of the district judge). To the extent that denial of Plaintiff's motion at ECF 658 or any portion thereof is beyond the scope of my authority, I respectfully recommend denial of the motion or respective portion of the motion to Judge Caproni.

proposition that "Courts are reluctant to compel disclosure of internal corporate documents that implicate trade secrets, competitively sensitive information, or non-party confidentiality obligations." I have been unable to locate the required filing on the docket, although I acknowledge that it is possible that I overlooked it given the high volume of filings in this matter. I ordered Defendant to file the case on the docket because the citation provided is to a case from the District of Delaware (*Wal-Mart Stores v. City of Pontiac General Employees' Retirement Sys.*) that addresses withholding documents based on the attorney client privilege. While there is a SDNY case called *In re SunEdison Sec. Litig.,* 300 F. Supp. 3d 444 (S.D.N.Y. 2018), I was unable to locate the quoted text in that case, which addressed a motion to dismiss for failure to state a claim. Nor was I able to locate the quoted text in any case available on Westlaw. I therefore conclude that the citation is an AI-generated hallucination. I understand the difficulties of litigating pro se and the reasons why a pro se litigant might choose to use AI-generated filings. However, Defendant is admonished that pro se litigants are obligated to review the cases cited in their filings to confirm that they exist and stand for the proposition for which they are cited.

7.      I issued an order (ECF 656) directing Plaintiff to refile his Exhibit 1 attached to ECF 652, which was to be a redacted version of the document at ECF 644-2. However, upon further examination of the voluminous docket, it appears that an unredacted version of the document is already on the docket and has been on the docket at ECF 572-32 since November 14, 2025. Nor did Plaintiff ever make an application to have ECF 572-32 sealed in the nearly five months it has been on the docket. Accordingly, the document at ECF 644-2 shall be unsealed. *See Gambale v. Deutsch Bank AG*, 377 F. 3d 133, 144 n.11 (2d Cir. 2004) ("[W]hether it be

settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb . . . [,]

[o]nce [a document] is public, it necessarily remains public.").

*       *       *

I believe that this order addresses the last of the outstanding applications by any party

in this case. However, if any party believes there remain outstanding applications, he or she

shall file a letter on the docket by **April 8, 2026** identifying the outstanding application or

applications (including a reference to the docket number(s) in question).

The Clerk of Court is respectfully requested to terminate **ECF 639, 655** and **658** and to

unseal **ECF 644-2**.

Dated: April 6, 2026                                   SO ORDERED,
           New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

5