UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>            Plaintiff,<br><br>      -against-<br><br> ANUJA SHARAD SHAH,<br><br>            Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 6, 2026, I granted Defendant's motion to require Plaintiff to pay Defendant's

expert's reasonable fees in connection with the expert's deposition. (ECF 664.) On April 7, 2026,

Defendant sought my intervention regarding Plaintiff's failure to pay the bill of $4125. (ECF 667.)

Plaintiff responded, arguing, among other positions, that the bill was fraudulent, and that Zaugg

had prepared multiple bills relating to his deposition for different amounts of time and different

billing rates. The time billed ranged from 1.5 hours to 5 hours and the bills referenced hourly

rates of $165, $350, and $825. (ECF 670.) Defendant responded to Plaintiff's response (ECF 671);

to which Plaintiff responded (ECF 673); to which Defendant responded, citing cases in support

of the position that differential billing rates for different types of work may be reasonable. (ECF

675.)

I held a videoconference on April 16, 2026, at which Plaintiff, Defendant, and

Defendant's expert, Nate Zaugg, were present. I asked Mr. Zaugg about the bills and was

satisfied with his explanation that he bills at different rates for clerical work, preparing for and

appearing at deposition and trial, and other substantive work. He said that he spent five hours

preparing for deposition and being deposed. I excused Mr. Zaugg from the conference and told

the parties that I was satisfied with Mr. Zaugg's explanation and would issue an order concerning the reasonable fees for the deposition. Plaintiff said he wished to proffer evidence that Mr. Zaugg had been untruthful in responding to my questions; Defendant wished to make a statement for the record. I told Plaintiff that I was satisfied with Mr. Zaugg's credibility and would not entertain discussion of Plaintiff's accusations about Mr. Zaugg's credibility: Mr. Zaugg's expert work is a small part of this case, and his explanation of his billing practices is in no way relevant to that work. I told Defendant that she should direct any statements she wishes to make for the record to Judge Caproni after I issue my order on the expert fee to be paid.

An hourly billing rate of $825 is not unreasonable for a computer forensics expert. The deposition lasted an hour and was limited to questions about the materials on which the expert relied and whether those materials were produced to Plaintiff. The preparation for that deposition should not have taken more than 30 minutes. Accordingly, Plaintiff is ORDERED to promptly pay Defendant $1237.50, which is the hourly rate of $825 times 1.5 hours.

In my April 6 order, I directed the parties to let me know by April 8, 2026 whether there were any applications that they had had that remained outstanding. (ECF 664.) They did not inform me of any such applications, and I confirmed at the conference that neither party believes there to be any applications that I have failed to address. I told the parties that, subject to Judge Caproni's ruling on Defendant's anticipated objections to my report and recommendation on her summary judgment motion, I believed the case to be ready to be tried and that I would inform Judge Caproni.

Dated: April 16, 2026  
     New York, NY

SO ORDERED

ROBYN F. TARNOFSKY  
UNITED STATES MAGISTRATE JUDGE