UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>               Plaintiff,<br><br>    -against-<br><br>ANUJA SHARAD SHAH,<br><br>               Defendant. | 24-CV-1424 (VEC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's application for miscellaneous relief (ECF 689). Plaintiff complains of having received a series of unsolicited anonymous emails that he says he believes were sent by Defendant. Plaintiff asks for an order directing the parties (1) to communicate about the case "only through approved channels" and not through anonymous email accounts; (2) to preserve all the communications (including metadata) identified by Plaintiff in his application; and (3) to avoid interfering with witnesses. This application falls within the scope of my reference. For the reasons set forth below, the application is DENIED IN PART and GRANTED IN PART.

Plaintiff asserts that he has not initiated any anonymous settlement communications with Defendant; that the email addresses from which he received emails appear to be associated with Defendant, a concern that he says is non-speculative based on alleged prior behavior by Defendant; and that he is concerned that the emails "are intended to create confusion in the record . . . and manufacture collateral disputes" and to pressure Dordi, a key witness, not to cooperate with Plaintiff at trial. Whether the emails in question come from Defendant or not, their substance is irrelevant to the merits of the case. As a result, I do not

believe there is any risk that these emails will confuse the jury, because I find it extremely

unlikely that the jury will ever see them. I therefore see no basis to require the parties to

preserve the communications in question. While I would encourage the parties for any number

of practical reasons to communicate with each other using the email addresses they provided to

the Court, I am unaware of any rule or precedent requiring them to do so. Finally, while the

parties should be well aware that they must not take steps calculated to intimidate or otherwise

interfere with witnesses, I will reiterate that doing so is not permitted.


Dated:   June 25, 2026                              SO ORDERED.
         New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

2