UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT,<br><br>                    Plaintiff,<br><br>        -v-<br><br>ANUJA SHARAD SHAH,<br><br>                    Defendant. | |

24-CV-1424 (VEC) (RFT)

**ORDER**

Pending before the Court are two applications that fall within the scope of my reference. The first is Defendant's letter-motion (ECF 696) regarding exhibits at ECF 689-1 and 689-3. Defendant argues that both documents raise authenticity concerns and asks the Court to (a) order Plaintiff to produce evidence authenticating those documents, (b) decline to consider those exhibits unless they are authenticated, and (c) seal those exhibits pending resolution of the authentication issues. The letter-motion is DENIED. As I explained in my order denying a request by Plaintiff seeking, in part, similar relief, I do not believe there is any risk that the jury will ever see these emails, because the substance of these emails is irrelevant to the merits of the case. (ECF 692.) As a result, just as there was no basis to order Defendant to preserve the communications at issue, there is no basis to order Plaintiff to produce evidence authenticating these documents. The question of whether these documents may be admitted into evidence can be addressed after the parties submit their joint pretrial order listing their intended trial exhibits and indicating whether either party intends to challenge any of the other party's intended trial exhibits. If Plaintiff lists any of the documents in question as an intended trial exhibit, Defendant may ask the Court at that time to rule on admissibility. I would not expect either party to include the documents in question on their list of intended trial exhibits, because these documents are not relevant to the merits of the case. As to Defendant's request

that the exhibits in question be sealed, she has provided no justification for sealing that would support overcoming the presumption that judicial documents should be available for public review.

The second such application is Defendant's motion to compel Plaintiff to produce certain income-related documents (ECF 697). Discovery is long over. Defendant had ample opportunity to seek these documents during the discovery period and to complain about any deficiencies in Plaintiff's document production. I previously denied similar motions by Defendant as untimely. (*E.g.*, ECF 539.) Defendant has provided no reason for me to revisit those earlier determinations: her failure to obtain the documents she now seeks is the result of her failure to seek them while discovery was ongoing. *See Roche Freedman LLP v. Cyrulnnik*, 2023 WL 2138540, at *2 (S.D.N.Y. Feb. 21, 2023) (denying a motion to compel discovery after the application was made two months after the close of discovery and explaining that Courts have discretion to deny such untimely motions to compel if the applicant has not established good cause). The motion to compel is DENIED.

The Clerk of Court is respectfully requested to terminate ECF 696 and 697.

Dated:   July 6, 2026          SO ORDERED
         New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

2