USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/8/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MEMO ENDORSED**

**VIRAL BHAGAT,**
Plaintiff,

v.

**ANU SHAH,**
Defendant.

Case No. 1:24-cv-01424 (VEC)

**DEFENDANT'S LETTER MOTION FOR TRIAL-MANAGEMENT ORDER REQUIRING DISCLOSURE OF PLAINTIFF'S META- ARBITRATION RELATED RECOVERY FOR DAMAGES CALCULATION**

Dear Judge Caproni:

On April 28 2025 Bhagat filed a demand for arbitration against Meta before the American Arbitration Association (see exhibit attached) for unfair dismissal on 18th July 2023, employee discrimination, whistleblower retaliation, etc. Bhagat demanded $3.5mn in compensation for the 4 years of unvested RSUs from Meta for the same.

Defendant Anu Shah, proceeding pro se, respectfully requests a narrow trial-management order requiring Plaintiff Viral Bhagat to disclose the outcome of the Arbitration and the compensation received from Meta. When Ali Jaffrey, Defendant;s prior counsel asked Bhagat last year before summary judgement was due - Plaintiff said the matter was pending before the arbitrators.

The requested order is necessary to prevent the risk of double recovery. The Second Circuit has recognized the basic principle that a plaintiff may not recover twice for the same injury. See *Phelan v. Local 305 of United Ass'n of Journeymen*, 973 F.2d 1050, 1063 (2d Cir. 1992) ("A plaintiff may not recover twice for the same injury."); see also *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995) (addressing duplicative awards for the same injury); *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 880 F.2d 642, 649 (2d Cir. 1989) (rejecting duplicative recovery for overlapping damages theories). This motion does not ask the Court to decide now whether any particular recovery must be offset. It asks only that the relevant information be disclosed in a protected manner so the Court can make that determination before trial or before entry of judgment.

Federal Rule of Civil Procedure 16 authorizes the Court to manage pretrial issues, formulate and simplify issues for trial, obtain admissions or stipulations to avoid unnecessary proof, rule in advance on evidentiary issues, and adopt special procedures for difficult proof problems. Fed. R. Civ. P. 16(c)(2)(A), (C), (D), (L), (P). That is precisely the posture here. A narrow disclosure concerning any Meta-related recovery would clarify the scope of damages, prevent jury

confusion, avoid unnecessary proof, and allow the Court to manage any offset or double-recovery issue without disrupting trial.

Rule 26(e) further supports this relief. To the extent Plaintiff's damages disclosures, damages computation, or expert report assumes unrecovered Meta-related losses, Plaintiff has a continuing obligation to supplement or correct materially incomplete information. Fed. R. Civ. P. 26(e)(1)–(2). If any Meta-related recovery exists and has not been accounted for, it may bear directly on the completeness of Plaintiff's claimed damages and expert assumptions.

Defendant respectfully proposes that the Court order Plaintiff, within seven days, to submit documents stating:

1. whether Plaintiff received any payment, settlement, severance, release consideration, equity-related payment, reinstatement value, or other recovery from Meta or any Meta-related entity arising from his Meta employment, termination, compensation, RSUs, equity, benefits, or related employment injury;
2. the date, gross amount, and nature/categories of the recovery;
3. whether any portion of the recovery was allocated to lost wages, lost RSUs/equity, lost benefits, severance, emotional distress, attorneys' fees, costs, or other categories;

Defendant further requests that, after reviewing the submission, the Court set an appropriate procedure for resolving any offset, mitigation, collateral-source, setoff, or double-recovery issue, including by supplemental briefing, a pretrial ruling, a verdict-form adjustment, a post-verdict offset procedure, or any other procedure the Court deems appropriate.

Defendant files this motion because the issue affects the integrity of Plaintiff's damages presentation and should be addressed before trial, not after duplicative damages have been presented to the jury.

For the foregoing reasons, Defendant respectfully requests that the Court enter a narrow trial-management order requiring Plaintiff to disclose any Meta-related recovery bearing on the damages claimed in this action, and to supplement any damages computation or expert assumptions as necessary to prevent double recovery.

Respectfully submitted,

Dated: 1 July 2026
New York, New York
Anu Shah
Defendant Pro Se

Application DENIED. While Defendant is correct that, generally, a plaintiff may not recover twice for the same injury, that argument is inapplicable here. The collateral source rule provides that payments received from a collateral source cannot be used to offset amounts due from a tortfeasor (*i.e.*, Defendant). *See, e.g.*, *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 389 (4th Cir. 2010) ("The collateral source rule holds that 'compensation from a collateral source should be disregarded in assessing tort damages.'"). "The rule is intended to ensure that the availability of independent sources of income providing compensation does not reduce plaintiff's recovery." *King v. City of N.Y.*, No. 06 Civ. 6516 (SAS), 2007 WL 1711769, at *1 (S.D.N.Y. June 13, 2007). Said differently, it is "a well settled rule of [New York] law that tortfeasors do not receive the benefit of collateral source payment derived from . . . other sources that the plaintiff directly or indirectly has provided for himself and to the procurement of which the wrongdoer did not contribute." *Rodd v. Luxfer USA Ltd.*, 187 Misc.2d 341, 343 (Sup. Ct. Suffolk Cnty. 2000); s*ee also Inchaustegui v. 666 5th Ave. Ltd. P'ship*, 96 N.Y.2d 111, 115 (2001) (noting a tort victim's recovery may not be reduced to account for payments from non-defendant third parties); *Barkanic v. Gen. Admin. of Civ. Aviation of the People's Rep. of China*, 923 F.2d 957, 964 n.8 (2d Cir. 1991) (same). Although New York has limited the application of the rule by statute such that evidence of third-party *indemnification* may be considered in certain types of tort actions, *see* N.Y. C.P.L.R. § 4545, the statute does not prohibit application of the rule to claims of fraud or tortuous interference with an employment relationship.

Plaintiff's arbitration against Meta, and any payment he may have been awarded, is wholly independent of this tort action against Defendant. Thus, the collateral source rule applies. Defendant is not entitled to reduce the damages she may owe Plaintiff on the notion that Meta has somehow subsidized her alleged wrongdoing.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 700.

SO ORDERED.

7/8/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE