USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_______________
DATE FILED: 7/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

| | | |
|---|---|---|
| VIRAL BHAGAT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 24-CV-01424 (VEC) |
| -against- | : | |
| | : | <u>MEMORANDUM</u> |
| ANUJA SHARAD SHAH a/k/a ANU SHAH, | : | <u>OPINION AND ORDER</u> |
| | : | |
| Defendant. | : | |

---------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

By order dated June 9, 2026, the Court adopted Magistrate Judge Tarnofsky's Report and Recommendation, *see* Dkt. 660, overruled Defendant's objections, and denied Defendant's motion for summary judgment in her favor. *See* Dkt. 688 ("Order"). The Court denied Defendant's motion for summary judgment because genuine issues of material fact preclude a finding that, as a matter of law, Plaintiff is not entitled to relief on his fraud claim, *see id.* at 7–16, or on his tortious interference with an employment relationship claim, *see id.* at 16–17.

Now pending before the Court is Defendant's June 18, 2026, motion for reconsideration of the Court's Order. *See* Def. Mot., Dkt. 690. Plaintiff opposed Defendant's reconsideration motion on June 22, 2026. *See* Pl. Opp., Dkt. 693. Defendant replied in support of her reconsideration motion on June 25, 2026. *See* Def. Reply, Dkt. 695. For the following reasons, Defendant's motion for reconsideration is DENIED.

"The standard for granting [a reconsideration] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

(citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990), and *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). Reconsideration of a previous opinion is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (internal quotation marks omitted). "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court," *Vincent v. Money Store*, No. 03-CV-2876 (JGK), 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014) (internal quotation marks omitted), and success requires that the movant carry a heavy burden. Defendant has not done so here.

Defendant argues that "[r]econsideration is warranted because the Opinion does not address a material argument raised throughout Defendant's objections concerning the Meta Oops Feedback Form Policy that Plaintiff was presented with." Def. Mot. at 1. "This omission is material," Defendant asserts, "because [it shows] that Plaintiff was not acting in an informational vacuum unaware of the consequences of [submitting the Oops Feedback Form] for someone he didn't know . . . or the consequences of misrepresenting his relationship with the person" on whose behalf he was submitting the form. *Id.* With all due respect to Defendant, that Plaintiff may have reviewed the Oops Feedback Form policy prior to submitting the form on Dordi's behalf has little, if any, bearing on the Court's justifiable reliance analysis. A reasonable jury could still conclude that, notwithstanding Plaintiff's awareness of the policy, his willingness to rely on Defendant's fraudulent misrepresentations was justified. As the Court previously stated, "[t]he defensibility of Plaintiff's reliance on [Defendant's] misrepresentations"—even when faced with Meta's express, written (and authenticated) warnings—"is . . . a question that belongs

with the jury."[1] Order at 12 (citing *Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.*, 902 F. Supp. 2d 476, 496 (S.D.N.Y. 2012)).

Defendant's renewed causation argument conflates the causal element of a fraud claim with the justified reliance element previously discussed. That "Plaintiff was warned before [submitting the Oops Feedback Form] that misrepresenting his relationship with [Dordi] could result in termination, yet nevertheless proceeded," Def. Mot. at 2, bears on the justifiability of Plaintiff's decision to make the submission, not on the cause of the harm that resulted.[2] In other words, Plaintiff's potential awareness that he could be fired for improperly submitting the Oops Feedback Form does not alter the Court's conclusion that a reasonable jury could find it highly probable that Defendant, too, could have foreseen that Plaintiff would be terminated if he acted in accordance with her misrepresentations. *See* Order at 13–16.

In short, Defendant has not shown "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dept. of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (internal quotation marks omitted). Nothing in Defendant's current motion persuades the Court that it overlooked evidence suggesting that Defendant's motion for summary judgment should be granted. Defendant's motion for reconsideration is, therefore, DENIED.

---

[1] The existence of the Oops Feedback Form policy was not "overlooked" by the Court; it was, however, materially irrelevant to the Court's summary judgment analysis. *See* Def. Mot. at 2.

[2] To the extent Defendant is trying to argue that the presence of a warning on the Oops Feedback Form constituted an "intervening" event sufficient to sever the proximate causal chain between Defendant's misrepresentations (which induced Plaintiff to submit the Oops Feedback Form) and Plaintiff's ultimate termination from Meta, this argument is unavailing. Meta's policy warnings did not *cause* Plaintiff to submit the Oops Feedback Form. Perhaps the warnings should have encouraged him to consider Defendant's representations more skeptically (*i.e.*, to be less *reliant* on the misrepresentations), but, as the Court previously noted, "Plaintiff's 'recovery is not barred merely because he was negligent.'" Order at 11 n.12 (citing Report & Recommendation, Dkt. 680 at 14) (cleaned up).

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 690.

**SO ORDERED.**

**Date: July 10, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**