UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

Plaintiff,

-v-

ANUJA SHARAD SHAH,

Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On July 2, 2026, Defendant filed what she termed an objection (ECF 704) to my order (ECF 699) denying her application for Plaintiff to produce certain income-related documents (ECF 697); the filing appears to be a request for reconsideration, and I therefore construe it as such. The next day, Defendant filed a letter to Judge Caproni concerning Plaintiff's obligation to supplement his damages-related production (ECF 705), which falls within the scope of my reference; this application overlaps substantially with her reconsideration request (ECF 704), and so I address the two filings together. Plaintiff opposes Defendant's application. (ECF 707, 709.) Defendant argues that Plaintiff's obligation under Rule 26(e) extends after the close of discovery and requires production when "a party learns of new, materially incomplete, or incorrect information." (ECF 704, Def. Letter at 1; *see also* ECF 705, Def. Letter at 1-2.) Based on the duty to supplement discovery, Defendant asks for production of 2025 tax documents that were unavailable before the close of discovery in October 2025. She also seeks unredacted versions of tax documents from 2022, 2023, and 2024, on the theory that the information is necessary to test Plaintiff's damages theory. (*See* 704, Def. Letter at 2.) Plaintiff responds that Defendant had ample opportunity while discovery was still ongoing to seek the unredacted versions of tax documents from 2022, 2023, and 2024 (ECF 707, Pl. Letter at 2); and that

Plaintiff was already ordered to produce all documents relied on by his damages expert and informed that he would be unable to rely on damages related documents that were not produced to Plaintiff (ECF 709, Pl. Letter at 5.) Plaintiff argues that Defendant may cross examine Plaintiff and his damages expert based on the existing record. (*Id.*)

Defendant has not persuaded me that I overlooked facts or law that would lead me to reconsider my ruling that Defendant is not entitled to documents from 2022, 2023, and 2024 that she could have sought while discovery is still open. However, I am persuaded that Defendant may be better positioned to cross-examine Plaintiff and his damages expert if she is provided with a redacted copy of each of Plaintiff's 2025 Forms W-2 for the types of employers for which he produced such forms for 2022, 2023, and 2024. Plaintiff shall produce such documents by **July 31, 2026**.

Dated: July 17, 2026
New York, NY

SO ORDERED

______________________________

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**