USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 7/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VIRAL BHAGAT, Plaintiff, | : | 24-CV-01424 (VEC) |
| -against- | : | |
| ANUJA SHARAD SHAH a/k/a ANU SHAH, Defendant. | : | MEMORANDUM OPINION AND ORDER |

VALERIE CAPRONI, United States District Judge:

On June 29, 2026, Defendant moved to compel Plaintiff to produce certain income-related documents—specifically, unredacted Forms W-2 and tax returns from 2022, 2023, 2024, and 2025. *See* Dkt. 697. On July 2, 2026, Magistrate Judge Tarnofsky denied the motion, holding that "[d]iscovery is long over," and noting that "[Defendant's] failure to obtain the documents she now seeks is the result of her failure to seek them while discovery was ongoing." Dkt. 699 at 2. Defendant moved for reconsideration,[1] Dkt. 704, arguing that Plaintiff had failed to abide by Fed. R. Civ. P. 26(e)(1)(A), which requires litigants to supplement discovery disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." She claimed that Plaintiff's own damages expert relied on Plaintiff's 2022, 2023, and 2024 Form W-2's, and, thus, that the Form W-2 information "bears directly on [Plaintiff's] damages calculation." Dkt. 704 at

[1] Defendant's letter, Dkt. 704, was styled as an "objection"; Judge Tarnofsky construed the letter as a motion for reconsideration. Separately, Defendant wrote to the Undersigned concerning Plaintiff's alleged non-compliance with his "ongoing obligation to supplement his production for damages recovery," *see* Dkt. 705 at 1. That letter "[fell] within the scope of" Judge Tarnofsky's reference and "overlap[ed] substantially with [Defendant's] reconsideration request." *See* Dkt. 720 at 1. Judge Tarnofsky addressed both (Dkts. 704 and 705) in her order at Dkt. 720.

2–3. Plaintiff responded that Defendant's time to seek his unredacted tax returns had lapsed, and, separately, that he had already been ordered to produce all documents relied on by his damages expert. *See* Dkt. 709.

By order dated July 17, 2026, Judge Tarnofsky granted in part and denied in part Plaintiff's motion for reconsideration, *see* Dkt. 720, holding that "Defendant ha[d] not persuaded [her] that [she] overlooked facts or law that would lead [her] to reconsider [the] ruling that Defendant is not entitled to documents from 2022, 2023, and 2024 that she could have sought while discovery [was] still open." *Id.* at 2. Judge Tarnofsky was, however, "persuaded that Defendant may be better positioned to cross-examine Plaintiff and his damages expert if she is provided with a redacted copy of each of Plaintiff's 2025 Forms W-2 for the types of employers for which he produced such forms for 2022, 2023, and 2024." *Id.* Plaintiff was ordered to produce such documents by July 31, 2026. *Id.*

Now before the Court are Defendant's Fed. R. Civ. P. 72(a) objections to Judge Tarnofsky's reconsideration order. *See* Dkt. 724. Defendant urges that she "is not a defendant who slept on her rights during discovery and woke up after the deadline," but "who sought the documents throughout discovery . . . and still doesn't have a complete unredacted production because [Plaintiff has] under-complied with" the Court's prior discovery orders. *Id.* at 2. In her objections, Defendant leans heavily on her expert discovery argument, contending that Plaintiff's 2022, 2023, and 2024 Forms W-2 are "materials considered by" Plaintiff's damages expert, and are thus subject to mandatory disclosure under Fed. R. Civ. P. 26(a)(2)(B)(ii), notwithstanding expiration of the discovery period.[2] *Id.* at 2–3.

[2] Defendant notes that Plaintiff's 2022, 2023, and 2024 Forms W-2 and tax returns are listed as "sources" in Plaintiff's damages report. *See* Dkt. 722-1 at 3.

