USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT, Plaintiff, -against- ANUJA SHARAD SHAH a/k/a ANU SHAH, Defendant. | 24-CV-01424 (VEC) MEMORANDUM OPINION AND ORDER |

VALERIE CAPRONI, United States District Judge:

On July 6, 2026, Defendant filed a letter motion seeking a "trial management order" "requiring disclosure of Plaintiff's Meta-arbitration related discovery for damages calculation." *See* Dkt. 700. Defendant noted that in April 2025, Plaintiff had "filed a demand for arbitration against Meta before the American Arbitration Association . . . for unfair dismissal . . ., employee discrimination, [and ]whistleblower retaliation," demanding $3.5 million in compensation. *Id.* at 1. Citing the tort principle that plaintiffs are generally precluded from recovering twice for the same injury, Defendant argued that requiring Plaintiff to disclose whether he received any "payment, settlement, severance, release consideration, equity-related payment, reinstatement, or other recovery from Meta" is necessary "to prevent the risk of double recovery." *Id.* at 1–2.[1]

On July 6, 2026, Plaintiff opposed Defendant's request, arguing that the motion "should be denied because there is no Meta recovery to disclose," as "[t]he Meta arbitration remains pending and is still in discovery." Dkt. 706 at 1. He also claims that "[t]he double-recovery issue has . . . already been addressed in the Meta arbitration," stating that "Meta raised a similar

[1] Defendant noted that she was not "ask[ing] the Court to decide now whether any particular recovery must be offset" in the present action" but was "ask[ing] only that the relevant information be disclosed in a protected manner so the Court can make that determination before trial or before entry of judgment." *See* Dkt. 700.

concern in the [arbitration] proceeding[] and the arbitrator determined that th[e] federal action should proceed first." *Id.*[2]

Defendant then filed two additional letters regarding Plaintiff's Meta arbitration: one seeking the Court's permission to discuss the arbitration at trial, *see* Dkt 710, and another demanding that "[i]f Plaintiff relies on the Meta arbitration sequencing ruling, he must produce the document, order, transcript, or correspondence reflecting it," *see* Dkt. 711.

On July 7, 2026, the Court denied Defendant's request to order Plaintiff to turn over documents related to the Meta arbitration. *See* Dkt. 708. The Court held that the "collateral source rule" rendered the Meta arbitration—and any payment Plaintiff may have been awarded—irrelevant for purposes of his separate tort action against Defendant. *Id.* ("Defendant is not entitled to reduce the damages she may owe to Plaintiff on the notion that Meta has somehow subsidized her alleged wrongdoing.").

On July 20, 2026, Defendant moved for reconsideration of the Court's order regarding the relevancy of Plaintiff's Meta arbitration to the instant case. *See* Dkt. 723. Defendant argues that payment from Meta for the "same injury"—*i.e.*, Plaintiff's termination—is not "collateral" to the damages he seeks in this action against Defendant and thus should be "credited against the damages recoverable from Defendant to the extent the damages overlap." *Id.* at 4–6. Defendant contends that it is the "single satisfaction rule, not the collateral source rule" the controls. *Id.* at 7.

Defendant's legal analysis is mostly flawed. She repeatedly refers to herself and Meta as "joint tortfeasors," *see id.* at 5–8, which is not an accurate characterization of their relationship:

[2] Plaintiff also offered to "provide a narrow[,] sworn declaration confirming that, as of [July 6, 2026], he has received no Meta-related recovery that compensates him for the same damages claimed in this action." Dkt. 706 at 2.

Plaintiff's claims against Meta do not sound in tort, and they are based on different theories of liability for distinct legal wrongs, wholly independent of Defendant. The relationship between Defendant and Meta is not analogous to the relationship between the tortfeasors in *Grynbal v. Grynbal*, 32 A.D.2d 427 (2d Dep't 1969), nor to the actors in the various other cases she cites (most of which clearly implicate the prohibition against double recovery, as opposed to the collateral source rule). *See* Dkt. 723 at 4–8 (collecting cases). That said, Defendant's reconsideration motion has persuaded the Court that it misapprehended the nature of the ultimate relief that she sought. Defendant is correct that, to the extent Plaintiff is seeking damages from Meta for the same alleged *harm* (*e.g.*, lost wages resulting from his termination), the one satisfaction rule would apply, even though his claims are against different entities and are based on different legal theories. *See* Restatement (Third) of Torts: Remedies § 3 TD No. 1 (2022). Put differently, "Plaintiff can recover once for each harm suffered, no matter how many ways that harm is described or how many legal rules were violated to inflict it." *Id.* In that sense, Plaintiff's separate arbitration against Meta, and any recovery he has received from Meta for harms resulting from his termination, may be relevant in determining whether some or all of any verdict awarded against Defendant should be offset by amounts collected from Meta.

Defendant's motion for reconsideration is, therefore, GRANTED, in part. If Plaintiff maintains his position that the Meta arbitration has been stayed pending the outcome of this action, not later than **Friday, July 31, 2026**, Plaintiff must submit a declaration, made under oath, confirming the same, and must provide documentation (in the form of scheduling orders or transcripts) from the arbitration reflecting that the arbitration has been stayed pending this action. If the arbitration has proceeded, then Plaintiff must, not later than **Friday, November 13, 2026**, disclose to the Court, in camera, (i) whether the arbitration against Meta has been resolved, (ii) the amount of compensation, if any, he was awarded in the arbitration, and (iii) the nature and

categories of the recovery. Plaintiff must provide all documentation necessary to allow the Court to verify the accuracy of his assertions. The Court will take under advisement when such information should be disclosed to the Defendant. As Defendant noted in her Motion for Reconsideration, this issue need not be resolved prior to trial. *See* Dkt. 723 at 9.

The Court will hold in abeyance Defendant's request that the Court establish a procedure now for resolving any offset or double-recovery issue that may arise pending Plaintiff's arbitration-related disclosures. The Court will also hold in abeyance Defendant's request that she be permitted to discuss the arbitration at trial.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 723.

**SO ORDERED.**

**Date: July 29, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**