UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT, Plaintiff, -v- ANUJA SHARAD SHAH, Defendant. | 24-CV-1424 (VEC) (RFT) **ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE**:

Pending before the Court are (1) Defendant's motion to compel production of unredacted employer identifying income records and federal tax returns (**ECF 746**) and (2) Defendant's letter informing the Court that Plaintiff failed to file a password for the password-protected files produced to her on August 4, 2026 and seeking monetary and other sanctions (**ECF 754**, **755**). While these applications are directed to Judge Caproni, they fall within the scope of my reference.

## I. Defendant's motion to compel (ECF 746).

Defendant renews her application for unredacted versions of Plaintiff's secondary employers, arguing that she is prejudiced by not having those documents. Specifically, she contends that she needed the unredacted documents to subpoena Plaintiff's secondary employer(s) for information about Plaintiff's employment with them, and that the unredacted documents are "indispensable to testing the mitigation calculation" by Plaintiff's damages expert. (ECF 746 at 2.) Defendant asserts that this application does not revisit Judge Caproni's order at ECF 730, which provided, among other things, that Plaintiff had to produce the Forms W-2 to Defendant in the form relied upon by his damages expert and overruled Defendant's other objections to my order at ECF 720. (*See* ECF 730- at 4-5.) Plaintiff confirmed that he had

provided Defendant with his tax documents in the same form provided to his own damages expert and that he informed Defendant's then-counsel and damages expert of the names of his secondary employers. (*See* ECF 737.)

Defendant argues that this current application is based on grounds she did not previously advance. In particular, she relies on Rules 26(c) and 34 of the Federal Rules of Civil Procedure, contending that those Rules preclude Plaintiff from production of responsive documents in redacted form; that Plaintiff never made a showing sufficient to justify my decision to permit his production in redacted form, particularly since a confidentiality order is in place; and that she is unable to verify that the documents in question have not been altered. (ECF 746 at 7-13.)

Plaintiff counters that he made a showing sufficient to support a conclusion that there was a non-speculative risk that Defendant would misuse the redacted materials, based on Defendant's failure on more than one occasion to fail to comply with the Court's confidentiality order; and that his redactions were made with permission of the Court. (ECF 752 at 11.) He points out that Defendant's application at ECF 746 contains precisely the kind of private financial information that should have been redacted before Defendant filed it on the public docket. (*Id.* at 8.) He offers to produce unredacted versions of the documents for in camera review. (*Id.* at 3.)

Plaintiff notes that Defendant's expert had access to and relied upon the following information in connection with preparing his reports, which concluded that Plaintiff had no recoverable economic damages under several sets of assumptions: the identity of Plaintiff's prior secondary employer and Plaintiff's dates of employment; Plaintiff's salary, equity

compensation, and alternative forms of salary; and Plaintiff's periods of unemployment. (*Id.* at 6.) Plaintiff argues that Defendant's motion is effectively one for reconsideration but fails to identify any facts or law that were not considered by the Court and that the scope of discovery she seeks is not, as she suggests, limited to discovery arguably related to damages but seeks to re-open discovery, including third-party discovery, on topics going well beyond damages. (*Id.* at 10, 14.) Plaintiff asks the Court to seal Defendant's motion at ECF 746 and to require Defendant to file a version of the document that redacts Plaintiff's personal financial information. (*Id.* at 21.)

Defendant replies that, while she acknowledges the orders issued by me and Judge Caproni at ECF 720 and ECF 730, she believes those orders to be incorrect. (ECF 759 at 2.) She suggests that Plaintiff was ordered to produce documents that he failed to produce and that she is now addressing those failures with the Court. (*Id.* at 3.)

