USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
VIRAL BHAGAT, :
:
Plaintiff, : 24-CV-01424 (VEC)
:
-against- : MEMORANDUM
: OPINION AND ORDER
ANUJA SHARAD SHAH a/k/a ANU SHAH, :
:
Defendant. :
-----------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On July 26, 2026, Defendant asked the Clerk of Court to issue two subpoenas, pursuant to Federal Rule of Civil Procedure 45, to Michael Balter, the "Editor and Publisher" of the *Croton Chronicle*, for "testimony . . . to establish authorship and authentication of email communications under Federal Rule of Evidence 901, based on personal knowledge, as a subject who received communication," and "also [for] testimony for impeachment." Dkt. 733; *see also* Dkt. 732 (with Dkt. 733, the "*Croton Chronicle* Subpoenas"). On July 30, 2026, Defendant asked the Clerk of Court to issue two more subpoenas—one to eBay, Inc., Dkt. 748 ("eBay Subpoena"), and one to Oracle Corp., Dkt. 747 ("Oracle Subpoena")— requesting that a corporate representative appear at the trial in this matter to "authenticate Plaintiff's employment" with each company, as well as his "compensation records."

Each of the four subpoenas commands that the recipient bring the following documents: (i) the "Oops [F]eedback [F]orm as shown on 4th April 2023," (ii) the "Oops [F]eedback [F]orm filled by" Plaintiff, and (iii) Plaintiff's "[personnel] file / copy of his investigation report / reason for his termination." *See* Dkts. 732, 738, 747, 748. The eBay and Oracle Subpoenas also include an addendum addressed to "Meta Platforms, Inc.," requesting further documents and

records related to Plaintiff's employment at Meta (but not at eBay or Oracle). *See* Dkts. 747, 748. Plaintiff moved to quash or modify the subpoenas.[1] *See* Dkts. 756 (motion to quash eBay Subpoena), 757 (motion to quash Oracle Subpoena), 762 (motion to quash *Croton Chronicle* Subpoenas). Defendant did not respond to Plaintiff's motions to quash.

In general, "service of a Rule 45 trial subpoena after the close of discovery is improper." *E.g. Upstate Shredding, LLC v. Northeastern Ferrous, Inc.*, No. 12-CV-1015 (BKS/DEP), 2015 WL 12748319, at *4 (N.D.N.Y. Feb. 13, 2015) (quoting *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007)). "[P]arties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery [concluded]." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 (3d ed. 2026). "[W]hen a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." *Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 445 (S.D.N.Y. 2021) (second alteration in original) (quoting *Revander v. Denman*, No. 00-CV-01810 (RJH), 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004)).

*i. eBay and Oracle Subpoenas*

With respect to the eBay and Oracle Subpoenas, Plaintiff argues that Defendant is impermissibly attempting to use a trial subpoena to obtain broad categories of new, substantive, documentary evidence related to his employment at eBay and Oracle, including his personnel file, internal investigation reports, and documents that state the reasons for his termination from

[1] Although a party ordinarily does not have standing to seek to quash a subpoena issued to a non-party, because Defendant's subpoenas request Plaintiff's private employment and compensation records from each of eBay, Oracle, and the *Croton Chronicle*, Plaintiff has articulated a sufficient personal privilege with regard to the documents being sought to warrant his motions to quash.

each company. *See generally* Dkts. 756, 757. Although Plaintiff does not object to Defendant's request that a records custodian from eBay or Oracle appear at trial solely to authenticate employment or compensation records previously produced, he contends that Plaintiff may not use a Rule 45 trial subpoena as an end-run around expired discovery deadlines to obtain documentary evidence not previously sought. *See* Dkt. 756 at 1–2; Dkt. 757 at 1–2.

While Defendant's eBay and Oracle Subpoenas seek testimony from a representative to "authenticate" certain records, they also appear to request documents that could (and should) have been obtained during discovery—*e.g.*, Plaintiff's personnel file from each company and documents stating the reasons for his termination. To the extent that Defendant is belatedly seeking these documents from either eBay or Oracle, the subpoenas are QUASHED as untimely.

The subpoenas also seek various documents that would not be in either eBay or Oracle's possession, including copies of Meta's "Oops Feedback Form" and documents relating to Plaintiff's employment at Meta. Although the Court suspects that these requests are an inadvertent relic from a prior subpoena draft intended for Meta, for the avoidance of doubt, the subpoenas for Meta records from eBay and Oracle are QUASHED, both because they are untimely and because there is no evidence that eBay or Oracle would have those records in their possession, nor that either company would be able to properly authenticate such records.

*ii.* Croton Chronicle *Subpoenas*

Defendant's subpoenas to the *Croton Chronicle* are directed to "Michael Balter," whom she identifies as the "Editor and Publisher" of the online newsletter. Defendant seeks "testimony" from Mr. Balter "to establish authorship and authentication of email communications under Federal Rule of Evidence 901 based on personal knowledge, as a subject who received [the] communication," and "also [for] testimony for impeachment."

In his motion to quash the *Croton Chronicle* Subpoenas, Plaintiff claims that "Defendant identifies Balter as a witness to authenticate alleged emails that Defendant attributes to Plaintiff, yet those emails were never produced to Plaintiff during discovery." Dkt. 762 at 1. He asserts that Defendant is again trying to circumvent the rules of discovery by belatedly seeking materials that should have been pursued during discovery, *see id.* at 2–5, and otherwise notes that, "to the extent Defendant possessed these emails" and "they were responsive to Plaintiff's discovery requests," Defendant should have turned them over during discovery, yet (apparently) did not, *see id.* at 3.

While Plaintiff's motion to quash suggests that he understands to what emails Defendant is referring in the *Croton Chronicle* Subpoenas, it is not clear to the Court what those emails are and it is not clear whether they were (or should have been) produced during discovery. Separately, the Court is struggling to fathom how emails to and/or from the editor of an online newsletter for a small town in New York would have any relevance whatsoever to this lawsuit. Absent some showing from Defendant why these materials—or Mr. Balter's testimony—would be appropriate in, and relevant to, this case, the *Croton Chronicle* Subpoenas are QUASHED.[2]

In sum, Plaintiff's motions to quash the eBay Subpoena, Dkt. 756, and the Oracle Subpoena, Dkt. 757, are GRANTED in part. To the extent Defendant seeks additional employment records from either eBay or Oracle (including, *e.g.*, Meta employment records in their possession), the subpoenas are QUASHED. If the parties are unable or unwilling to stipulate to the authenticity of the already-produced eBay and Oracle employment records,

---

[2] Like the eBay and Oracle Subpoenas, the *Croton Chronicle* Subpoenas request that Mr. Balter bring various copies of Meta's "Oops [F]eedback [F]orm" as well as Plaintiff's personnel file, his investigation report, and documents stating the reasons for his termination (presumably from Meta). The Court speculates that inclusion of these requests was inadvertent and likely remnants of a prior draft subpoena intended for Meta. In any event, because the Court has seen no evidence suggesting that Mr. Balter would be in possession of, or be able to authenticate, Meta's employment records, the *Croton Chronicle* Subpoenas for documents must be quashed.

Defendant's narrow request that a corporate representative from each company authenticate such records at trial is appropriate. The *Croton Chronicle* Subpoenas, Dkts. 732, 733, are QUASHED in full.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 757.

**SO ORDERED.**

**Date: August 18, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**