USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VIRAL BHAGAT, Plaintiff, -against- ANUJA SHARAD SHAH a/k/a ANU SHAH, Defendant. | : | 24-CV-01424 (VEC) ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 17, 2026, Defendant filed a letter requesting that the Court "finalize rulings on [Plaintiff's] financial documents or extend the *Daubert* and motions *in limine* deadlines," *see* Dkt. 770;

WHEREAS Defendant contends that (i) she "has been denied access to [key] evidence on various grounds," *id.* at 2, (ii) the Court's "rulings are contrary to governing laws and to the relevant facts," *id.* at 8, and (iii) "the Court should clearly and unequivocally state whether this ruling will remain binding after the parties file their *Daubert* motions and motions [*in limine*], even if those motions result in adverse findings against Plaintiff," *id.*;

WHEREAS the Court previously ordered that Plaintiff must produce to Defendant "the exact versions of his 2022, 2023, and 2024 Form W-2s and tax documents (or any other document(s)) on which his expert relied," *see* Dkt. 730 at 4;

WHEREAS the Court previously denied Defendant's request that Plaintiff produce his unredacted financial documents from 2025 because such "documents . . . were not available to [Plaintiff's] damages expert and [] could not have been relied upon by him in formulating his damages analysis," *see id.*;

WHEREAS the Court previously denied Defendant's request that Plaintiff produce "'salary slips' from his current employers" because "Plaintiff's current salary information is not relevant to his damages theory, and it has long been the law of this case that 'Plaintiff may not rely on any documents in support of his claimed damages that were not produced to Defendant' prior to the end of the discovery period," *id.* at 4–5;

WHEREAS on July 29, 2026, Plaintiff declared under penalty of perjury that "[t]he versions of Plaintiff's 2022, 2023, and 2024 W-2 and tax documents provided to, reviewed by, or relied upon by Plaintiff's damages expert were the same redacted versions previously disclosed and produced to Defendant" and that "[a]ll non-public documents that [Plaintiff] provided to [his] damages expert and that the expert relied upon in preparing his report were disclosed and produced to Defendant in the same form in which they were provided to the expert," *see* Dkt. 737;

WHEREAS Defendant subsequently filed a motion to compel Plaintiff to produce unredacted, employer-identifying income records and federal tax returns, *see* Dkt. 746, because (i) the unredacted documents are "indispensable" for her to test the "mitigation calculation at the center Plaintiff's damages claim," *id.* at 2, (ii) the redactions to Plaintiff's financial documents are contrary to Federal Rules of Civil Procedure 26(c) and 34, *id.* at 7–13, and (iii) Plaintiff has not made a showing sufficient to justify Magistrate Judge Tarnofsky's previous orders permitting Plaintiff to produce his financial documents in redacted form, *id.*;

WHEREAS on August 11, 2026, Judge Tarnofksy denied Defendant's motion to compel, holding that "Defendant's and Plaintiff's damages expert[s] are on an even playing field; there is no prejudice to Defendant in not providing the unredacted version of the documents at issue, especially since Defendant's expert knows the identity of the former secondary employer in question, which is relevant to the value of its equity compensation and other forms of salary,"

and re-affirming that "no party will be permitted to rely on at trial on documents that were not provided in discovery to the opposing party," *see* Dkt. 761 at 4;

WHEREAS Judge Tarnofsky also held that redactions to Plaintiff's documents are warranted, as Defendant has "repeatedly violated orders of the Court, including orders requiring her not to file Plaintiff's confidential financial information on the public docket in unredacted form," "even though both [the Undersigned] and [Judge Tarnofsky] have repeatedly admonished Defendant not to disclose Plaintiff's salary and other confidential financial information on the public docket," *see id.* at 5–6;

WHEREAS Judge Tarnofsky cited Defendant's "demonstrated [] unwillingness to comply with Court orders even on pain of sanctions," *id.* at 5;

WHEREAS Defendant filed objections to the order denying her motion to compel, arguing, *inter alia*, that (i) Judge Tarnofsky had not previously "allowed" Plaintiff to make redactions to his financial records and that the redactions are "independently impermissible," *see* Dkt. 766 at 3–7, (ii) it would be impossible for Defendant to misuse Plaintiff's financial information, *id.* at 5–7, (iii) Defendant's conduct cannot supply "good cause" for withholding evidence material to damages, causation, and cross-examination, *id.* at 8–10, (iv) redactions do not protect against the identified harm (*i.e.*, public disclosure of Plaintiff's private financial information), *id.* at 10, (v) Defendant could not have sought this discovery during the discovery period, *id.* at 10–12, and (vi) Judge Tarnofsky's holding that Defendant had not identified any of Plaintiff's discovery responses that are misleading or incomplete is incorrect and "refuted by the Court's own orders," *id.* at 12–14;

WHEREAS Defendant submitted a "limited supplement in further support of her" objections to "address[] the present prejudice at trial and several legal principles not fully developed in Defendant's original submission," in which she argues that "less restrictive

measures [than redaction] address the confidentiality risk without impairing [her] defense," *see* Dkt. 767;

WHEREAS Defendant submitted a second supplement in support of her objections "solely to address" Judge Tarnofsky's treatment of *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20-CV-5015 (VEC) (BCM), 2022 WL 621957 (S.D.N.Y. Mar. 3, 2022), which Defendant contends was in error, *see* Dkt. 771;

WHEREAS the Court has considered each of Defendant's submissions;

WHEREAS "[u]nder Rule 72 of the Federal Rules of Civil Procedure, 'when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide,' the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law,'" *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, Nos. 18-CV-1781 (PGG) (BCM), 18-CV-7692 (PGG) (BCM), 2022 WL 153183, at *2 (S.D.N.Y. Jan. 18, 2022) (alteration omitted);

WHEREAS "[o]rders involving discovery are considered nondispositive," *Pac. Life Ins. Co. v. Bank of N.Y. Mellow*, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021);

WHEREAS "'[a]n order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' and is 'contrary to law if it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure,'" *id.* (quoting *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-10067 (KPF) (SN), 2018 WL 3863447, at *3 (S.D.N.Y. Aug. 13, 2018)) (internal quotation marks omitted);

WHEREAS "[a] magistrate judge is best qualified 'to judge the entire atmosphere of the discovery process,'" and her "rulings on discovery matters are entitled to substantial deference,"

*U2 Home Entm't Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189 (JFK), 2007 WL 2327068, at * 1 (S.D.N.Y. Aug. 13, 2007)); and

WHEREAS the party objecting to a magistrate judge's order carries a "heavy burden" of showing that the order is clearly erroneous or contrary to law, *see In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 404 (S.D.N.Y. Aug. 13, 2020);

IT IS HEREBY ORDERED that Defendant's objections to Judge Tarnofsky's order denying her motion to compel are OVERRULED.

First, despite Defendant's incessant protestations to the contrary, the Court cannot discern how—and Defendant has not articulated a coherent explanation why—financial documents that were not available to Plaintiff's damages expert and not disclosed during discovery are relevant to this case. Documents that are not available to Plaintiff to *prove* his damages theory are not necessary for Defendant to *disprove* Plaintiff's theory. The Court repeats again what has been made clear numerous times before: at trial, Plaintiff will not be permitted to present evidence that was not timely disclosed to Defendant, nor on versions of documents that differ from those which were produced to Defendant.

Second, given that Defendant's argument that she needs to know more about Plaintiff's finances to test his damages theory is meritless, the Court is compelled to agree with Judge Tarnofksy that redactions to Plaintiff's documents are warranted. Defendant has a demonstrated history of spurning Court orders, including with regard to this very topic (*i.e.*, public dissemination of Plaintiff's confidential financial information). This is alone sufficient to justify Plaintiff's redactions and Judge Tarnofksy's order regarding the same—notwithstanding Defendant's (immaterial) qualms with Judge Tarnofsky's application of *Trireme Energy Holdings*.

In short, there is nothing clearly erroneous with the well-reasoned discovery rulings underpinning Judge Tarnofsky's order denying Defendant's motion to compel, nor with Judge Tarnofsky's decision to permit Plaintiff to redact certain of his sensitive financial information. The Court accepts and adopts Judge Tarnofsky's order in full; Defendant's objections are overruled.

For the avoidance of doubt, Defendant's request to extend the deadlines for the parties' *Daubert* briefing and motions *in limine* is DENIED. Defendant's *Daubert* motion to exclude Plaintiff's damages expert remains due on **Monday, August 31, 2026**. Plaintiff's response to Defendant's *Daubert* motion remains due on **Monday, September 28, 2026**. Defendant's reply in support of her *Daubert* motion remains due on **Monday, October 12, 2026**. The parties' motions *in limine* remain due on **Friday, September 25, 2026**. Responses to any motions *in limine* remain due on **Friday, October 9, 2026**.[1] These deadlines will not be extended.

IT IS FURTHER ORDERED that the parties' continued filing of lengthy, often repetitive materials on the docket has rendered management of this case untenable for Undersigned and Judge Tarnofksy. As of **today, August 20, 2026**, each party may file only **one (1) submission per week, not to exceed five (5) double-spaced pages, and not smaller than twelve-point font**, that consolidates **all** objections, arguments, concerns, questions, and any other non-trivial matters that the party would like to bring to the Court's attention from the week prior. **Failure to comply with this filing restriction will result in sanctions.** This filing restriction does **not** apply to required materials for which a submission deadline has already been set by the Court (e.g., *Daubert* motions, motions *in limine*, the parties' joint pre-trial order, etc.). The parties are

[1] Plaintiff began filing motions *in limine* on July 5, 2026. *See* Dkts. 701, 702, 703. The Court will not review or consider these motions until they have been fully briefed on October 9, 2026. Replies in support of motions *in limine* will **not** be accepted.

further reminded that **all** correspondence with the Court must come via filings on the docket. The parties may **not** contact chambers directly; submissions sent directly to chambers will **not** be reviewed or considered.

**SO ORDERED.**

**Date: August 20, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**