USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MEMO ENDORSED**

**VIRAL BHAGAT,**
Plaintiff,

v.

**ANUJA SHARAD SHAH a/k/a ANU SHAH,**
Defendant.

Case No. 24-CV-01424 (VEC)

## LETTER MOTION FOR RECONSIDERATION OF ECF 768

Dear Judge Caproni:

Defendant respectfully requests that the Court reconsider and vacate ECF 768 and hold Plaintiff's motions at ECF 756, 757, and 762 in abeyance until Defendant has had the opportunity afforded by the Court's Individual Practices to file her oppositions.

This request rests on two narrow procedural grounds.

**First, Defendant's opposition deadline had not expired when ECF 768 was entered.**

Plaintiff filed ECF 756 and 757 on August 4, 2026. Under the Court's Individual Practices governing pro se litigants, Defendant has four weeks from service of a motion to file her opposition unless the Court orders otherwise. Defendant's opposition to ECF 756 and 757 is therefore not due until **September 1, 2026**.

Plaintiff filed ECF 762 on August 8, 2026, and Defendant's opposition period for that motion likewise had not expired when ECF 768 was entered on August 18, 2026.

Defendant is unaware of any order shortening those opposition periods.

ECF 768 states that "Defendant did not respond to Plaintiff's motions to quash." Respectfully, Defendant had not failed to respond. **Her time to respond had not expired.**

The Court therefore resolved Plaintiff's motions before Defendant had the opportunity provided by the Court's own Individual Practices to oppose them.

Defendant respectfully requests that the Court allow the ordinary briefing process to run its course. Defendant should be permitted to file her opposition to each motion and explain why Plaintiff's requested relief is unwarranted before the Court determines whether any subpoena, or any particular portion of a subpoena, should be quashed.

**Second, Plaintiff's requests to quash were themselves premature because the subpoenas had not yet been issued and served when he sought relief.**

When Plaintiff filed ECF 756 and 757 on August 4, 2026, the subpoenas had not yet been issued by the Clerk. Plaintiff nevertheless sought an order quashing subpoenas before the subpoena process had been completed and before the actual subpoenas had been issued and served.

Respectfully, a request to quash should be directed to an actual subpoena and should identify, with specificity, what provision of that subpoena is allegedly improper and why.

Plaintiff should not be permitted to obtain wholesale relief based upon assumptions, anticipated objections, hearsay, or speculation concerning subpoenas that had not yet been issued and served.

Third, and perhaps the ***most baffling conclusion stated in ECF 768 that the Croton Chronicle subpoenas require Mr. Balter to produce Meta employment records, including the Oops Feedback Form, personnel records, an investigation report, and termination-related documents.*** Defendant will like to see this particular subpoena issued on behalf of the Defendant that seeks such information. Can Judge Caproni explain how they reach such a conclusion that this is the information sought by Defendant? Has the judge seen the subpoenas issued to Michael Balter?

Additionally, even Plaintiff has not made this argument in ECF 762 nor has the defendant sought any such information in the subpoena to Balter. The stated request seems like a figment of the imagination of the court. So the quashing of Michael Balter subpoena right now is totally improper. Without further delay this defect should be cured and the decision should be vacated for now.

Defendant respectfully requests that ECF 768 be vacated immediately. And before any subpoena is quashed, Plaintiff be required to identify **separately as to each subpoena**:

1. the particular subpoena being challenged;
2. the specific request, testimony, or provision he contends is improper;
3. the specific factual and legal basis for challenging that request;
4. the particular prejudice, privilege, burden, or other cognizable interest Plaintiff contends gives him standing to challenge it; and
5. why modification of the particular challenged provision, rather than wholesale quashing of the subpoena, would be insufficient.

This is because beyond doubt this is the procedural requirement. That procedure would permit Defendant to respond to concrete objections concerning an actual subpoena rather than attempting to answer Plaintiff's speculation about what an unissued or unserved subpoena might seek or how it might ultimately be used.

It would also provide the Court with a complete adversarial record before evidence or testimony potentially relevant to trial is foreclosed.

The problem is particularly apparent here because ECF 768 was entered while Defendant's opposition periods were still running. Plaintiff's characterization of the subpoenas was therefore before the Court, but Defendant's response to that characterization was not.

Respectfully, Defendant asks only that the Court hear both sides before deciding these issues.

Accordingly, Defendant respectfully requests that the Court:

1. **reconsider and vacate ECF 768;**
2. **hold Plaintiff's motions at ECF 756, 757, and 762 in abeyance until Defendant's applicable opposition deadlines have expired and Defendant has had an opportunity to file her oppositions;**
3. require Plaintiff, to the extent he continues to seek relief concerning any subpoena, to identify separately for each subpoena the particular provision or request he seeks to quash or modify and the factual and legal basis for that relief; and
4. thereafter determine any remaining subpoena dispute on the complete record submitted by both parties.

Defendant respectfully submits that this procedure is particularly appropriate where Plaintiff sought relief concerning subpoenas that had not yet been issued and served and where the Court's ruling was entered before Defendant's time to oppose Plaintiff's motions had expired.

Defendant therefore respectfully requests that ECF 768 be reconsidered and vacated and that ECF 756, 757, and 762 be held in abeyance pending Defendant's timely oppositions.

Respectfully submitted,

**Anu Shah**
Defendant Pro Se

Application DENIED. The Court declines to reconsider or vacate its prior order, Dkt. 768, granting Plaintiff's motions to quash various of Defendant's subpoenas, **each of which is available for review on the public docket** at Dkts. 732 (*Croton Chronicle* Subpoena #1), 733 (*Croton Chronicle* Subpoena #2), 747 (Oracle Subpoena), 748 (eBay subpoena), respectively. Each subpoena, **including those directed to Mr. Balter**, *see* Dkts. 732, 733, includes the same stock requests for the "Oops [F]eedback [F]orm as shown on 4th April 2023," the "Oops [F]eedback [F]orm filled by [Plaintiff], and "[Plaintiff's] personell [sic] file / copy of his investigation report / reason for his termination." If Defendant would "like to see th[e] particular subpoena" requests on which the Plaintiff's motions and the Court's order are based, she may do so via Pacer.

Of course, the Court's order at Dkt. 768 does not preclude Defendant from re-issuing subpoenas that remedy the deficiencies identified by the Court. Nor does it preclude Plaintiff (or any subpoena recipient) from moving to quash any future subpoenas. But as for the **subpoenas that Defendant has already submitted to the Clerk of Court**, no additional briefing is necessary; Defendant's requests are defective on their face. Plaintiff's motions to quash are warranted on that basis alone.

SO ORDERED.

Valerie Caproni 8/20/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE