UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

Plaintiff,

-v-

ANUJA SHARAD SHAH,

Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE**:

While Plaintiff's renewed application for limited testimony at ECF 778 is addressed to Judge Caproni, it raises an issue that I previously addressed while supervising discovery – whether to grant discovery on discovery – (ECF 330, 379), and I interpret this application as a request to re-open discovery to seek testimony from Defendant's former counsel, Ms. Yang, about claimed deficiencies in Defendant's document production, which is within the scope of my reference. Judge Caproni rejected Plaintiff's objections to my denial of such discovery. (ECF 487.) Plaintiff argues that he is not seeking general discovery on discovery but instead permission to obtain limited testimony on specific documents that Defendant said Ms. Yang was responsible for producing or not producing. (ECF 778, Pl. Mot. at 1.) He also argues that circumstances have changed since the prior rulings, because he attempted to question Defendant at her deposition about gaps in the production, and Defendant said that production decisions were made by former counsel. (*Id.* at 2.) Plaintiff also contends that Defendant has sued Ms. Yang for malpractice, which waived any applicable privilege. (*Id.* at 4.) These arguments are beside the point. As Judge Caproni explained, granting Plaintiff's motion for discovery on discovery (however limited the discovery he now seeks) would inevitably lead to a comparable motion by Defendant, and the "interest in the expedient resolution of this action

counsels against such an outcome." (ECF 487, Order at 10.) Any possible relevance of the discovery sought to the issues in this case is minimal at best, and thus the delays and costs of reopening discovery on questions relating to the completeness of Defendant's production (and the likely responsive motions by Defendant about the adequacy of Plaintiff's production) are clearly disproportionate. Thus, the application (**ECF 778**) is **DENIED.**

The Clerk of Court is respectfully requested to terminate **ECF 778**.

DATED: August 26, 2026
New York, NY

**SO ORDERED**.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**