USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 9/3/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MEMO ENDORSED**

**VIRAL BHAGAT,**
Plaintiff,

— against —

**ANUJA SHARAD SHAH A/K/A ANU SHAH,**
Defendant

**Case No.:** 1:24-cv-01424-VEC

**PLAINTIFF'S MOTION TO QUASH OR MODIFY DEFENDANT'S TRIAL SUBPOENA TO META PLATFORMS, INC. (ECF NO. 772), OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

**Hon. Valerie E. Caproni:**

Plaintiff Viral Bhagat respectfully moves to quash or modify the document-production portion of Defendant Anuja Shah's trial subpoena to Meta Platforms, Inc. ("Meta"), filed at ECF No. 772, or alternatively for a protective order prohibiting Defendant from using a trial subpoena to obtain new third-party discovery after the close of discovery.

**The Court's August 18, 2026 Memorandum Opinion and Order, ECF No. 768, substantially resolves this issue.**

In ECF No. 768, this Court held that Defendant may not use a Rule 45 trial subpoena to obtain employment records that "could (and should) have been obtained during discovery," and accordingly quashed Defendant's demands for Plaintiff's personnel file and documents concerning the reasons for his termination as untimely. ECF No. 768 at 3. At the same time, the Court expressly distinguished those improper demands for new evidence from a narrow trial

subpoena seeking authentication of employment records **already produced during discovery**, which the Court held was appropriate. Id. at 4–5.

Only two days after ECF No. 768 was entered, Defendant filed ECF No. 772, commanding Meta to appear at the December 15, 2026 trial and bring:

1. "Oops feedback form as shown on 4th April 2023";
2. "Oops feedback form filled by Viral Bhagat"; and
3. "Viral Bhagat personell [sic] file / copy of his investigation report / reason for his termination."

ECF No. 772 at 2.

These are not merely requests to authenticate documents already produced. To the extent these materials were not produced during discovery, they are demands for **new substantive documentary evidence**.

Indeed, ECF No. 768 specifically identified substantially identical Oops-form, personnel-file, investigation-report, and termination-record language appearing in Defendant's earlier subpoenas and observed that those demands appeared to be remnants of "a prior subpoena draft intended for Meta." ECF No. 768 at 1–3. ECF No. 772 now confirms that Defendant seeks those same categories directly from Meta.

Changing the recipient to Meta may address whether the recipient possesses the records. It does **not** cure the separate and dispositive problem identified in ECF No. 768: **the requests are untimely because the materials could and should have been pursued during discovery.**

Plaintiff therefore asks the Court simply to apply ECF No. 768 consistently. Defendant may, if otherwise proper, call an appropriate Meta custodian solely to authenticate specifically identified Meta documents already produced during discovery and properly disclosed for trial. Defendant may not use a trial subpoena to compel a new Meta document production that she knew about, and in fact previously sought, while discovery remained open.

**This is trial, not discovery.**

## I. ECF NO. 768 PROVIDES THE GOVERNING FRAMEWORK FOR THE DOCUMENT-PRODUCTION PORTION OF ECF NO. 772

The Court began its analysis in ECF No. 768 with the governing principle:

> "In general, 'service of a Rule 45 trial subpoena after the close of discovery is improper.'"

ECF No. 768 at 2 (quoting *Upstate Shredding, LLC v. Northeastern Ferrous, Inc.*, No. 12-CV-1015 (BKS/DEP), 2015 WL 12748319, at *4 (N.D.N.Y. Feb. 13, 2015), quoting *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007)).

The Court further explained:

> "[P]arties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery [concluded]."

ECF No. 768 at 2 (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 (3d ed. 2026)).

And the Court relied on *Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 445 (S.D.N.Y. 2021), which states:

> "[W]hen a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied."

ECF No. 768 at 2 (quoting *Revander v. Denman*, No. 00-CV-01810 (RJH), 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004)).

The Court then applied that rule to Defendant's eBay and Oracle trial subpoenas. Although those subpoenas purported to seek corporate representatives to "authenticate" records, they also demanded Plaintiff's personnel files and documents stating the reasons for his termination.

The Court held:

> "[T]hey also appear to request documents that could (and should) have been obtained during discovery—e.g., Plaintiff's personnel file from each company and documents stating the reasons for his termination. To the extent that Defendant is belatedly seeking these documents from either eBay or Oracle, the subpoenas are QUASHED as untimely."

ECF No. 768 at 3.

That reasoning applies directly to ECF No. 772.

Defendant now seeks from Meta Plaintiff's personnel file, investigation report, reason for termination, and Oops Feedback Form materials. These are substantive records concerning Plaintiff's former Meta employment and Meta's investigation—not materials necessary merely to compel a witness's attendance at trial.

If those records were not produced during discovery, ECF No. 768 dictates the result: they are untimely trial-subpoena demands for evidence that could and should have been pursued during discovery.

## II. ECF NO. 772 SEEKS SUBSTANTIALLY THE SAME META MATERIALS THAT THE COURT IDENTIFIED IN ECF NO. 768

The factual overlap between ECF Nos. 768 and 772 is unusually direct.

In ECF No. 768, the Court described four prior subpoenas, Dkts. 732, 738, 747, and 748, and observed that each commanded the recipient to bring:

- the "Oops [F]eedback [F]orm as shown on 4th April 2023";
- the "Oops [F]eedback [F]orm filled by" Plaintiff; and
- Plaintiff's "[personnel] file / copy of his investigation report / reason for his termination."

ECF No. 768 at 1–2 (discussing Dkts. 732, 738, 747, 748).

Those are substantially the same three demands now contained in ECF No. 772.

With respect to the earlier eBay and Oracle subpoenas, the Court observed that Meta records would not ordinarily be possessed by those companies and stated:

> "Although the Court suspects that these requests are an inadvertent relic from a prior subpoena draft intended for Meta, for the avoidance of doubt, the subpoenas for Meta records from eBay and Oracle are QUASHED, both because they are untimely and because there is no evidence that eBay or Oracle would have those records in their possession, nor that either company would be able to properly authenticate such records."

ECF No. 768 at 3.

The Court therefore identified **two independent defects**:

1. the Meta document demands were **untimely**; and
2. eBay and Oracle were not shown to possess or be capable of authenticating Meta records.

ECF No. 772 may cure only the second defect by directing the subpoena to Meta itself.

It does not cure the first.

The Court's untimeliness holding did not depend solely on which company possessed the records. It depended independently on the fact that Defendant was attempting to obtain at trial substantive evidence that could and should have been obtained during discovery.

Directing substantially identical demands to the correct custodian does not transform untimely discovery into a permissible trial process.

## III. THE COURT HAS ALREADY DISTINGUISHED PERMISSIBLE AUTHENTICATION FROM IMPERMISSIBLE NEW PRODUCTION

Plaintiff does not seek to prevent legitimate authentication of existing evidence.

That distinction is important because ECF No. 768 expressly endorsed the same narrow position Plaintiff takes here.

After quashing Defendant's demands for additional employment documents, the Court concluded:

> "To the extent Defendant seeks additional employment records from either eBay or Oracle (including, e.g., Meta employment records in their possession), the subpoenas are QUASHED."

ECF No. 768 at 4.

But the Court immediately distinguished authentication:

> "If the parties are unable or unwilling to stipulate to the authenticity of the already-produced eBay and Oracle employment records, Defendant's narrow request that a corporate representative from each company authenticate such records at trial is appropriate."

Id. at 4–5.

Plaintiff asks the Court to apply precisely the same distinction to Meta.

If the parties are unable or unwilling to stipulate to authenticity, and Defendant identifies a specific Meta record that was already produced during discovery, is already in the parties' possession, has been properly identified for trial, and requires authentication by Meta, **Plaintiff**

**does not seek through this motion to prevent a competent Meta custodian from appearing for that limited purpose.**

But requiring Meta to search for and newly produce Oops Feedback Forms, Plaintiff's personnel file, Meta's investigation report, or records concerning the reason for Plaintiff's termination is entirely different.

**Authentication concerns evidence already obtained. A new production introduces previously undisclosed evidence into the case after discovery has closed.**

ECF No. 768 permits the former and rejects the latter.

## IV. ECF NOS. 343 AND 454 INDEPENDENTLY BAR ANOTHER ROUND OF META DISCOVERY

Even apart from ECF No. 768, the Court has already addressed additional discovery from Meta specifically.

In ECF No. 343 ¶ 5, Judge Tarnofsky addressed Meta's objection to employee depositions and additional document production. Defendant had issued a subpoena for Meta employee testimony only one day before the fact-discovery deadline, meaning the deposition could not occur within the discovery period.

The Court quashed that subpoena.

More importantly for ECF No. 772, the Court separately rejected additional Meta document production:

> "Nor will I order Meta to supplement its document production. The parties had ample time to move to compel additional production from Meta within the discovery period but declined to do so."

ECF No. 343 ¶ 5.

The Court simultaneously permitted only a narrow authentication procedure for identified documents already in the parties' possession. Id.

ECF No. 343 therefore established the same distinction later reaffirmed by Judge Caproni in ECF No. 768: **no new Meta production after discovery, but authentication of existing documents may be addressed separately.**

The Court reaffirmed the closure of Meta discovery in ECF No. 454 ¶ 3.

When Plaintiff later sought additional records from Meta, the Court denied Plaintiff's request as well, noting that it had previously denied a similar request by Defendant and holding:

> "[T]here is no reason to re-open discovery to permit a party to take discovery of a non-party when the party failed to pursue the discovery during the discovery period."

ECF No. 454 ¶ 3.

That ruling applied the same rule to both parties.

Plaintiff was not permitted to obtain additional Meta documents after discovery closed. Defendant should not now be permitted to accomplish the same thing merely by styling her demand as a trial subpoena.

## V. DEFENDANT KNEW ABOUT THESE CATEGORIES DURING DISCOVERY AND CANNOT ESTABLISH DILIGENCE OR GOOD CAUSE FOR BELATED PRODUCTION

This is not a circumstance in which Defendant recently discovered an unknown category of evidence that could not reasonably have been pursued before the discovery deadline.

Defendant knew about these categories during discovery.

During discovery, Defendant actually sought these categories from Meta. As reflected in the December 5, 2024 Meta subpoena and Defendant's January 2, 2025 withdrawal email, attached as Exhibits 1 and 2 to ECF No. 713, Defendant sought, among other things:

- records concerning Plaintiff's Meta employment;
- records concerning the cessation or termination of Plaintiff's employment;
- Meta's investigation into Plaintiff;
- witness notes and Plaintiff statements;
- termination or separation materials;
- documents governing the Oops Feedback Form; and
- "each and every Oops Feedback Form submitted by Bhagat to Meta and/or Instagram."

Defendant's then-counsel subsequently withdrew that subpoena, stating:

> "We have not served the attached subpoena to Meta because we understand it would be duplicative of Plaintiff's subpoena to Meta. Accordingly, consider the subpoena withdrawn." **ECF No. 713, Exs. 1–2.**

Defendant therefore indisputably knew during discovery that these categories existed and had an opportunity to pursue them.

She later issued another Meta subpoena near the discovery deadline. The Court quashed Defendant's Meta employee subpoena as untimely and refused additional Meta production. **ECF No. 343 ¶ 5.**

The Court later reaffirmed that there was "no reason to re-open discovery" for nonparty materials not timely pursued. **ECF No. 454 ¶ 3.**

And most recently, on August 18, 2026, Judge Caproni again held in ECF No. 768 that Defendant cannot use Rule 45 trial subpoenas to obtain employment records that "could (and should) have been obtained during discovery."

Fed. R. Civ. P. 16(b)(4) permits modification of a scheduling order only for good cause and with the Court's consent. Defendant cannot avoid that requirement by reopening discovery indirectly through Rule 45.

The chronology demonstrates the absence of diligence:

**Defendant knew of the records during discovery; Defendant expressly sought these categories during discovery; Defendant withdrew that subpoena; Defendant later pursued Meta testimony too late; the Court quashed the untimely Meta subpoena; the Court refused additional Meta production; the Court subsequently refused Plaintiff the same relief; and Judge Caproni has now expressly held that trial subpoenas may not be used to obtain employment records that could and should have been obtained during discovery.**

ECF No. 772 should not provide another opportunity to obtain the same evidence.

## VI. PLAINTIFF'S STANDING HAS ALREADY BEEN RESOLVED BY THIS COURT

There is no need to revisit whether Plaintiff may challenge a third-party subpoena seeking his private employment records.

**ECF No. 768 expressly addressed that issue.**

The Court recognized that although a party ordinarily does not have standing to quash a subpoena directed to a nonparty, Defendant's subpoenas sought Plaintiff's "private employment and compensation records," and therefore:

> "Plaintiff has articulated a sufficient personal privilege with regard to the documents being sought to warrant his motions to quash."

ECF No. 768 at 2 n.1.

ECF No. 772 implicates that same personal interest even more directly. It expressly seeks Plaintiff's "personell [sic] file," internal investigation report, records concerning the reason for his termination, and internal Oops records associated with or attributed to Plaintiff.

Accordingly, ECF No. 768 establishes Plaintiff's standing at minimum as to the subpoena's demands for his personnel file, investigation report, termination information, and other private employment records. As to the remainder of ECF No. 772, Plaintiff separately seeks enforcement of the Court's discovery and scheduling orders and protective relief pursuant to Rule 26(c).

## VII. ALLOWING NEW META PRODUCTION NOW WOULD CREATE THE VERY PREJUDICE DISCOVERY DEADLINES ARE DESIGNED TO PREVENT

The documents demanded in ECF No. 772 concern central issues in this case: the Oops Feedback Form, Meta's investigation, Plaintiff's personnel records, and Meta's stated reason for terminating Plaintiff.

Permitting previously unproduced records to enter the case through a trial subpoena would deprive Plaintiff of the discovery procedures ordinarily available for significant new evidence.

Plaintiff would have had no opportunity during discovery to determine whether Meta's production was complete, examine appropriate Meta personnel concerning the context of those records, investigate contradictory or explanatory records, explore the meaning of internal terminology or processes, obtain rebuttal evidence, or raise discovery issues concerning completeness and preservation.

That concern is particularly acute because Defendant seeks not merely a discrete business record, but Plaintiff's entire personnel file, an internal investigation report, and records concerning the reason for his termination—materials that could generate substantial additional factual, evidentiary, hearsay, completeness, and foundation disputes.

Trial is not the appropriate stage to create a new evidentiary record on central disputed issues.

A trial subpoena should facilitate presentation of evidence developed during discovery, not function as a substitute for discovery that was not timely pursued.

## VIII. THE APPROPRIATE REMEDY IS THE SAME NARROW REMEDY THE COURT ADOPTED IN ECF NO. 768

Plaintiff does not request that Meta necessarily be prevented from appearing at trial.

Instead, Plaintiff asks the Court to apply the precise framework adopted in ECF No. 768:

**New documents: quashed as untimely.**

**Authentication of already-produced records: permitted, if otherwise necessary and proper.**

Accordingly, to the extent Defendant seeks Meta's appearance, any testimony should be limited to authentication or foundation concerning specific records previously produced during discovery and identified in advance by Bates number or trial-exhibit number.

Meta should not be required through ECF No. 772 to conduct a new search for documents or produce substantive materials that were not part of the discovery record.

Nor should Defendant be permitted to use an authentication witness as a vehicle for substantive testimony concerning previously undisclosed investigation materials, personnel records, Oops records, or Meta's termination decision that Defendant did not timely obtain during discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. QUASH OR MODIFY the document-production portion of ECF No. 772 to the extent it requires Meta to search for, bring, or produce any document or information not previously produced during discovery, including any newly requested Oops Feedback Form, Plaintiff's personnel file, Plaintiff's investigation report, records concerning the

reason for Plaintiff's termination, or other substantive Meta employment or investigation records;

2. HOLD, consistent with ECF No. 768, that Defendant may not use a Rule 45 trial subpoena to obtain substantive records that could and should have been obtained during discovery;
3. PROHIBIT Defendant from obtaining or accepting new substantive Meta document production through ECF No. 772 or any materially similar trial subpoena absent prior leave of Court and a sufficient showing to reopen discovery;
4. PERMIT, if otherwise proper and necessary, an appropriate Meta custodian or corporate representative to appear solely for the limited purpose of authenticating or laying foundation for specific Meta documents that were previously produced during discovery, are already in the parties' possession, and have been properly identified for use at trial;
5. REQUIRE Defendant, before any Meta custodian testimony, to identify by Bates number or trial-exhibit number the previously produced documents for which authentication is sought;
6. PROHIBIT Defendant from referring to, displaying, offering, questioning any witness about, or otherwise relying upon any newly produced Meta document or information before the jury unless Defendant first obtains leave of Court outside the jury's presence and Plaintiff is afforded an opportunity to object;
7. IN THE ALTERNATIVE, if the Court permits any new Meta production, preclude use of those materials at trial until Plaintiff has received a fair opportunity to review the production, evaluate its completeness and context, seek appropriate responsive relief, and assert all evidentiary objections; and
8. Grant such other and further relief as the Court deems just and proper.

Plaintiff is not asking the Court to prevent Defendant from authenticating evidence already developed in discovery. Plaintiff asks only that Defendant not be permitted to use a trial subpoena to conduct discovery that should have occurred before discovery closed.

That is the distinction the Court drew in ECF No. 343.

That is the principle the Court reaffirmed in ECF No. 454.

**And most importantly, that is the precise rule Judge Caproni applied in ECF No. 768 only two days before ECF No. 772 was filed.**

Defendant may authenticate the existing record at trial. She may not create a new one through an untimely trial subpoena.

Respectfully submitted,

**Location:** Mountain View, CA

**Date:** Aug 20, 2026

**VIRAL BHAGAT,** *Pro Se*

Viral U. Bhagat

**E:** viral.bhagat@gmail.com
**P:** +1 646 384 8158

Application DENIED, without prejudice, as moot. The Meta subpoena signed by the Clerk of Court at Dkt. 772 is the same subpoena that Defendant requested on July 9, 2026, *see* Dkt. 716. Plaintiff moved to quash that subpoena, *see* Dkt. 713; the Court denied his motion, without prejudice, as moot, *see* Dkt. 719, because Defendant conveyed to the Court and Plaintiff that the subpoena had been withdrawn, *see* Dkt. 717.

In other words, it appears that the Clerk signed and issued the Meta subpoena, which had already been withdrawn, in error. This makes sense given Defendant's assertion that "the subpoena . . . which was signed by the Clerk on August 20, 2026, is not the [Meta] subpoena [she] requested" and obtained from the Clerk on August 7, 2026. *See* Dkt. 791. Plaintiff's renewed motion to quash a stale subpoena is, therefore, not warranted.

The Clerk of Court is respectfully directed to (i) STRIKE from the docket the entry at Dkt. 772 and (ii) terminate the open motion at Dkt. 781.

SO ORDERED.

Valerie Caproni 9/3/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE