UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT, Plaintiff, -v- ANUJA SHARAD SHAH, Defendant. | 24-CV-1424 (VEC) (RFT) **ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE**:

Pending before the Court is Defendant's motion seeking the unsealing of the Oracle compensation letter (**ECF 798-14**) and the Meta compensation letter (**ECF 798-17**). (**ECF 802**.)[1] This motion falls within the scope of my reference. The motion is **GRANTED IN PART** and **DENIED IN PART** as moot. The Meta compensation letter was not filed under seal, and therefore there is no need for it to be unsealed.[2]

While I previously ruled that the Oracle compensation letter should be filed under seal in connection with Defendant's summary judgment motion, because the compensation figures had minimal relevance to that motion, as I noted, Plaintiff's compensation information could become relevant and therefore publicly accessible later in the case. (ECF 651, Order at 4 n.1.) I have reviewed Defendant's motion in limine to exclude the report and testimony of Plaintiff's damages expert (ECF 798, Def.'s Mot. In Limine to Exclude the Report and Testimony of Mark S. Gottlieb ("Def.'s Mot. In Lim.").), and I conclude that the Oracle compensation information is relevant to that motion. Accordingly, the analysis I performed in connection with the earlier

1 On the public docket, only ECF 798-4 and 798-14 are sealed.

2 This order omits internal quotation marks, citations, footnotes, and alterations from quoted text.

application to unseal the Oracle compensation letter (ECF 651) leads to a different outcome: the countervailing factors and higher values identified by Plaintiff do not outweigh the presumption of public access. *See Oklahoma Firefighters Pension & Ret. Sys. v. Musk*, No. 22-CV-3026 (ALC) (GWG), 2024 WL 2305264, at *2 (S.D.N.Y. May 20, 2024) (denying the defendant's motion to seal personal compensation information in the plaintiff's amended complaint where the compensation information was directly relevant to establishing an element of the plaintiff's fraud claim, meaning that the privacy interest did not outweigh the presumption of public access to that information); *Rowe v. Google*, 19-CV-8655 (LGS), 2022 WL 4467628, *2 (S.D.N.Y. Sept. 26, 2022) (denying the defendant's motion to seal individual compensation information where the privacy interest in compensation information central to the parties' arguments in their cross motions for summary judgment did not outweigh the presumption of public access to the information); *Dependable Sales and Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (denying the defendant's motion to seal financial records filed with its motion to exclude the plaintiffs' damages expert, where the privacy interest in financial records used by the expert to establish the plaintiffs' lost profits did not outweigh the presumption of public access to financial records relevant to the adjudication of the defendant's motion).

Plaintiff attempts to distinguish Defendant's motion to unseal from the motion to seal in *Sanchez v. MTV Networks*, 525 F. App'x 4 (2d Cir. 2013) by arguing that in *Sanchez*, the plaintiff sought to seal the entirety of an appendix containing information about the plaintiff's compensation even though the compensation "was the very subject of [the] litigation"; he argues that here, he seeks to keep sealed his W-2 wages, tax withholdings, and RSU quantities, which he says are not relevant to aggregate damages figures and categories of compensation,

which he does not seek to keep sealed. (ECF 806, Pl.'s Mem. at 5.) But Defendant has made colorable arguments in support of her motion in limine to exclude Plaintiff's damages expert that Plaintiff's damages model, which relies on his compensation history at both Meta and Oracle, omitted certain compensation Plaintiff actually received or could receive post-termination, and therefore is flawed. (*See* ECF 798, Def.'s Mot. In Lim. at 22.) Judge Caproni's adjudication of the motion in limine will likely rely at least in part on the specific contents of the Oracle compensation letter. Accordingly, the compensation information Plaintiff seeks to keep sealed is very important to the pending motion in limine, and the public has a right to see the contents of that letter.

Plaintiff further argues that the documents should remain sealed because in a previous order (ECF 761), I expressed doubts about Defendant's ability to comply with the confidentiality order based on her repeated violations of orders prohibiting her from publicly filing Plaintiff's confidential financial information. (*See* ECF 806, Pl.'s Mem. at 5.) That order, however, involved redactions of information Plaintiff at the time contended was immaterial because his own expert had not seen or relied on the redacted information. (*See* ECF 761, Order at 4.) Defendant has now made a colorable argument that the redacted information is relevant to the pending motion in limine, which fundamentally changes the calculus.

Accordingly, the Clerk of Court is respectfully requested to unseal ECF 798-14 and terminate **ECF 802**.

DATED: September 23, 2026
New York, NY

**SO ORDERED**.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**