USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VIRAL BHAGAT,<br><br>Plaintiff,<br><br>-against-<br><br>ANUJA SHARAD SHAH a/k/a ANU SHAH,<br><br>Defendant. | : | 24-CV-01424 (VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS the parties' motions *in limine* were due not later than Friday, September 25, 2026, with the parties' deadline to respond set for Friday, October 9, 2026, *see* Dkt. 776;

WHEREAS on Friday, October 2, 2026, the Court denied Defendant's motion *in limine* at Dkt. 855 because it was filed on October 2, 2026, and was, therefore, untimely, *see* Dkt. 856 at 2;

WHEREAS on Saturday, October 3, the Court received a letter from Defendant stating that her motion *in limine* at Dkt. 855 was "submitted on September 25, 2026," and requesting the Court to "(a) vacate the denial of Dkt. 855 and reinstate it as timely, (b) deem timely each motion *in limine* shown in the attached emails[] by its submission date rather than its docketing date; and (c) direct that any such motion not yet docketed be docketed," *see* Ex. A (attached hereto); *see also* Dkts. 869, 870;

WHEREAS on Sunday, October 4, 2026, the Court received a letter from Plaintiff requesting the Court to note discrepancies with Defendant's submitted evidence and to deny Defendant's letter motion to vacate the denial of Dkt. 855, *see* Ex. B (attached hereto);

WHEREAS on Monday, October 5, 2026, the Court received an additional letter from Defendant in support of her letter motion, *see* Ex. C (attached hereto);

IT IS HEREBY ORDERED that Defendant's request to vacate the denial of Dkt. 855 is DENIED. Defendant appears to have a fundamental misunderstanding of how the Court's docketing system works. The date indicated on ECF/PACER reflects the date the document was received by the Court, regardless of when the submission formally appears on the public docket. As such, Defendant's claims that she submitted her materials on September 25, 2026, is belied by the Court's records and, therefore, not credible.[1] Moreover, although she is proceeding *pro se*, it remains solely Defendant's responsibility to ensure that her materials are timely submitted and received by the Court. To the extent that requires Defendant to submit her materials before 11:59 P.M. on the date that they are due, *see* Ex. A, or to appear in person to provide the Pro Se Intake Unit with paper copies before the filing deadline, she must do so. Moreover, to the extent she has not already, Defendant may also request ECF filing privileges which would allow her to file materials directly to the docket and avoid the lags she complains of here.

IT IS FURTHER ORDERED that the Court is in receipt of Defendant's response, *see* Dkt. 858, to the Court's September 29, 2026, order to show cause, *see* Dkt. 847, and, for GOOD CAUSE SHOWN, the Court will not impose sanctions at this time for Defendant's failure to abide by the Court's filing restriction. The Court reiterates, however, that the date indicated on ECF/PACER reflects the date a document was received by the Court, regardless of when the submission formally appears on the public docket. The Court considers the receipt date, not the docketing date, as the operative filing date for all submissions.

---

[1] Various of Defendant's submissions were received by the Pro Se Intake Unit without issue on September 25 and 26, 2026, and docketed accordingly.

IT IS FURTHER ORDERED that the motions at Dkts. 857, 859, 860, 861, 862, and 868 are DENIED as untimely. The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 857, 859, 860, 861, 862, 868, and 869.

**SO ORDERED.**

**Date: October 2, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,
Plaintiff,

— against —

ANUJA SHARAD SHAH A/K/A ANU SHAH,
Defendant.

Case No. 1:24-cv-01424-VEC-RFT

**Reverse ECF 0rder 856, all the Motions In Limine were filed on 24th and 25th Sep 2026. Many still remain undocketed. The proof is attached.**

Dear Judge Caproni:

I am the Defendant, proceeding pro se. I respectfully request reconsideration of the portion of the Court's October 2, 2026 Order (Dkt. 856) that denied Dkt. 855 as untimely and deems untimely any motion in limine not currently reflected on the docket.

**1. Dkt. 855 was submitted on September 25, 2026.** Dkt. 855 is my Motion in Limine No. 15 (to exclude evidence and argument seeking recovery for unvested Meta RSUs and unawarded refresher grants). I emailed it, with exhibits, to the Pro Se Intake Unit at ProSe@nysd.uscourts.gov on Friday, September 25, 2026 at 11:59 PM. The email is attached. The Clerk did not enter it on the docket until October 2, 2026 at 1:00 PM. The delay was in processing, not in my submission.

**2. The Order rests on a premise that the record does not support.** The Order states that the Pro Se Intake Unit and Docketing Services confirmed that everything I submitted on or before September 25 had been posted. Dkt. 855 itself shows otherwise: it was submitted on September 25 and posted a week later. Motions in Limine Nos. 1 and 17, which I emailed at the same time

as No. 15, were docketed on September 29 with a filing date of September 25. No. 15 was sent in the same batch and should be treated the same way.

**3. I followed up diligently throughout.** After submitting my motions, I checked with the Pro Se Intake Unit every day about the motions that had not appeared on the docket. On September 30, 2026, I also emailed Chambers and the Pro Se Intake Unit, copying Mr. Bhagat, to report that only about ten of my motions had been docketed, and I raised the issue again in Dkt. 853. The Pro Se office asked me to wait until Friday, October 2. On that Friday, many motions were still not docketed, so I went to the courthouse in person. I went through the outstanding motions with the staff, including Mr. Corretto, until approximately 2:30 PM, and I submitted many of the motions again in paper form. I was assured they would be processed as soon as possible. Despite this, motions remain undocketed.

**4. Other timely motions remain undocketed, through no fault of mine.** In addition to Dkt. 855, the following motions in limine that I emailed to the Pro Se Intake Unit still do not appear on the docket: No. 2 (sent September 25 at 11:59 PM), No. 5 (September 25 at 11:59 PM), No. 12 (September 25 at 11:59 PM), No. 16 (September 25 at 11:59 PM), No. 18 (September 25 at 8:37 PM), and No. 19 (September 26 at 5:34 PM). The submission emails are attached. On October 2, I re-sent Nos. 2, 5, 12, 18 and 19 by email and handed in paper copies of outstanding motions in person. I have no ability to docket them myself. The Order states that all of my submissions made on or before September 25 have been posted; these motions show that this is not the case. Under the Order they would never be considered, solely because the Clerk has not yet processed them.

**5. Prejudice.** As a pro se litigant I cannot file on ECF myself and must rely on the Pro Se Intake Unit. I did everything within my control: I submitted the motions, followed up daily, waited as instructed, and then appeared in person and re-submitted them on paper. The delay in docketing is not attributable to me. Refusing to consider motions because of the date the Clerk docketed them, rather than the date I submitted them, penalizes me for a delay I did not cause, on issues that go to the evidence at trial.

I respectfully request that the Court (a) vacate the denial of Dkt. 855 and reinstate it as timely; (b) deem timely each motion in limine shown in the attached emails, by its submission date rather than its docketing date; and (c) direct that any such motion not yet docketed be docketed.

Respectfully submitted,

Anu Shah

Defendant, Pro Se

3rd Oct 2026

# Bhagat v. Shah, No. 1:24-cv-01424-VEC

## Defendant's Motions in Limine: Emails Sent to the Pro Se Intake Unit, September 24-26, 2026

Compiled from the Sent Mail records of anushah0821@gmail.com. Each email was sent from anushah0821@gmail.com to ProSe@nysd.uscourts.gov. All times are Eastern Time as recorded by Gmail. Attachments are listed by file name and are not reproduced here.

| MIL | Sent (ET) | Motion | Pg |
|---|---|---|---|
| 1 | Fri, Sep 25, 2026, 11:59 PM | TO ADMIT PLAINTIFF'S COMPLETE ARBITRATION DEMAND AND RELATED CAUSATION STATEMENTS | 2 |
| 2 | Fri, Sep 25, 2026, 11:59 PM | TO EXCLUDE MESSAGES FROM UNKNOWN UNAUTHENTICATED UNIDENTIFIED NUMBERS | 3 |
| 3 | Fri, Sep 25, 2026, 11:59 PM | TO PRECLUDE EVIDENCE AND ARGUMENT OF EMOTIONAL DISTRESS AND OTHER NON-PECUNIARY HARM | 4 |
| 4 | Fri, Sep 25, 2026, 11:59 PM | TO EXCLUDE ANY OR ALL MATERIAL REGARDING JASON KOTHARI | 5 |
| 5 | Fri, Sep 25, 2026, 11:59 PM | FOR A PRETRIAL RULING ON THE SCOPE OF TRIAL TESTIMONY FROM META PLATFORMS, INC. | 6 |
| 6 | Thu, Sep 24, 2026, 8:43 PM | TO EXCLUDE THE UNPRODUCED, NON-NATIVE PDF MARKED AS EXHIBIT P3 TO THE DORDI DEPOSITION AND TO PRECLUDE USE OF CTRL_00021073.0002 | 7 |
| 7 | Fri, Sep 25, 2026, 11:59 PM | TO EXCLUDE PRE-2023 HACKING ALLEGATIONS AND DORDI'S UNAUTHENTICATED SOCIAL-MEDIA COMPILATION | 8 |
| 8 | Thu, Sep 24, 2026, 8:59 PM | TO EXCLUDE META EMPLOYMENT RECORDS, POST-EMPLOYMENT ACCUSATIONS, AND COLLATERAL MATTERS | 9 |
| 9 | Fri, Sep 25, 2026, 11:59 PM | TO EXCLUDE THE 2025 W2s FROM BEING SHOWN TO THE JURY | 10 |
| 11 | Fri, Sep 25, 2026, 11:59 PM | TO EXCLUDE A FAKE SHAADI PROFILE | 11 |
| 12 | Fri, Sep 25, 2026, 11:59 PM | TO PRECLUDE TESTIMONY AND ARGUMENT CHARACTERIZING THE SOURCE, NATURE, OR CONTINUITY OF PLAINTIFF'S SECONDARY INCOME | 12 |
| 15 | Fri, Sep 25, 2026, 11:59 PM | TO EXCLUDE EVIDENCE AND ARGUMENT SEEKING RECOVERY FOR UNVESTED META RESTRICTED STOCK UNITS AND UNAWARDED REFRESHER GRANTS | 13 |
| 16 | Fri, Sep 25, 2026, 11:59 PM | TO FIX THE VALUATION METHOD, THE NET-AMOUNT REQUIREMENT, AND THE DAMAGES PERIOD BEFORE TRIAL | 14 |
| 17 | Fri, Sep 25, 2026, 11:59 PM | OMNIBUS: TO EXCLUDE CHARACTER, PRIOR-ACT, ATTRIBUTION, LITIGATION-CONDUCT, AND SPECULATION EVIDENCE | 15 |
| 18 | Fri, Sep 25, 2026, 8:37 PM | TO CONFINE PLAINTIFF TO THE LINKEDIN RECORDS HE PRODUCED AND TO EXCLUDE HIS COMPILED VERSION OF THE PARTIES' LINKEDIN MESSAGES | 16 |
| 19 | Sat, Sep 25, 2026, 5:34 PM | TO EXCLUDE THE THIRTY-NINE RE-ENCODED AUDIO FILES, OR TO ADMIT THEM ONLY FOR A LIMITED PURPOSE | 17 |

## Motion in Limine No. 1

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0dbddc7f1a86ca |

Dear Pro Se Team.,

Please find attached Defendant's Motion In Limine 1 - TO ADMIT PLAINTIFF'S COMPLETE ARBITRATION DEMAND AND RELATED CAUSATION STATEMENTS, filed by Anu Shah

Thanks
Defendant Pro Se, Anu Shah

**Attachments (2):**
- 1 MIL Arbitration.pdf
- arbitration (1) (1).pdf

## Motion in Limine No. 2

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0dbddc7707e1bb |

Dear Pro Se Team.,

Please find attached Defendant's Motion In Limine 2 - TO EXCLUDE MESSAGES FROM UNKNOWN UNAUTHENTICATED UNIDENTIFIED NUMBERS, filed by Anu Shah

Exhibits Attached
A Pinger Customer Information Sheet for 774-632-2104
B Pinger Detailed Message Log for 774-632-2104 (complete log)
C T-Mobile Certification, Tracking ID 5556382
D T-Mobile Subscriber Report for 929-736-5808
E T-Mobile Call-Detail Report for 929-736-5808
F Nathan Zaugg Expert Analysis Report - relevant excerpts (report pages 1, 5, and 13-16)

Thanks
Defendant Pro Se, Anu Shah

**Attachments (2):**
• MIL Burner numbers.pdf
• Burner_Number_MIL_Exhibit_Packet (1).pdf

## Motion in Limine No. 3

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0dbddc615b31e1 |

Dear Pro Se Team

Please find attached Defendant Motion in Limine (3) - to PRECLUDE EVIDENCE AND ARGUMENT OF EMOTIONAL DISTRESS AND OTHER NON-PECUNIARY HARM
EXHIBIT A Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a), dated May 10, 2024
EXHIBIT B Plaintiff's Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a), dated December 23, 2024 (redacted)
EXHIBIT C Plaintiff Viral Bhagat's Responses and Objections to Defendant's First Set of Interrogatories, dated January 12, 2025

Document filed by Anu Shah, Defendant Pro Se

Thanks
Anu Shah

**Attachments (1):**
• with exhibits.pdf

## Motion in Limine No. 4

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0dbddc7c360cc1 |

Dear Pro Se Team.,

Please find attached Defendant's motion to Limine (4) - DEFENDANT'S MOTION IN LIMINE (4)TO EXCLUDE ANY OR ALL MATERIAL Regarding JASON KOTHARI
filed by Anu Shah

Ex A Jason's original complaint
Ex B Jason's complaint;s judicial finding with english translation
Ex C Shah Kothari emails in 2020
Ex D Shah Priti Emails in 2020
Ex E Shah email regarding Kothari harassment
Ex F Anu Shah;s father complaint against Kothari
Ex G Meta Employee Affidavit against Kothari
Ex H Kothari;s missed ALL court hearings for 3 years
Ex I Kothari Bhagat chat to harass Shah
Ex J Trial subpoena sent to Jason

Thanks
Anu Shah, Defendant Pro Se

**Attachments (2):**
• Kothari MIL .pdf
• Shah MIL 4 (Kothari) - Exhibits A-J.pdf

## Motion in Limine No. 5

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0dbddc68f37944 |

Dear Pro Se Team,

Please find attached DEFENDANT'S MOTION IN LIMINE (5) : FOR A PRETRIAL RULING ON THE SCOPE OF TRIAL TESTIMONY FROM META PLATFORMS, INC.

Exhibits are
A Bhagat Deposition Excerpts (July 10, 2025) 2-17
B Meta Oops Form (AS000014) and Meta's Authentication (Orrick email of July 28, 2025) 18-20
C Meta Offer Letter to Bhagat (May 16, 2022) 21-45
D Bhagat Email to McDermott (July 16, 2023) 46-48
E Shah-Bhagat Text Messages (July 14, 2023) 49-50
F Bhagat-McDermott Email and Bhagat's Authentication (June 2, 2025) 51-53
G Meta Exit Email to Bhagat (July 18, 2023) 54-57
H Bhagat-Dordi Messages (July 23-24, 2023) 58-61
I Bhagat's Subpoena to Meta (Dec. 5, 2024) 62-70
J Bhagat's Arbitration Demand Against Meta - FILE UNDER SEAL 71-73
K Bhagat Letter, ECF 458 (July 27, 2025) 74-78

**Attachments (2):**
- MIL14_Exhibits_A-K.pdf
- MIL14_Meta_Trial_Testimony_Final.pdf

## Motion in Limine No. 6

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Thu, Sep 24, 2026, 8:43 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0d604399d5e189 |

Dear Pro Se Team

DEFENDANT'S MOTION IN LIMINE (6)

TO EXCLUDE THE UNPRODUCED, NON-NATIVE PDF MARKED AS EXHIBIT P3 TO THE DORDI DEPOSITION AND TO PRECLUDE USE OF CTRL_00021073.0002 FOR WITHHOLDING THE ACCOMPANYING, CORROBORATING XLSX FILE, filed by Anu Shah

- Ex. A: CTRL_00022567
- Ex. B: Exhibit P3
- Ex. C: CTRL_00021073
- Ex. D: CTRL_00021073.0002 (still a placeholder until you upload the file)
- Ex. E: Dordi Deposition Transcript (Sept. 25, 2025)
- Ex F : Ali Jafrey Declaration

Thanks
Anu Shah

**Attachments (3):**
• Shah MIL (P3 and CTRL_00021073.0002) - Exhibits A-E.pdf
• Dordi Production (1).pdf
• Jaffery Decl - Exhibits A-C_1.pdf

## Motion in Limine No. 7

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0dbddc716c09b9 |

Dear Pro Se Intake Team

Please find attached DEFENDANT'S MOTION IN LIMINE (7) TO

EXCLUDE PRE-2023 HACKING ALLEGATIONS AND DORDI'S UNAUTHENTICATED SOCIAL-MEDIA COMPILATION

IN the case of Bhagat V Shah - 1:24-cv-01424-VEC
Accompanying Exhibits are

- Ex. A: META_Bhagat_0001-0029 and META_Bhagat_0084-0103
- Ex. B: DORDI000062-DORDI000142
- Ex. C: Dordi Deposition Transcript (Sept. 25, 2025)
- Ex. D: Selected Excerpts from Dordi Deposition Transcript

Thanks
Defendant Pro Se,
Anu Shah

**Attachments (2):**
• Dordi production exclusion.docx
• Shah Decl ISO MIL 7 with Exhibits A-D.pdf

## Motion in Limine No. 8

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Thu, Sep 24, 2026, 8:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC Bhagat V Shah |
| **Gmail message ID:** | 1a0d61370955709e |

Dear Pro Se Intake Team

I am defendant Pro Se in the matter of Bhagat V Shah, 1:24-cv-01424-VEC
Filing MOtion in Limine (8) DEFENDANT'S MOTION IN LIMINE TO EXCLUDE META EMPLOYMENT RECORDS, POST-EMPLOYMENT ACCUSATIONS, AND COLLATERAL MATTERS

Pursuant to ECF 80 and courts protective orders, all the exhibits in this case are to be filed under the seal.

Exhibits are TO BE FILED UNDER SEAL AS PER COURT ORDER
A Resume
B Meta performance and compensation summary
C Facebook offer letter (July 22, 2021), with Attachment A (Confidential Information and Invention Assignment Agreement) and Attachment B (Mutual Arbitration Agreement)
D Confidentiality Material Consent and Waiver
E Meta remote-work letter (Oct. 2, 2022)
F Office Deferral / Compensation Localization acknowledgment
G User Data Access and Acceptable Use Policy (June 2016) and acknowledgment form
H Performance reviews
I Shah Response )
J Perkins Coie letter (Michael Bleicher), Nov. 14, 2023
K Perkins Coie letter (Michael Bleicher), Feb. 27, 2024

Filed by Defendant Pro Se,
Anu Shah

**Attachments (2):**
• Shah MIL (Meta Employment Records) - Exhibits A-K - UNDER SEAL.pdf
• HR Personnel File, Cease and Desist Letter.pdf

## Motion in Limine No. 9

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | Case 1:24-cv-01424-VEC-RFT Bhagat v. Shah |
| **Gmail message ID:** | 1a0dbddc7c6832ca |

Dear Pro Se Team.

I defendant Pro Se, Anu Shah will like to file a motion to Limine 9 to exclude the W2s of 2025 to be shown to the jury at the trial

Please file Oracle information under seal, SUPP_VB_008

Rest all can go unsealed.

**Attachments (7):**
- W220252.pdf
- W2 2025 number 2.pdf
- june 11 transcript (1).pdf
- eBay_Offer_Letter (1).pdf
- oracle offer letter.pdf
- SUPP_VB_008 (1).pdf
- Motion in Limine to exclude W2 2025.pdf

## Motion in Limine No. 11

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC-RFT Bhagat v. Shah |
| **Gmail message ID:** | 1a0dbddc76677911 |

Dear Pro Se Intake Team
I am Defendant Pro Se, filing a motion in limine 11 to exclude a fake shaadi profile created by Viral Bhagat, - document filed by Anu Shah
Please find attached the motion and the supporting exhibits
Ex 1 - declaration of the expert
Ex 2 - Profile Shaadi.com highlighting the fake areas
Ex 3 - Bhagat, Dordi, Sarkar stealing pictures to produce a fake profile

Thanks
Anu Shah

**Attachments (4):**
- MIL Shaadi profile is fake.pdf
- Nelson CYBIR declaration.pdf
- shaadi profile highlighted.pdf
- picture harvesting (1).pdf

## Motion in Limine No. 12

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC Bhagat V Shah |
| **Gmail message ID:** | 1a0dbddc63ced7ba |

Dear Pro Se Intake Team

Please find attached the filing in the matter of 1:24-cv-01424-VEC Bhagat V Shah. This is Defendant;s MOtion in Limine 12 -TO PRECLUDE TESTIMONY AND ARGUMENT CHARACTERIZING THE SOURCE, NATURE, OR CONTINUITY OF PLAINTIFF'S SECONDARY INCOME

- Ex. A: Plaintiff's Secondary-Employment W-2s, 2022-2024 (TAX_BHAGAT_001-003)
- Ex. B: Oracle RSU Award Agreement (SUPP_VB_008) and Fidelity RSU Positions (SUPP_VB_003), with Plaintiff's Secondary-Employment Affidavit (Sept. 14, 2025)
- Ex. C: Oracle Termination Email (Aug. 12, 2025) (SUPP_VB_007)
- Ex. D: Plaintiff's 2025 W-2s

**Attachments (2):**
• secondary income (1).pdf
• MIL12_Exhibits_A-D_SEALED (1).pdf

## Motion in Limine No. 15

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC-RFT Bhagat v. Shah |
| **Gmail message ID:** | 1a0dbddc6427c6d0 |

Dear Pro Se Intake Team

I am Defendant Pro Se, Anu Shah, in the matter of Bhagat V Shah

I am filing - Defendant's MOTION IN LIMINE NO. 15: TO EXCLUDE EVIDENCE AND ARGUMENT SEEKING RECOVERY FOR UNVESTED META RESTRICTED STOCK UNITS AND UNAWARDED REFRESHER GRANTS,

Exhibits are

- Ex. A: Meta Offer Letter (May 16, 2022)
- Ex. B: RSU Award Agreement - Initial Grant (Sept. 20, 2022; 5,229 RSUs; SUPP_VB_001)
- Ex. C: RSU Award Agreement - Refresher Grant (Mar. 20, 2023; 326 RSUs; SUPP_VB_002)
- Ex. D: Bhagat Deposition Excerpts (July 10, 2025)

Thanks
Anu Shah
Defendant Pro Se

**Attachments (2):**
• Unvested RSU (1).pdf
• MIL15_Exhibits_A-D.pdf

## Motion in Limine No. 16

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC Bhagat V Shah |
| **Gmail message ID:** | 1a0dbddc7a497c1b |

Dear Pro Se Intake Team
I write in the matter of Bhagat V Shah, 1:24-cv-01424-VEC. This is Defendant's Motion 16 TO FIX THE VALUATION METHOD, THE NET-AMOUNT REQUIREMENT, AND THE DAMAGES PERIOD BEFORE TRIAL

Ex A Bhagat Deposition
Ex B Schwab Equity Award Record at Termination
Ex C Plaintiff's July 2025 Equity Pages (TAX_BHAGAT_005, 006)
Ex D Gottlieb Damages Report

Thanks
Defendant Pro Se
Anu Shah

**Attachments (6):**
- TAX_BHAGAT_005 (1).pdf
- TAX_BHAGAT_006 (7).pdf
- Economic Damages Report_Viral Bhagat (2) (1).pdf
- bhagat_deposition_transcript.pdf
- Ex_B_Schwab_ANNOTATED.pdf
- 16 Valuation Method, Cut off Time (1).pdf

## Motion in Limine No. 17

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 11:59 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC-RFT Bhagat v. Shah |
| **Gmail message ID:** | 1a0dbddc7b62660f |

Dear Pro Se Intake team

I defendant Pro Se will like to submit the DEFENDANT'S OMNIBUS MOTION IN LIMINE 17 TO EXCLUDE CHARACTER, PRIOR-ACT, ATTRIBUTION, LITIGATION-CONDUCT, AND SPECULATION EVIDENCE

Exhibits are :
Exhibit 1 - Decision to Vacate the Order and Melissa Yang Withdraws Her Complaint
Exhibit 2 - Malpractice Lawsuit Against Melissa Yang with Steven Greene and Viral Bhagat Emails
Exhibit 3 - Bhagat, Dordi and Kothari WhatsApp Chats
Exhibit 4 - WhatsApp Chat with Yasmeen Akhtar
Exhibit 5 - Plaintiff's Website (Redacted)
Exhibit 6 - Plaintiff's Second Website (Redacted)
Exhibit 7 - Quora Profile of "The Talk Lane"
Exhibit 8 - Quora Answer with Dordi Comments

**Attachments (2):**

- Exhibits 1-8 (Omnibus MIL).pdf
- omnibus (1).pdf

## Motion in Limine No. 18

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Fri, Sep 25, 2026, 8:37 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC-RFT Bhagat v. Shah |
| **Gmail message ID:** | 1a0db24dc03cf50f |

Dear Pro Se Team

Kindly file this Defendants Motion IN Limine 18 - TO CONFINE PLAINTIFF TO THE LINKEDIN RECORDS HE PRODUCED AND TO EXCLUDE HIS COMPILED VERSION OF THE PARTIES' LINKEDIN MESSAGES filed by Anu Shah, Defendant Pro Se

Exhibits
A Plaintiff's LinkedIn Short Message Reports produced in discovery, CTRL 00029299 through CTRL 00029316 (eighteen reports)
B Transcript of the Deposition of Anu Shah, Volume I, July 14, 2025 (excerpts: cover, pages 67, 71 and 72, and certificate of reporter)
C Transcript of the Deposition of Viral Bhagat, July 10, 2025 (excerpts: cover, pages 131 to 133, 137 to 138, 177 to 179, and certificate)
D Transcript of the Deposition of Rushad Dordi, September 25, 2025 (excerpts: cover, page 21, and certificate of reporter)
E Expert Analysis Report of Nathan Zaugg (Dkt. 572-7) (excerpts: page 1 and page 7 of 28)
F Consent to Access Stored Communications signed by Anuja Sharad Shah, dated May 14, 2025
G Letter from Melissa Yang, Esq. to M. Salman Ravala, Esq., December 12, 2024 (AS000011 to AS000013)
H Short Message Report of messages between Viral Bhagat and Rushad Dordi, July 25 to 26, 2023 (CTRL 00028823)
I Plaintiff's compiled LinkedIn exhibit as filed with his summary judgment opposition (Dkt. 582-5) (no Bates number; not produced in discovery under any production number)
J Emails between Anuja Sharad Shah and Viral Bhagat, May 13 to 14, 2025 (excerpts: thread "Re: do you approve of this?" from 8:28 PM ET on May 13, and "consent letter for LinkedIn," May 14, 2025, with attached consent)
K Email from Anuja Sharad Shah to Ali R. Jaffery, Esq., August 14, 2026 (redacted; privilege not waived)

**Attachments (2):**
• 000 MIL 18 FINAL.docx.pdf
• MIL 18 - Exhibits A-K to Shah Declaration (FINAL).pdf

## Motion in Limine No. 19

| | |
|---|---|
| **From:** | Anu Shah <anushah0821@gmail.com> |
| **To:** | ProSe@nysd.uscourts.gov |
| **Date:** | Sat, Sep 25, 2026, 5:34 PM (ET) |
| **Subject:** | 1:24-cv-01424-VEC |
| **Gmail message ID:** | 1a0dfa410eba18ed |

Dear Pro Se Team.,

Please find attached Defendant's MOTION IN LIMINE NO. 19: TO EXCLUDE THE THIRTY-NINE RE-ENCODED AUDIO FILES, OR TO ADMIT THEM ONLY FOR A LIMITED PURPOSE, AND IN ALL EVENTS TO PRECLUDE ANY EVIDENCE OR ARGUMENT AS TO WHEN THE RECORDINGS WERE MADE, SENT, OR RECEIVED, filed by Anu Shah

Exhibits
1. Jaffery Declaration
2. Nate Zaugg / forensic expert declaration
3. CTRL_00022527. - email from Dordi to Baghat
4. Dordi Deposition
5. P4 Exhibit with 3 audio files
6. audio file 2023-04-2 (1)
7. audio file 2023-04-02 (2)

Thanks
Anu Shah

**Attachments (8):**
- V2 audio files (1).pdf
- Jaffery Declaration - CORRECTED 9-26_1.docx.pdf
- Scan_20260926024212 (1).pdf
- 12_17_23 Rushad Audio Files Sent Via Email (1) (2).pdf
- Dordi Deposition.pdf
- P4 (2).zip
- 2023-04-2 (1).mp4
- 2023-04-2 (2).mp4

EXHIBIT B

October 5, 2026

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: Bhagat v. Shah, No. 1:24-cv-01424-VEC-RFT — Plaintiff's Response Regarding Defendant's Request to Reconsider ECF 856**

Dear Judge Caproni:

I understand the Court's prior directive that the parties should not communicate directly with Chambers and that filings must be docketed to be considered. Defendant's successive emails directly to Chambers requesting reconsideration of ECF 856, however, leave Plaintiff no practical option but to respond.

Plaintiff respectfully requests that the Court maintain ECF 856. **Defendant's purported proof of timely filing contains a facially impossible date.** Her exhibit for Motion in Limine No. 19 states: **"Sat, Sep 25, 2026, 5:34 PM (ET)."**

But **September 25, 2026 was Friday. September 26, 2026 was Saturday.** More importantly, **Defendant's own letter admits that Motion No. 19 was submitted on September 26 at 5:34 PM—after the September 25 deadline.**

Thus, the very evidence Defendant submitted to prove timeliness **appears altered or fabricated and directly contradicts her own admission. At minimum, it is unreliable and should not be used to overturn the Court's Order.** Plaintiff respectfully requests that the Court rely only on the Pro Se Intake Unit's original electronic records to determine when Defendant actually submitted each motion.

**Plaintiff has already suffered substantial prejudice from Defendant's decision to submit numerous motions at the very end of the September 25 deadline**, because the resulting Pro Se Intake processing lag deprived Plaintiff of significant opposition time. **If Defendant's motions submitted after the deadline are now also considered, the resulting prejudice to Plaintiff would be even greater.**

Accordingly, Plaintiff respectfully requests that the Court **(1) leave ECF 856 undisturbed; (2) reject Motion in Limine No. 19 as untimely; (3) determine the timeliness of Defendant's remaining motions from the Court's original submission records, not Defendant's screenshots or compilations;** and **(4) identify which motions will actually be considered** so Plaintiff can focus his remaining opposition time accordingly.

Respectfully submitted,

Viral Bhagat
Plaintiff, Pro Se

# EXHIBIT C

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**VIRAL BHAGAT,**

Plaintiff,

-against-

**ANUJA SHARAD SHAH,**

Defendant.

Case No. 1:24-cv-01424 (VEC) (RFT)

Dear Judge Caproni:

Defendant responds briefly because Plaintiff's latest letter mischaracterizes both the record and the concept of prejudice.

First, Plaintiff's accusation that Defendant "altered or fabricated" evidence is baseless and should be disregarded. A discrepancy between the weekday automatically displayed in an email printout and the numerical date does not establish fabrication. More importantly, Plaintiff's argument entirely ignores the dispositive fact: **Motion in Limine No. 19 was also physically submitted to the Pro Se Intake Unit on September 24, 2026, together with Defendant's Motion in Limine concerning the Yasmeen Akhtar materials.** The latter submission has since appeared on the docket. Plaintiff cannot plausibly contend that one document from that same in-person submission reached the Court while simultaneously treating Defendant's representation that the accompanying motion was submitted as fabricated merely because it was not reflected in a later email compilation.

Second, Plaintiff's claim of "substantial prejudice" because Defendant submitted motions near the September 25 deadline is meritless. **A filing deadline is a filing deadline.** A party is entitled to submit a timely filing at any point before that deadline expires, including on the final day. Plaintiff is not entitled to have Defendant surrender a portion of the Court-authorized filing period merely to afford Plaintiff additional opposition time beyond that provided by the Court.

Nor does the Pro Se Intake Unit's processing time convert a timely submission into an untimely one. Defendant does not control when a document submitted to Pro Se Intake is ultimately entered on ECF. The relevant question is when Defendant delivered the filing to the Court, not when court staff completed docket processing. Any administrative delay after submission is not attributable to Defendant.

Plaintiff's claimed prejudice is particularly misplaced given the discovery history in this case. Plaintiff himself produced significant damages material after relevant deadlines and after summary-judgment proceedings, including wage materials bearing directly on his claimed losses, while redacting information that Defendant has repeatedly sought in order to test those damages. Against that background, Plaintiff's contention that he has been prejudiced merely because Defendant exercised the full filing period authorized by the Court rings hollow.

Defendant therefore respectfully requests that the Court determine timeliness based on the Court's actual receipt records, including **both electronic transmissions and in-person submissions to the Pro Se Intake Unit**, rather than Plaintiff's speculation concerning a weekday notation appearing on an email printout.

With respect to Motion in Limine No. 19 specifically, Defendant respectfully submits that the Court should review the Pro Se Intake Unit's records for **September 24, 2026**, when Defendant physically submitted that motion together with the Yasmeen Akhtar motion that subsequently appeared on the docket.

Plaintiff's request to exclude otherwise timely motions because of the Court's own docketing lag should be denied.

Respectfully submitted,

Anu Shah
Defendant, Pro Se