UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRAL BHAGAT,

Plaintiff,

-v-

ANUJA SHARAD SHAH,

Defendant.

24-CV-1424 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE**:

Pending before the Court is Defendant's letter-motion pursuant to Federal Rule of Civil Procedure 5.2(e) to redact her residential address and email address from the public docket and from the following filings: the original complaint filed by Plaintiff in New York State Supreme Court on February 22, 2024 (the "Complaint"), and filed by Defendant on February 25, 2024 with her notice of removal (ECF 1-1); Plaintiff's April 26, 2024 request for an issuance of summons as to Defendant (ECF 12); a copy of the Complaint filed by Defendant on December 9, 2024 in support of her motion for judgment on the pleadings (ECF 49-1); a copy of the Complaint filed by Plaintiff on January 15, 2025 in support of his opposition to Defendant's motion to quash subpoenas (ECF 89-5); and a copy of the Complaint filed by Defendant on November 14, 2025 in support of her motion for summary judgment (ECF 572-2). (*See* ECF 938, Def.'s Letter-Mot.) Defendant argues that such redactions should be made due to concerns about her safety stemming from alleged death threats she has received in the last month. (*See id.* at 1-2.)

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). For documents to qualify as "judicial

documents," they "must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. If the document is a judicial document, the Court determines how much weight to assign the presumption of access, then assesses whether any countervailing factors, competing considerations, or higher values outweigh the presumption of access. *Id.* at 119, 124.

Courts in this Circuit have granted requests to redact personal identifying information, finding that a movant's privacy interests in such information outweighs the presumption of access afforded to judicial documents. *See, e.g., Batanjany v. Clear St. Mgmt. LLC*, No. 25-CV-8420 (AT) (RWL), 2026 WL 1362168, at *8 (S.D.N.Y. May 15, 2026). However, Courts routinely decline to seal information or documents that have long been publicly available, as Courts do not have the "ability to make private that which has already become public." *Chigrinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018); *see also Monplaisir v. City of N.Y., Dep't of Fin.*, No. 24-CV-1882 (LJL), 2025 WL 1150700, at *2 (S.D.N.Y. Apr. 18, 2025) ("When a document has already long been filed on the docket, unsealed and available to the public, the Court cannot find that Plaintiff's privacy interests outweigh the presumptive right of public access to judicial documents."); *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 397 (E.D.N.Y. 2013) ("Any countervailing privacy interest of [the defendant] cannot defeat the strong presumption of public disclosure where the material it seeks to seal is already in the public domain.").

Such is the case here. The information for which Defendant requests redactions has been publicly available for nearly three years: her address and email address have been on the docket for this matter since February 25, 2024, when Defendant removed this case from New

York State Supreme Court to this Court. (ECF 1.) As such, any countervailing privacy interest she may have had in this information cannot defeat the presumption of public access afforded to information that has long been publicly available. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630-31 (S.D.N.Y. 2011) (denying a request to seal the plaintiff's contact information, including his home address, where such information had been available on the public docket for nearly three years.) Accordingly, Defendant's letter-motion at ECF 938 to redact her residential and email address from the public docket and documents at ECF 1-1, ECF 12, ECF 49-1, ECF 89-5, and ECF 572-2 is **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF 938.

DATED: October 22, 2026
New York, NY

**SO ORDERED**.



______________________________

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**