USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
VIRAL BHAGAT, :
:
Plaintiff, :
: 24-CV-01424 (VEC)
-against- :
: ORDER
ANUJA SHARAD SHAH a/k/a ANU SHAH, :
:
Defendant. :
---------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 28, 2026, Defendant emailed the Court's Pro Se Intake Team attempting to file on the public docket a motion with supporting declaration and exhibits;

WHEREAS on October 28 and 29, 2026, Plaintiff and Defendant exchanged the attached messages—while copying chambers and the Pro Se Intake Team—disputing whether Defendant may publicly file the motion's exhibits, which include Plaintiff's confidential financial and employment records that were produced during discovery;

WHEREAS Defendant "has a demonstrated history of spurning Court orders, including with regard to this very topic (*i.e.*, public dissemination of Plaintiff's confidential financial information)," Dkt. 776 at 5; and

WHEREAS the Court has repeatedly instructed the parties that "**all** correspondence with the Court must come via filings on the docket," that "the parties may **not** contact chambers directly," and that "submissions sent directly to chambers will **not** be reviewed or considered," *id.* at 6–7;

IT IS HEREBY ORDERED that Defendant's motion sent via email on October 28, 2026, will be docketed under temporary seal.

IT IS FURTHER ORDERED that the Court will not consider the parties' emailed submissions regarding Defendant's motion.

IT IS FURTHER ORDERED that by **Monday, November 2, 2026**, the parties must each file one (1) letter, not to exceed three (3) double-spaced pages, and not smaller than twelve-point font, addressing whether Defendant's above-referenced motion and exhibits should remain sealed or be publicly accessible with or without redactions. This Court-directed filing does **not** count towards each party's limit of one submission per week. *See* Dkt. 776 at 6.

IT IS FURTHER ORDERED that Defendant Shah must separately file one (1) letter, not to exceed one (1) double-spaced page, and not smaller than twelve-point font, explaining why the Court should not sanction her for violating the one-filing-per-week order. *See id.* Earlier this week, Defendant filed a letter responding to Plaintiff's opposition. *See* Dkt. 947. Defendant's motion emailed on October 28, 2026, is her second filing this week. Defendant's one-page letter is due by **Monday, November 2, 2026**. This Court-directed filing also does **not** count towards Defendant's limit of one submission per week. *See* Dkt. 776 at 6.

**SO ORDERED.**

**Date: October 30, 2026**
**New York, New York**

Valerie Caproni

**VALERIE CAPRONI**
**United States District Judge**

| | |
|---|---|
| **From:** | Anu Shah |
| **To:** | Pro Se Filing; Caproni NYSD chambers |
| **Cc:** | Viral Bhagat |
| **Subject:** | Bhagat v. Shah, No. 1:24-cv-01424-VEC-RFT – Motion Challenging Subject Matter Jurisdiction |
| **Date:** | Wednesday, October 28, 2026 7:18:56 PM |
| **Attachments:** | Shah_Decl_Exhibits_A-H_PUBLIC_FLATTENED_final.pdf<br>vf_subject matter jurisdiction.pdf |

**CAUTION - EXTERNAL:**

Dear Pro Se Intake Team,

I am Defendant Anu Shah, appearing pro se in the above-captioned matter.

Please accept the attached **Motion Challenging Subject Matter Jurisdiction**, together with the supporting declaration and exhibits, for filing on the docket and consideration by Judge Valerie E. Caproni.

I respectfully request prompt docketing of these submissions.

**Separately, for the attention of Hon. Valerie E. Caproni:**

Dear Judge;s chambers,

I respectfully bring to the Court's attention that I have encountered issues concerning the filing of my motion and its accompanying exhibits. I am submitting these materials through the Pro Se Intake Team to ensure that the motion and supporting record are properly received and docketed.

Because the motion challenges the Court's subject matter jurisdiction, I respectfully request that the Court take notice of the filing and the procedural difficulties associated with submitting the supporting exhibits.

I respectfully request that any filing deficiencies be brought to my attention so they may be promptly corrected without prejudice to my ability to present the jurisdictional challenge.

Thank you for your consideration.

Respectfully,
Anu Shah
Defendant, Pro Se
Bhagat v. Shah
Case No. 1:24-cv-01424-VEC-RFT

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**From:** Viral Bhagat
**To:** Anu Shah
**Cc:** Pro Se Filing; Caproni NYSD chambers
**Subject:** Re: Bhagat v. Shah, No. 1:24-cv-01424-VEC-RFT – Motion Challenging Subject Matter Jurisdiction
**Date:** Wednesday, October 28, 2026 7:41:20 PM

---

**CAUTION - EXTERNAL:**

Dear Pro Se Intake Team,

**Please promptly bring the following urgent request to the attention of the Honorable Valerie E. Caproni before Defendant's newly submitted exhibits are made publicly accessible on PACER.**

**Dear Judge Caproni:**

I am Plaintiff Viral Bhagat, appearing pro se.

**Defendant Anu Shah is once again attempting to place my confidential financial and employment records on the public docket, despite their express CONFIDENTIAL designations and the Court's existing protective orders.**

Defendant's latest submission includes a 320-page compilation of exhibits containing sensitive financial information, including my compensation records, tax documents, employment agreements, and restricted stock unit awards. These records were produced in discovery subject to confidentiality protections and were not intended for unrestricted public disclosure.

**This is not an isolated incident.** Defendant has previously placed my confidential financial information on the public docket, necessitating judicial intervention. Her renewed attempt to publicly disclose substantially similar information raises serious concerns about compliance with the Court's confidentiality protections.

I respectfully request that Your Honor:

1. **Direct the Clerk's Office not to make Defendant's newly submitted declaration and exhibits publicly accessible on PACER pending judicial review.**

2. **Order the immediate temporary sealing or restriction of access to any such materials that have already been publicly docketed.**

3. **Require Defendant to comply with the Court's existing protective orders and applicable sealing procedures before submitting confidential financial records for public filing.**

4. **Require appropriately redacted public versions of the exhibits, with any genuinely necessary confidential information submitted under seal, subject to the Court's approval.**

I am not seeking to prevent Defendant from presenting her jurisdictional arguments. My request is narrowly directed at protecting confidential financial information from unnecessary public disclosure.

**Once these records become publicly available on PACER, the resulting harm cannot necessarily be undone by subsequently sealing them.** I therefore respectfully request immediate intervention before the documents are publicly docketed.

I further request that the Court consider Defendant's repeated disclosure of confidential financial records when determining whether additional protective measures are necessary.

Thank you for Your Honor's consideration of this urgent request.

Respectfully,

Viral Bhagat
Plaintiff, Pro Se
*Bhagat v. Shah*
Case No. 1:24-cv-01424-VEC-RFT
viral.bhagat@gmail.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**From:** Anu Shah
**To:** Viral Bhagat
**Cc:** Pro Se Filing; Caproni NYSD chambers
**Subject:** Re: Bhagat v. Shah, No. 1:24-cv-01424-VEC-RFT – Motion Challenging Subject Matter Jurisdiction
**Date:** Thursday, October 29, 2026 8:23:21 AM

**CAUTION - EXTERNAL:**

Dear Pro Se Intake Team:

Please promptly docket Defendant's response below to Plaintiff's urgent request concerning Defendant's jurisdictional exhibits and bring it to Judge Caproni's attention before any adverse ruling. Plaintiff is copied on this correspondence.

Dear Judge Caproni:

Defendant Anu Shah, proceeding pro se, respectfully responds to Plaintiff's request to restrict public access to her exhibits submitted in support of her motion challenging subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

**Plaintiff's financial and employment records are directly relevant to his asserted $3.5 million in damages and the jurisdictional amount in controversy. Their disclosure is not inherently improper merely because they contain financial information or were designated confidential during discovery.**

First, under *Standard Investment Chartered, Inc. v. National Ass'n of Securities Dealers, Inc.*, 621 F. Supp. 2d 55, 66–67 (S.D.N.Y. 2007), documents submitted in connection with a factual challenge to subject-matter jurisdiction constitute judicial documents subject to the presumption of public access. See also *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Second, courts have expressly permitted public disclosure of financial and tax information central to substantive adjudication. In *Freeman v. Giuliani*, 2025 WL 207628 (S.D.N.Y. Jan. 14, 2025), the court denied sealing of tax-related information relevant to its findings. In *United States v. Buff*, 2024 WL 4262956, at *3 (2d Cir. Sept. 23, 2024) (summary order), the Second Circuit affirmed the denial of sealing tax-related financial information material to summary judgment, while separately enforcing Rule 5.2's identifier-redaction requirements.

Third, **this Court has already addressed substantially the same issue in ECF 821.** Judge Tarnofsky expressly ordered the unsealing of Plaintiff's Oracle compensation letter, ECF 798-14, and confirmed that his Meta compensation letter, ECF 798-17, was already public. The Court explained that the compensation evidence's importance to the damages-expert motion altered the earlier confidentiality analysis. The Court relied on *Oklahoma Firefighters Pension & Retirement System v. Musk*, 2024 WL 2305264, *Rowe v. Google LLC*, 2022 WL 4467628, and *Dependable Sales & Service, Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018).

That reasoning is directly relevant here. Defendant's jurisdictional challenge necessarily examines Plaintiff's asserted lost compensation, alternative employment earnings, mitigation,

and contingent RSU awards. The underlying employment agreements, wage records, and equity-compensation terms are material to evaluating those contentions.

Fourth, the exhibit compilation contains redactions intended to protect personal identifying information. Rule 5.2(a) requires protection of enumerated identifiers but does not independently require sealing every document containing wages or compensation. Defendant acknowledges that any additional protections imposed by this Court must also be respected.

Fifth, certain compensation materials have previously been publicly filed in connection with summary-judgment, Daubert, and motions-in-limine proceedings. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004), recognizes the practical limits of restoring confidentiality to information already publicly disclosed. Defendant relies on that principle concerning previously disclosed information, not as authorization to disregard existing protective orders.

Defendant respectfully requests that the Court apply the document-specific relevance and public-access analysis articulated in ECF 821, rather than restrict financial evidence simply because Plaintiff invokes confidentiality. To the extent the Court determines that particular information remains subject to an existing restriction, Defendant requests an opportunity to address that restriction and, if necessary, submit narrowly tailored redactions while preserving the compensation evidence required for the Court's jurisdictional analysis.

**Accordingly, Defendant respectfully requests that Plaintiff's request to restrict relevant financial evidence be denied to the extent it rests solely on generalized financial-privacy assertions, and that no adverse determination concerning Defendant's compliance be made without an opportunity to be heard.**

Respectfully,

Anu Shah
Defendant, Pro Se
*Bhagat v. Shah*
No. 1:24-cv-01424-VEC-RFT

Go to Report contents

On Wed, Oct 28, 2026 at 7:41 PM Viral Bhagat <viralbhagat@gmail.com> wrote:

> Dear Pro Se Intake Team,
>
> **Please promptly bring the following urgent request to the attention of the Honorable Valerie E. Caproni before Defendant's newly submitted exhibits are made publicly accessible on PACER.**
>
> **Dear Judge Caproni:**
>
> I am Plaintiff Viral Bhagat, appearing pro se.
>
> **Defendant Anu Shah is once again attempting to place my confidential**

**financial and employment records on the public docket, despite their express CONFIDENTIAL designations and the Court's existing protective orders.**

Defendant's latest submission includes a 320-page compilation of exhibits containing sensitive financial information, including my compensation records, tax documents, employment agreements, and restricted stock unit awards. These records were produced in discovery subject to confidentiality protections and were not intended for unrestricted public disclosure.

**This is not an isolated incident.** Defendant has previously placed my confidential financial information on the public docket, necessitating judicial intervention. Her renewed attempt to publicly disclose substantially similar information raises serious concerns about compliance with the Court's confidentiality protections.

I respectfully request that Your Honor:

1. **Direct the Clerk's Office not to make Defendant's newly submitted declaration and exhibits publicly accessible on PACER pending judicial review.**
2. **Order the immediate temporary sealing or restriction of access to any such materials that have already been publicly docketed.**
3. **Require Defendant to comply with the Court's existing protective orders and applicable sealing procedures before submitting confidential financial records for public filing.**
4. **Require appropriately redacted public versions of the exhibits, with any genuinely necessary confidential information submitted under seal, subject to the Court's approval.**

I am not seeking to prevent Defendant from presenting her jurisdictional arguments. My request is narrowly directed at protecting confidential financial information from unnecessary public disclosure.

**Once these records become publicly available on PACER, the resulting harm cannot necessarily be undone by subsequently sealing them.** I therefore respectfully request immediate intervention before the documents are publicly docketed.

I further request that the Court consider Defendant's repeated disclosure of confidential financial records when determining whether additional protective measures are necessary.

Thank you for Your Honor's consideration of this urgent request.

Respectfully,

Viral Bhagat
Plaintiff, Pro Se

Bhagat v. Shah
Case No. 1:24-cv-01424-VEC-RFT
viral.bhagat@gmail.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.