USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRAL BHAGAT, Plaintiff, -against- ANUJA SHARAD SHAH a/k/a ANU SHAH, Defendant. | 24-CV-01424 (VEC) ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 19, 2026, Defendant Anu Shah reported to the Court that unidentified individuals were allegedly using an email address, anushah0822@proton.me, to "impersonate [her]" and had sent at least four people "threatening or harassing messages . . . including messages concerning this case," Dkt. 814 at 1;

WHEREAS Defendant maintained that anushah0822@proton.me "is not [her email] and is not under [her] control,"[1] and that she does not know who controls it, *id.*;

WHEREAS Defendant also reported receiving "a threatening email," which she attributed to Plaintiff, that "urged [her] to concede at trial and threatened problems at [her] work and home if [she] did not back down," *id.*; *see* Dkt. 814-1 at 1 (header of email);

WHEREAS Defendant reported these messages to Proton Mail's abuse team and filed a cybercrime complaint in India, *see* Dkt. 814 at 1;

[1] The Court notes that Defendant listed her personal email as 2025anushah@gmail.com. *See* Dkt. 938 at 2. In certain exhibits, however, Defendant provided screenshots of messages received by another email address, anushah0821@gmail.com, that she seems to control. *See* Dkts. 938-1, 938-2, 938-3. Further, Plaintiff has provided copies of emails in which Defendant messaged him from both of those Gmail accounts. *See* Dkt. 689-4.

WHEREAS on October 19, 2026, Defendant alleged that she received more "threatening communications directed at [her] and [her] family," including emails "threatening [her] children to be killed," Dkt. 938 at 1;

WHEREAS Defendant attached exhibits including three emails apparently sent from samuel.olyphant@gmail.com and signed on behalf of "Rushad Dordi," "Viral Bhagat," "Jason Kothari," or "Tat Sarkar," *see* Dkts. 938-1, 938-2, 938-3;

WHEREAS Defendant has obtained an order of protection against Rushad Dordi in New York County Family Court, *see* Dkt. 938-4, and has commenced separate civil proceedings against Plaintiff in the U.S. District Court for the Northern District of California, *see Shah v. Bhagat*, No. 26-cv-10933 (N.D. Cal.);

WHEREAS on June 14, 2026, Plaintiff also complained to the Court about receiving somewhat threatening emails[2] from the address anyshah823@proton.net that appeared to have been sent by Defendant, *see* Dkt. 689 at 1;

WHEREAS all of these submissions fit into a pattern of anonymous threatening messages that are directed at Plaintiff, Defendant,[3] and other people associated with the case (e.g., Rushad Dordi and Tat Sarkar);

---

[2] The emails purported to be escalating settlement offers that also threatened potential legal consequences if Plaintiff did not accept the offer. Further, the email string began: "If you ever refer to this anonymous proton email, I will deny ever sending this." Dkt. 689-1. Magistrate Judge Tarnofsky reviewed these messages and ordered the parties not to "take steps calculated to intimidate or otherwise interfere with witnesses," but she declined to take any other action. Dkt. 692 at 2.

[3] Defendant has asserted that she received emails from multiple Proton Mail addresses that include her own name. *See* Dkt 694 at 1 (emails sent in June 2026 from anushah0825@proton.me); Dkt. 658 at 1–2 (emails sent in March 2026 from anushah821@proton.me); *id.* at 2 (stating that Defendant filed formal complaints about these messages with the FBI, the Manhattan District Attorney's Office, and the New York City Police Department).

WHEREAS on the more limited record available in April 2026, Magistrate Judge Tarnofsky denied Defendant's motion[4] for the Court to refer Plaintiff and Tat Sarkar to the U.S. Attorney's Office "in connection with alleged identify theft of Defendant and wire fraud" because Defendant "has not sufficiently linked those potential crimes to this suit," Dkt. 664 at 3;

WHEREAS the escalating nature of the threatening emails coming from Proton Mail accounts that appear to be associated with Defendant (but as to which Defendant has denied responsibility) has made the possibility of proceeding with the scheduled trial in this action untenable, and the Court has, therefore, referred the matter to the U.S. Attorney's Office for such action as it deems appropriate;

IT IS HEREBY ORDERED that all activity in the above-captioned case is STAYED *sine die*. The trial scheduled to begin on December 15, 2026, and all related deadlines and events, *see* Dkt. 698, are ADJOURNED until further order of the Court.

IT IS FURTHER ORDERED that **the parties must immediately cease all filings** with the two exceptions permitted below. **First**, Defendant may file a letter, not to exceed one page, explaining why the Court should not sanction her for violating the one-filing-per-week order during the week of October 26, 2026. *See* Dkt. 951 at 2. While the Court requested this response, it has not been filed, so the Court, *sua sponte*, extends the deadline for that submission **only** from November 2, 2026, to **Thursday, November 12, 2026**. The Court will not grant any further extensions. Absent an adequate explanation from Defendant, the Court is likely to impose a financial sanction for her violation of the one-filing-per-week order. **Second**, if either

[4] To the extent Defendant moved for referral as a sanction for civil contempt, Magistrate Judge Tarnofsky concluded that she could neither grant nor deny that request under her own authority. In the alternative, MJ Tarnofsky recommended denying the portion of Defendant's motion that requested a referral. *See* Dkt. 664 at 3 n.1.

party objects to the Court's decision to stay this action, that party may file a letter, not to exceed two double-spaced pages, explaining his or her objection by **Monday, November 16, 2026**.

**SO ORDERED.**

**Date: November 10, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**