"Under Rule 72 of the Federal Rules of Civil Procedure, 'when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide,' the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, Nos. 18-CV-1781 (PGG) (BCM), 18-CV-7692 (PGG) (BCM), 2022 WL 153183, at *2 (S.D.N.Y. Jan. 18, 2022) (alteration omitted). "Orders involving discovery are considered nondispositive." *Pac. Life Ins. Co. v. Bank of N.Y. Mello*n, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021). "'An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' and is 'contrary to law if it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure.'" *Id.* (quoting *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-10067 (KPF) (SN), 2018 WL 3863447, at *3 (S.D.N.Y. Aug. 13, 2018)) (internal quotation marks omitted). Because "[a] magistrate judge is best qualified 'to judge the entire atmosphere of the discovery process,'" her "rulings on discovery matters are entitled to substantial deference." *U2 Home Entm't Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007)). The party objecting to a magistrate judge's order carries a "heavy burden" of showing that the order is clearly erroneous or contrary to law. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 404 (S.D.N.Y. Aug. 13, 2020).

Fed. R. Civ. P. 26(a)(2)(B)(ii) provides that an expert witness must disclose "the facts or data considered by the witness in forming" his opinions. "The courts have embraced an objective test that defines 'considered' in Rule 26(a)(2)(B)(ii) as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." *In re Mirena IUD Prods. Liab. Litig.*,

169 F. Supp. 3d 396, 470 (S.D.N.Y. 2016) (alterations adopted) (quoting *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 05-CV-80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007)).

Whatever the discovery deadline may have been in this case, and notwithstanding that the deadline has long since passed, it seems clear from Plaintiff's damages report that his expert relied on W-2s from 2022, 2023, and 2024, and tax returns for 2022, 2023, and 2024. *See* Dkt. 722-1 at 3 (sources "relied upon" by Plaintiff's damages expert). As such, the Court agrees with Defendant that she is entitled to review those materials *in the form in which* Plaintiff's expert reviewed them. Thus, if Plaintiff's expert relied on unredacted Forms W-2 and tax documents in formulating his expert opinions, Plaintiff must produce those documents so that Defendant can properly assess Plaintiff's theory of damages. To the extent that Plaintiff has not disclosed to Defendant the exact versions of his 2022, 2023, and 2024 Form W-2s and tax documents (or <u>any</u> other document(s)) on which his expert relied, Plaintiff is ORDERED to do so not later than **Monday, August 3, 2026**. If Plaintiff's expert relied on the redacted versions of those documents that have already been disclosed to Defendant, Plaintiff must submit a declaration, made under oath, confirming the same not later than **Friday, July 31, 2026**.

Defendant's remaining objections are OVERRULED. The Court sees no reason why Plaintiff should be required to produce unredacted financial documents from 2025 that were not available to his damages expert and thus could not have been relied upon by him in formulating his damages analysis.[3] Nor is Plaintiff required to produce "salary slips" from his current employers. Plaintiff's current salary information is not relevant to his damages theory, and it has

[3] For the avoidance of doubt, the Court agrees with Judge Tarnofsky that "Defendant may be better positioned to cross-examine Plaintiff and his damages expert if she is provided with a redacted copy of Plaintiff's 2025 Form W-2 for the types of employers for which he produced such forms for 2022, 2023, and 2024." *See* Dkt. 720 at 2. Plaintiff must produce those documents not later than **July 31, 2026**, consistent with Judge Tarnofsky's order.

long been the law of this case that "Plaintiff may not rely on any documents in support of his claimed damages that were not produced to Defendant" prior to the end of the discovery period, discrete extensions notwithstanding. *See, e.g.*, Dkts. 270, 485, 496, 528, 575. At trial, Plaintiff will not be permitted to present evidence that was not timely disclosed to Defendant, nor on versions of documents that differ from those which were produced to Defendant. That said, Defendant has not yet provided the court a reason to preclude Plaintiff from presenting his damages theory in toto.

**SO ORDERED.**

**Date: July 29, 2026**
**New York, New York**

Valerie Caproni

**VALERIE CAPRONI**
**United States District Judge**