She also argues that Plaintiff should not have been permitted to redact the documents at issue, because "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege" and "the weight of authority 'goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.'" (*Id.* at 6 (citing *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) and *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018)).) She cites to *Trireme Energy Holdings v. Innogy Renewables US LLC,* for the proposition that even when a party expresses a non-speculative fear of misuse of the information the other party sought to redact, that concern was adequately addressed through the protective order and possibility of sanctions. (ECF 759 at 6-7 (citing

*Trireme Energy,* No. 20-CV-5015 (VEC) (BCM), 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022)).) And Defendant contends that her discovery requests are not new, but request supplementation of Plaintiff's prior inaccurate discovery responses. (ECF 759 at 10.)

My orders and Judge Caproni's have made clear throughout this case that no party will be permitted to rely at trial on documents that were not provided in discovery to the opposing party. Plaintiff certified that his damages expert relied on the same redacted versions of his tax documents that were provided to Defendant. Accordingly, Defendant's and Plaintiff's damages expert are on an even playing field; there is no prejudice to Defendant in not providing the unredacted version of the documents at issue, especially since Defendant's expert knows the identity of the former secondary employer in question, which is relevant to the value of its equity compensation and other forms of salary. As Plaintiff argues, it seems clear that Defendant seeks the unredacted documents for purposes of obtaining third-party discovery from Plaintiff's former secondary employer going beyond information relevant to the damages analysis. Defendant had the opportunity to seek such discovery during the discovery period; Plaintiff resisted; and Defendant did not continue pursuing the matter. She may not at this late date – over nine months after the close of fact discovery – reopen fact discovery through the back doors of either requiring supplementation of incorrect or incomplete discovery responses or requesting additional damages related materials. Most important, Defendant has not identified any of Plaintiff's discovery responses that are misleading or incomplete, such that they require supplementation.

As to whether the redactions I allowed Plaintiff to make are permissible, Defendant is correct that the weight of authority teaches that it is usually impermissible for a party to redact

material from responsive documents for reasons other than privilege. However, as Judge Moses explained in *Trireme Energy,* on which Defendant relies:

> A court may, of course, permit redactions on "a finding of 'good cause' based on a need 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Howell v. City of New York*, 2007 WL 2815738, at *2 (E.D.N.Y. Sept. 25, 2007) (quoting Fed. R. Civ. P. 26(c)(1)). However, "[t]o establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Rep. of Turk. v. Christie's, Inc.*, 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018). "The burden to show good cause falls on the party seeking a protective order." *Trellian Pty, Ltd. v. adMarketplace, Inc.*, 2021 WL 363965, at *3 (S.D.N.Y. Feb. 3, 2021).

*Trireme Energy,* 2022 WL 621957, at *3.

In *Trireme Energy,* Judge Moses concluded there was not good cause for the requested protective order, because she expected the parties in the future to comply with the protective order, on pain of sanctions. *See id.* But the situation in *Trireme Energy* was different from the situation here. In that case, Judge Moses believed that she could rely on the parties not to misuse the information one party sought to withhold, as required by the protective order, and as enforced by the possibility of sanctions for non-compliance. *See id.* I cannot reach the same conclusion here. Defendant has repeatedly violated orders of this Court, including orders requiring her not to file Plaintiff's confidential financial information on the public docket in unredacted form. She has done so after repeated, specific warnings by the Court not to do so. I therefore do not believe that she can be trusted to comply with the Court's confidentiality order.

Nor do I believe that Defendant will be incentivized to comply with the Court's confidentiality order based on the prospect of sanctions for non-compliance. Defendant has in the past demonstrated an unwillingness to comply with Court orders even on pain of sanctions.

And, when monetary sanctions were imposed on her for failing to attend her deposition as ordered, she delayed making payment over a period of months. Under the circumstances, I conclude that the redactions I allowed were (1) necessary to protect Plaintiff from embarrassment and annoyance and (2) did not hinder Defendant in mounting her defense.

Further, Defendant's filing on the public at ECF 746 includes Plaintiff's W-2 wages, reported income on tax returns, and Social Security withholdings, , even though both Judge Caproni and I have repeatedly admonished Defendant not to disclose Plaintiff's salary and other confidential financial information on the public docket.

Accordingly, Defendant is **ORDERED** to file a redacted version of ECF 746 by **August 14, 2026**; she shall redact out any references to Plaintiff's wages, tax information, witholdings, equity compensation, employer identifying information, and any other private financial information.

**II. Defendant's application for the password for files produced by Plaintiff (ECF 754, 755)**.

Plaintiff was ordered to produce redacted 2025 Forms W-2 to Defendant by August 3, 2026. Defendant claims Plaintiff produced the files to her on August 4, 2026 in password-protected form and says in one filing that Plaintiff failed to share the passwords (ECF 755 at 1-2) and in another filing that Plaintiff provided passwords that do not open the produced files (ECF 754 at 1). Plaintiff's email sending the files, which Defendant included as an exhibit, said that Plaintiff was going to send the passwords in a separate email. (ECF 755-6.) Defendant requests that monetary sanctions be assessed against Plaintiff and that Plaintiff be precluded from using proof of income in future motions and at trial; alternatively, she asks that if the Court declines

to allow Defendant to use proof of 2025 income, she should be permitted extra time to make her Daubert submission. (ECF 754 at 2.)

Defendant expresses surprise that Plaintiff would password protect his tax documents. Defendant also contends that this is not the first time that Plaintiff produced documents that were inaccessible to her; she asserts that when I looked into this issue by testing Plaintiff's links in chambers, Plaintiff altered the access settings to allow Court access and then altered them again to preclude Defendant's access. (*Id.* at 1.)

Plaintiff denies providing any non-working passwords and denies altering access to the links to documents he provided while discovery was ongoing. (ECF 760 at 1.) He offers to allow the Court to test the passwords. (*Id.* at 1-2.)

It should not be surprising that Plaintiff would password protect tax documents. As to Plaintiff's alleged history of pretending to produce documents but making the documents inaccessible by Defendant, I concluded when Defendant originally made this allegation while discovery was ongoing that I had seen no indication that the links provided by Plaintiff were nonworking and that the issue appeared to be on Defendant's end.

As to Defendant's argument that Plaintiff should be precluded from using proof of 2025 income in connection with this case, it was Defendant who sought the 2025 tax documents. Until Plaintiff was ordered to provide those tax documents to Defendant in redacted form, he would not have been able to use those documents based on the many prior rulings that no party could make use of documents that had not been produced to the opposing party. To the extent that Defendant seeks additional time for her Daubert motion because of the delay in her receipt of the 2025 tax documents, I note that I ordered production of those documents to

place Defendant in a better position to cross-examine Plaintiff's damages expert – not to allow her to use those documents in connection with a Daubert motion. I find it difficult to see the relevance of the 2025 tax documents to an argument that Plaintiff's damages expert should be precluded from testifying when the expert did not have access to the 2025 tax documents when he prepared his report and therefore did not rely on those documents in connection with the report. Any delay in Defendant's receipt of the passwords should have no impact on her ability to cross-examine Plaintiff's damages expert at trial in December.

Finally, Defendant sent additional documents in further support of her position to Judge Caproni's chambers; those materials have not yet been docketed but I have reviewed them, and the documents will appear on the docket in due course. Nothing in those materials persuades me that the remedy I am ordering – requiring Plaintiff to promptly make himself available to Defendant on a video conference to assist her with accessing the documents – is insufficient to address the issue. I note that Defendant's suggestion that Plaintiff send her an unencrypted version of his tax documents poses an unreasonable risk that the documents will be publicly disseminated, which will lead to further motion practice.

Plaintiff is **ORDERED**, by **August 12, 2026**, to provide Defendant with at least five dates and times that he is available before **August 19, 2026** to participate in a video conference with Defendant to talk her through accessing his 2025 tax documents using the passwords provided.

## CONCLUSION

The Clerk of Court is respectfully requested to seal **ECF 746** and to terminate **ECF 746**.

DATED: August 11, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE